| Attorney or Party Name, Address, Telephone and FAX Nos., State Bar No. & Email Address<br>**Michael Jay Berger (SBN 100291)**<br>**Law Offices of Michael Jay Berger**<br>**9454 Wilshire Boulevard, 6th floor**<br>**Beverly Hills, CA 90212**<br>**Tel.: (310) 271-6223 Fax: (310) 271-9805**<br>**michael.berger@bankruptcypower.com**<br><br>☐ Individual appearing without attorney<br>☑ Attorney for Mr. Tortilla, Inc. | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>**Mr. Tortilla, Inc.**<br><br><br><br>Debtor(s) | CASE NO.: **1:24-bk-10228-VK**<br>CHAPTER: **11**<br><br>NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE: (title of motion[1]): **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL** |
|---|---|

PLEASE TAKE NOTE that the order titled ___**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL**___ was lodged on (date) __3/1/2024__ and is attached. This order relates to the motion which is docket number __12__.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                      Page 1        **F 9021-1.2.BK.NOTICE.LODGMENT**



**Bankruptcy LODGED ORDER UPLOAD FORM**

Friday, March 01, 2024

CONFIRMATION :

Your Lodged Order Info:

( **11296996.docx** )
A new order has been added

- **Office**: San Fernando Valley
- **Case Title**: Mr. Tortilla, Inc.
- **Case Number**: 24-10228
- **Judge Initial**: VK
- **Case Type**: bk ( Bankruptcy )
- **Document Number**: 12
- **On Date**: 03/01/2024 @ 02:22 PM

Thank You!

United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street
Los Angeles, CA 90012

MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:   (310) 271-6223
Facsimile:    (310) 271-9805
Michael.Berger@bankruptcypower.com

Proposed Counsel for Debtor and Debtor-in-Possession,
Mr. Tortilla, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | CASE NO.: 1:24-bk-10228-VK |
| | Chapter 11 |
| Mr. Tortilla, Inc., | **ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL** |
| Debtor and Debtor-in-Possession. | |
| | Hearing Scheduled For:<br>Date:  2/22/2024<br>Time:  2:00 p.m.<br>Place:  Courtroom 301 [ZoomGov and in-person]<br>21041 Burbank Blvd., 3rd Floor<br>Woodland Hills, CA 91367 |
| | Continued Hearing:<br>Date: 3/7/2024<br>Time: 1:30 p.m.<br>Place: Courtroom 301 [ZoomGov and in-person]<br>21041 Burbank Blvd., 3rd Floor<br>Woodland Hills, CA 91367 |

A hearing took place at the above time and place to consider the Emergency Motion for Order Authorizing Interim Use of Cash Collateral (the "Cash Collateral

1

Motion") [docket nos.: 12 and 13] filed by Mr. Tortilla, Inc., the Debtor and Debtor-in-Possession herein (the "Debtor"). Appearances are noted on the record. The Court having considered the Cash Collateral Motion and good causing appearing:

**HEREBY ORDERED** that:

1. Subject to the provisions of this Interim Order, the Debtor's Cash Collateral Motion is granted on an interim basis through March 7, 2024.

2. Debtor is authorized to use cash collateral, as that term is defined by 11 U.S.C. § 363(a) ("Cash Collateral"), in accordance with the budget attached to Debtor's Cash Collateral Motion for the sole purpose of paying post-petition expenses. No pre-petition debts can be paid except for wages[1] until further order of this Court.

3. To satisfy the right of the U.S. Small Business Administration (the "SBA") to adequate protection of its interest in the Debtor's Cash Collateral, the SBA is hereby granted, pursuant to Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interest and lien in and against all post-petition assets of the Debtor of the same character and type, to the same nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of SBA's collateral caused by the Debtor's use of Cash Collateral. Debtor shall, as further adequate protection of the SBA's interest in Cash Collateral, pay SBA monthly adequate protection payments in the amount of $1,237.00, with the payment to be made by March 1, 2024.

