CORRIGAN & MORRIS LLP
BRIAN T. CORRIGAN, SBN 143188
bcorrigan@cormorllp.com
STANLEY C. MORRIS, SBN 183620
scm@cormorllp.com
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: 310.394.2800
Facsimile: 310.394.2825

*Attorneys for Secured Creditors,*
  *Sand Park Capital, LLC and*
  *Cedar Advance, LLC*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO DIVISION

| | |
|---|---|
| In re<br><br>MR. TORTILLA, INC.,<br><br>Debtor, | Case No. 1:24-bk-10228-VK<br><br>**SECURED CREDITOR, SAND PARK CAPITAL, LLC'S, PARTIAL OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363 (DE 12); OBJECTION TO LODGED ORDER AFTER FEBRUARY 23, 2024 HEARING ON THAT EMERGENCY MOTION (DE 45); AND DEMAND FOR THE SAME ADEQUATE PROTECTION PROVISIONS APPLICABLE TO AMAZON (DE 45)**<br><br>Date: March 7, 2024<br>Time: 1:30 p.m.<br>Place: Via Zoom Per Notice of Hearing<br>Courtroom 301, 21041 Burbank Blvd., Woodland Hills, CA 91367 |

Sand Park Capital, LLC ("Sand Park") respectfully submits this partial opposition

Case No. 1:24-bk-10228-VK

---

SAND PARK CAPITAL, LLC'S OPPOSITION RE USE OF CASH COLLATERAL

**1**

to the Debtor's Emergency Motion for Order Authorizing Interim Use of Cash Collateral Pursuant to 11 U.S.C. §363 (Docket Entry 12). In addition, Sand Park opposes the order lodged by the Debtor with respect to the February 23, 2024 hearing on the Motion (Docket Entry 45) as it does not conform to the Court's orders at that hearing. Finally, Sand Park demands the same adequate protection provisions of paragraphs 6 and 7 of the proposed Amazon Capital Services, Inc. ("Amazon") stipulation (Docket Entry 45) and, provided such adequate protection is provided, supports the continued use of cash collateral to operate the business based on the supplemental budget offered by the Debtor (Docket Entry 48).

## I. Bankruptcy Code Section 363(c)(2) Requires Sand Park To Be Adequately Protected As a Condition of the Debtor's Use of Its Collateral.

The Motion (Docket Entry 12) accurately acknowledges that Bankruptcy Code Section 363(c)(2) establishes a special requirement with respect to "cash collateral", by providing that a debtor-in-possession may not use, sell or lease "cash collateral" unless (i) such entity that has an interest in such collateral consents or (ii) the court, after notice and a hearing, authorizes such use, sale or lease. Missing from the Motion, however, is the express prohibition of use of cash collateral without adequate protection, stated in subsection (e) of Section 363. That section states, unequivocally, that "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, ***shall prohibit or condition such use***, sale, or lease as is necessary to provide adequate protection of such interest…." 11 U.S.C. §363(e). Emphasis added. The use of the word "shall" reflects a strict mandate.

Thus, the Code squarely prohibits use of cash collateral without adequate protection being afforded to Sand Park. Adequate protection should be guided by the provisions of Bankruptcy Code section 361:

When adequate protection is required under section 362, 363, or 364 of this

title of an interest of an entity in property, such adequate protection may be provided by—

    (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

    (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

    (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. §361. Here, no such protections, adequate or otherwise, are afforded to Sand Park.

**II.    The Debtor Failed to Provide Sand Park Capital, LLC Adequate Protection.**

Sand Park is the only vulnerable secured creditor with respect to use of cash collateral. Sand Park's collateral includes all tangible and intangible property. Based on the Debtor's schedules, Sand Park is severely undersecured. See the Debtor's Schedule D, Item 2.19 at Docket Entry 38, p. 25 of 65. Sand Park's claim is listed as $4,654,334, and its collateral is listed at $407,954.06.[1] The Debtor appears to have set the value of Sand

---

[1] Notably, Sand Park objects to the valuation of its collateral assigned by the Debtor in its Schedules. A March 31, 2023 balance sheet provided by the Debtor to Sand Park reflects total assets of $11,192,101, including $5,337,898 in Other Assets, none of which appear on the Debtor's Schedules, including "Proprietary Marketing Content" of $2,103,735 and R&D – Formulas & Recipes of $1,902,939, all of which are captured by Sand Park's collateral. Nevertheless, for purposes of this Motion, Sand Park is relying on the Debtor's Schedules to highlight its entitlement to adequate protection.