4. To satisfy the right of Amazon Capital Services, Inc. ("ACS") to adequate protection of its interest in the Debtor's Cash Collateral, ACS is hereby granted, pursuant Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate,

---

[1] Debtor's Emergency Motion for Order Authorizing Payment of Pre-Petition Wages and Related Expenses was filed on 2/20/24 [docket no.: 14] and heard concurrently with Cash Collateral Motion. The Payroll Motion was approved, except for payments to Debtor's insiders, absent compliance with the Local Rules for insider compensation.

2

enforceable, perfected, post-petition security interest and lien in and against all post-petition assets of the Debtor of the same character and type, to the same nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of ACS's collateral caused by the Debtor's use of Cash Collateral. Debtor shall, as further adequate protection of ACS's interest in Cash Collateral, pay ACS monthly adequate protection payments in the amount of $5,000.00, which payment will be deducted by ACS from Debtor's seller account and applied toward ACS's loan balance

   5. Amazon.com Services LLC and certain of its affiliates ("<u>Amazon</u>") on one hand, and the Debtor on the other, are parties to the Vendor Terms and Conditions and related agreements, understandings, terms and conditions, and purchase orders (collectively, the "<u>Vendor Contract</u>"). The Vendor Contract governs the terms under which Amazon purchases products directly from the Debtor. The Vendor Contract permits, among other things, Amazon to cancel purchase orders, return product, and deduct and net, from amounts owed to the Debtor various credits authorized thereunder. The Vendor Contract provides that coop, allowances, discounts, rebates, marketing, and other credits are set forth in Amazon's program policies or in separate agreements, each of which is incorporated into the Vendor Contract. To the extent that Amazon holds setoff or recoupment rights with respect to any such pre-petition unapplied credits, allowances, and return rights, Amazon is hereby granted, pursuant Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interest and lien in and against all post-petition assets of the Debtor of the same character and type, to the same nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of Amazon's setoff or recoupment rights caused by the Debtor's use of vendor payables. As further adequate protection, Amazon is authorized to reserve $10,000 in funds associated Vendor Contract pending further order of the Court (the "<u>Vendor Reserve</u>"). Amazon and the Debtor are authorized to continue to perform under the terms of the Vendor Contract in the ordinary course, and

Amazon is further authorized to deduct from payments to the Debtor credits, fees, expenses, and other charges (related to post-petition sales) from the Debtor's payments on invoices and remit, to the Debtor, the Debtor's net invoice amounts. Amazon is not authorized to deduct from payments to the Debtor credits, fees, expenses, and other charges related to prepetition sales from the Debtor's payments absent further order of the Court.

6. The Debtor conducts its own sales through the Amazon.com online store (the "Amazon Store"). Amazon and the Debtor are parties to the Business Solutions Agreement (the "BSA"), which governs the Debtor's ability to sell products to customers on the Amazon Store. According to the terms of the BSA, the Debtor's sale proceeds are held in an Amazon seller account (the "Seller Account"). Under the terms of the BSA, Amazon is authorized to net fees, expenses, and reimbursements from the Debtor's sale proceeds and remit, to the Debtor's bank account, the Debtor's net proceeds. Amazon and the Debtor are authorized to continue to perform under the terms of the BSA in the ordinary course, and Amazon is further authorized to net fees, expenses, and other charges (related to post-petition sales, but not pre-petition absent further order of the Court) from the Debtor's Amazon Store sales proceeds in the Amazon seller account and remit, to the Debtor, the Debtor's net proceeds less the $5,000.00 adequate protection payments owed to ACS and the Seller Account Reserve set forth herein. To the extent that Amazon holds setoff or recoupment rights with respect to any fees, expenses, and other charges, Amazon is hereby granted, pursuant Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interest and lien in and against all post-petition assets of the Debtor of the same character and type, to the same nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of Amazon's setoff and recoupment rights caused by the Debtor's use of seller account proceeds. As further adequate protection, Amazon is

authorized to reserve $5,000 in funds associated the Seller Account sales pending further order of the Court (the "<u>Seller Account Reserve</u>").