Case No. 1:24-bk-10228-VK

Park's collateral by taking the Debtor's total assets from the Debtor's Summary of Assets, $1,830,574 (Docket Entry 39, Schedule A/B, Summary at Part 12), and subtracting the fully secured SBA loan ($688,130) (Docket Entry 39, Sch. D, item 2.25); and the fully secured Amazon loan ($751,540) (Docket Entry 39, Sch. D, item 2.2).[2]

Despite the fact that Sand Park appears woefully undersecured and exposed to the diminution in cash collateral proposed, the Debtor offers Sand Park no adequate protection whatsoever. There is no unencumbered cash or other assets upon which to draw to fund operations. There is no evidence of historical operations having produced positive cash flow. Instead, the Debtor offers only unsupported, unprecedented and self-serving projections of optimistic results upon which neither the Court nor Sand Park could reasonably rely. See Docket Entry 48. No insider is offering a cash infusion, as may be required to fund negative cash flow. No equity in any collateral exists upon which Sand Park or the Court can reasonably rely. And, there are no enforceable limits proposed on the use of cash collateral. Sand Park's collateral is entirely exposed to disbursements and diminution and there has been no effort whatsoever to protect Sand Park's security interest. While the Debtor's motion gives lip service to the protections afforded secured creditors under Bankruptcy Code sections 363 and 361, the Debtor's Motion offers none to Sand Park. Accordingly, absent a provision offered to Sand Park of adequate protection, the Motion must be denied.

**III.    The Debtor's Proposed Use of Cash Collateral Should Be Conditioned On Providing Sand Park Adequate Protection Consistent With That Offered To Amazon.**

The adequate protection sought by Sand Park is less than the adequate protection to which the Debtor has agreed to provide to Amazon. Sand Park is not insisting on every

---

[2] The math does not work exactly, but for purposes of this objection, should suffice to give the Court the perspective that while SBA and Amazon are adequately protected by the use of cash collateral, Sand Park is clearly exposed to diminution in its collateral by the use of cash collateral sought by the Debtor.
Case No. 1:24-bk-10228-VK

provision in Docket Entry 45 that favors Amazon. However, Sand Park does demand that paragraphs 6 and 7 apply identically to both Amazon and Sand Park. Specifically, in the Order at Docket Entry 45, the Debtor agrees that Amazon is entitled to, among other things, a $5,000 monthly adequate protection payment (paragraph 6); and a Section 507(b) allowed administrative claim to replace liens on collateral (paragraph 7). Sand Park is entitled to, and demands hereby, at least that level of adequate protection as a condition of the Debtor's proposed use of Sand Park's cash collateral.

### IV. Debtor's Lodged Order After February 23, 2024 Hearing Must Comport With The Court's Oral Orders At That Hearing.

The Debtor's Lodged Order at Docket Entry 45 is written as if it was ordered by the Court at the February 23, 2024 hearing. It was not.

Most obviously, the captioned hearing date is wrong. The hearing was on February 23, 2024, not February 22, 2024.

More importantly, the verbal ruling of the Court was simply that the Debtor was permitted to pay pre-petition employee non-insider wages. The Court's verbal statements were not that the Debtor could use cash collateral on an open-ended basis, as proposed by this order. None of the terms involving payments to Amazon were disclosed, much less agreed to by the Court.

The Court clearly did not grant the Debtor's proposed use of cash collateral through March 7, 2024, as proposed in the lodged order at paragraph 1, or approve the "budget attached to the Debtor's Cash Collateral Motion", as proposed in the lodged order at paragraph 2. See Docket Entry 45. The Court approved payment of pre-petition wages and continued the hearing to March 7, 2024. It did not grant blanket relief to be filled in later by the Debtor and Amazon.

Sand Park generally does not object to the treatment of Amazon, provided that Sand Park, too, is afforded adequate protection for the use of its cash collateral. In fact, Amazon does not need adequate protection payments, as it is fully protected with or without such

Case No. 1:24-bk-10228-VK

protection. It enjoys an equity cushion, setoff and recoupment rights. And, it holds the cash collateral as it comes in from sales. Sand Park does not object to payments to Amazon, as that marketplace is clearly critical to the Debtor's reorganization prospects and the value of the business, and its collateral. However, the Court should understand that it is Sand Park, not Amazon, whose cash collateral is being diminished by the Debtor's proposed use. With that perspective, the Court should fashion adequate protection of Sand Park consistent with that offered to Amazon.

Dated:  March 5, 2024	CORRIGAN & MORRIS, LLP

By:	/s/Brian T. Corrigan
	Brian T. Corrigan
	*Attorneys for Secured Creditor,*
	*Sand Park Capital, LLC*

Case No. 1:24-bk-10228-VK

# PROOF OF SERVICE

I am a partner of Corrigan & Morris LLP, counsel for the secured creditor, Sand Park Capital, LLC. I am over the age of 18 years and not a party to the present action. My business address is 100 Wilshire Boulevard, Santa Monica, CA 90401 and 1425 Foothills Village Drive, Henderson, Nevada 89012.