7. In addition, ACS, Amazon, and the SBA shall hold allowed administrative claims under Section 507(b) of the Bankruptcy Code with respect to the adequate protection obligations of the Debtor to the extent that the replacement liens and post-petition collateral do not adequately protect the diminution in value of the interests of the SBA, Amazon, and ACS in their prepetition collateral. Such administrative claims shall be junior and subordinate only to any superpriority claim of the kind ordered by the Court and specified in Section 364 of the Bankruptcy Code. The administrative claims shall be payable from and have recourse to all prepetition and post-petition property of the Debtor and all proceeds thereof. The liens on post-petition collateral shall be in addition to any prepetition liens held by the SBA, Amazon, and ACS, and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case.

8. This Interim Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("<u>UCC</u>") in effect, and the adequate protection liens granted by this Interim Order on post-petition collateral shall be valid, perfected, and enforceable security interests and liens on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent that ACS, Amazon, and the SBA, respectively, have valid and perfected security interests prior to the Debtor's petition pate. Such adequate protections liens shall be enforceable against the Debtor and all other persons and parties, including without limitation any subsequent Trustee (if appointed under Chapter 7 or Chapter 11 of the Bankruptcy Code), by operation of law and immediately upon entry of this Interim Order. The adequate protection liens granted by this Interim Order on post-petition collateral shall not extend to the proceeds of any avoidance actions by the Debtor or the estate pursuant to section 544, 547, 548, 549, or 550 of the Bankruptcy Code.

9. The Debtor will provide the ACS and SBA with an accounting, on a monthly basis, of all revenue, expenditures, and collections with description of any variances from the budget by way of filing monthly operating reports with the Court and providing a variance report to the SBA and ACS.

10. Nothing contained herein shall be deemed a waiver by Amazon, ACS, or the SBA from seeking further or additional adequate protection of their collateral, asserting objections to the Debtor's further use of Cash Collateral, or pursuing any other rights or remedies available to them under law or equity. In addition, nothing contained in this Interim Order precludes Amazon from arguing that amounts owed to it under the Vendor Contract and the BSA, including credits, allowances, and other deductions, are in the nature of recoupment rather than setoff, or seeking an increase of the amount of the Vendor Reserve or Seller Account Reserve.

11. Nothing contained herein shall prevent a creditor or other party in interest from contesting the validity, perfection and enforceability, or priority of a secured party's liens, or from raising any defenses, offsets, deductions or counterclaims thereto.

12. If any or all of the provisions of this Interim Order are hereafter modified, vacated or stayed by any subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the validity or enforceability of any lien or priority authorized or created hereby prior to the effective date of such modification, stay, vacation or final order to the extent that said lien or priority is valid, perfected, enforceable and otherwise non-avoidable as of the Petition Date. The validity and enforceability of all liens and priorities authorized or created in this Interim Order shall survive the conversion of this case to a proceeding under Chapter 7 of the Bankruptcy Code or the dismissal of this proceeding.

13. Payment of the insider compensation and any related benefits will not occur until Notice Setting Insider Compensation form has been submitted and the time to object has expired.

14.     A continued hearing on the Cash Collateral Motion will take place on March 7 2024 at 1:30 p.m. in Courtroom 301 of the above-captioned court. The deadline for Debtor to file a Notice of Continued Hearing on Cash Collateral Motion and serve the notice via email on the secured and 20 largest unsecured creditors and the United States Trustee is February 23, 2024. The deadline for written opposition to Cash Collateral Motion is March 5, 2024.

###

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Boulevard, 6th floor
Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*):    **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE**    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On    **3/1/2024**   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Michael Jay Berger    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Katherine Bunker    kate.bunker@usdoj.gov
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on    , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/1/2024 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012    Page 2    F 9021-1.2.BK.NOTICE.LODGMENT