On March 5, 2024, I served the foregoing document entitled **SECURED CREDITOR, SAND PARK CAPITAL, LLC'S, PARTIAL OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §363 (DE 12); OBJECTION TO LODGED ORDER AFTER FEBRUARY 23, 2024 HEARING ON THAT EMERGENCY MOTION (DE 45); AND DEMAND FOR THE SAME ADEQUATE PROTECTION PROVISIONS APPLICABLE TO AMAZON (DE 45)** by placing via email as stated below. The email transmission occurred before 5 p.m. on March 5, 2024.

**1.    Debtor, Mr. Tortilla, Inc.**
Michael.berger@bankruptcypower.com
Sofya davtyan@bankruptcypower.com

**2.    Office of the U.S. Trustee**
U.S. Trustee
Katherine Bunker
Kate.bunker@usdoj.gov

**3.    Secured Creditors**
8FIG Advance
legal@8fig.com

Amazon Capital Services:
Attn: Lauren Dorsett & Michael Gearin
laurendorsett@dwt.com
mike.gearin@klgates.com

Blue Bridge Financial
legal@bluebridgefinancial.com

Bluevine
support@bluevine.com

Corporation Service Company
sprfiling@cscglobal.com
uccsprep@cscglobal.com

CT Corporation

Case No. 1:24-bk-10228-VK

uccfilingreturn@wolterskluwer.com

Fasanara Securitisation S.A. Acting
infor@northdata.com

Financial Pacific Leasing
Attn: Allison Sweet
asweet@finpac.com

First Corporate Resolution
sprs@ficoso.com

Huntington Valley Bank
Attn: Erin
erin@braavobank.com

Mercury Capital
infor@mcadv.com

Metropolitan Capital Bank & Trust
Attn: Jeffrey Brown
rrabin@thompsoncoburn.com; jbrown@thompsoncoburn.com

Parkside Funding Group LLC
Attn: Adriana Harris
Adriana@nomasrecovery.com

Partners Personnel Management Services, LLC
Attn: Cherly Canty
CCanty@espererholdings.com

Robert Reiser and Company
uccfilingreturn@wolterskluwer.com

Sellers Funding
Attn: Officer
osaro@sellersfi.com
legal@sellersfi.com

Shopify Capital
legal@bluebridgefinancial.com

Slope Advance
Attn: Ashish Jain
ashish@slope.com

Case No. 1:24-bk-10228-VK

Spartan Capital
Attn: Jason Gang
jason@jasongang.com

Stor RB One Limited
uccfilingreturn@wolterskluwer.com

US Business Administration
Attn: Elan Levey
Elan.levey@usdoj.gov

20 Largest Unsecured Creditors

Easy Post
Attn: Dustin Henrie
dhenrie@easypost.com

Facebook
Attn: Anthony Miller
Anthony.Miller@radiusgs.com

Fleetcor Technologies, Inc.
partnerservices@fleetcor.com;jowilliams@williamsandwilliams.com

Greenberg Traurig
Attn: Reid Hockaday
hockadayr@gtlaw.com

IRS
IRS.gov.website.helpdesk@speedymail.com; robert.I.textor@irs.gov

Lyneer Staffying
billing@lyneer.com

Parker Group, Inc.
Attn: Larry Nessenson, Esq.
lnessenson@jaffeanddasher.com

Ramp
communications@ramp.com; support@ramp.com

Jeeves
alexg@tryjeeves.com; lucio@tryjeeves.com

Southern California Edison
Anthony.Tarantino@sce.com

Case No. 1:24-bk-10228-VK

UPS
Attn: Mary Kay
MaryKay.pallas@iqor.com

We Pack it All
Jesse.fonseca@wepackitall.com

Rapid Fulfillment LLC
Attn: Adam Brumage
ABrumage@collectmoore.com

Frisbi
billing@frisbi.com

Taboola
Attn: Fred Sampliner
fsampliner@sampliner.com; nminassian@hatkofflaw.com

MNTN
legal@mountain.com

Perpetua
billing@perpetua.io

Uline
Accounts.receivable@uline.com

Bakers Authority
yoni@bakersauthority.com

Attentive Mobile
gmccreadie@nixonpeobody.com

SoCal Gas
Customerservice@socalgas.com

Republic Services
ccet@republicservices.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on March 5, 2024 at Henderson, Nevada.

/s/ Brian T. Corrigan
Brian T. Corrigan

Case No. 1:24-bk-10228-VK