JEFFERY D. HERMANN (STATE BAR NO. 90445)
jhermann@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue
Suite 2700
Los Angeles, CA 90071-1596
Telephone:    +1 213 629 2020
Facsimile:    +1 213 612 2499

*Proposed Counsel for The Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:24-bk-10228-VK |
| MR. TORTILLA, INC., | Chapter 11 Case |
| Debtor. | Hon. Victoria S. Kaufman |

**NOTICE OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MR. TORTILLA, INC. FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS COUNSEL EFFECTIVE AS OF MARCH 22, 2024 PURSUANT TO 11 U.S.C. §§ 328 AND 1103 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 AND 5002**

[No Hearing Required Unless Requested Pursuant to Local Bankruptcy Rule 2014-1]

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors (the "Committee") of Mr. Tortilla, Inc., the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"), has submitted an application (the "Application") for entry of an order, substantially in the form attached thereto as Exhibit A, authorizing the Committee to retain Orrick, Herrington & Sutcliffe LLP ("Orrick") as counsel for the Committee, effective as of March 22, 2024 (the "Retention Date"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq*. (the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Central District of California (the "Local Rules") with compensation determined pursuant to section 330 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the Application is based upon the facts set forth therein, the Declaration of Raniero D'Aversa attached thereto and all exhibits attached thereto, the Declaration of Alexander Grimwood attached thereto and all exhibits attached thereto, the entire record in this Case, the statements, arguments, and representation of counsel to be made at the hearing on the Application, if any, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that any request for a copy of the Application must be made in writing to Orrick, Herrington & Sutcliffe LLP, 355 South Grand Avenue, Suite 2700, Los Angeles, California 90071-1596, Attention: Jeffery Hermann (jhermann@orrick.com); and Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New York, New York 10019-6142, Attention: Raniero D'Aversa, Jr. (rdaversa@orrick.com); Mark Franke (mfranke@orrick.com); and Brandon Batzel (bbatzel@orrick.com).

**PLEASE TAKE FURTHER NOTICE** that the Committee seeks to employ Orrick to render, among others, the following types of professional services:

    (a) Participate in in-person and telephonic meetings of the Committee and otherwise advise the Committee with respect to its rights, power, and duties in this Case;

    (b) Assist and advise the Committee in its consultations with the Debtor relating to the administration of this Case and any potential sale of the Debtor's assets;

(c) Assist the Committee in analyzing the claims of the Debtor's creditors and in negotiating with the holders of claims and, if appropriate, equity interests;

(d) Assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and other parties involved with the Debtor, and of the operation of the Debtor's business;

(e) Assist and advise the Committee in its analysis of, and negotiations with, the Debtor or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and/or executory contracts, asset dispositions, financing transactions, and the terms of a plan of reorganization or liquidation for the Debtor;

(f) Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this Case;

(g) Represent the Committee at hearings and other proceedings;

(h) Review and analyze, as well as advise the Committee with respect to, applications, orders, statements of financial affairs, and schedules filed with the Court;

(i) Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

(j) Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the Committee seeks to employ Orrick under sections 328(a) and 1103(a) of the Bankruptcy Code, with compensation determined pursuant to section 330 of the Bankruptcy Code. The Committee seeks to compensate Orrick, with such compensation coming from the Debtor's bankruptcy estate, in accordance with the following: Orrick will provide a 20% discount for all attorneys and paraprofessionals involved in this representation. Orrick has also offered the Committee a one-time credit of $30,000 calculated using Orrick's discounted rates, provided that the Case is not dismissed or converted to chapter 7 within

three months of the Petition Date, with such credit to be applied to Orrick's final fee application. Orrick anticipates that the following attorneys will be the primary persons who will render services to the Committee in connection with this Case. These principal professionals' and paraprofessionals' rates—reflecting the discount—are reflected below:

(a) Raniero D'Aversa (Partner): $1,680

(b) Jeffery Hermann (Of Counsel): $1,076

(c) Mark Franke (Of Counsel): $1,068

(d) Brandon Batzel (Senior Associate): $1,024

(e) Nick Sabatino (Managing Associate): $940

(f) Dan Carnie (Associate): $620

It is contemplated that Orrick will seek interim and final compensation in this Case as is permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. No compensation will be paid except upon application and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

**PLEASE TAKE FURTHER NOTICE** that if you do not oppose the relief requested through the Application, you do not need to take any further action. However, if you object to the relief requested through the Application, under Local Rule 2014-1(b)(3)(e) and 9013-1(f), no later than fourteen (14) days from the date of service of this Notice, you must file any response to the Application and request for a hearing with the clerk of the United States Bankruptcy Court located at 21041 Burbank Boulevard, Woodland Hills, CA 91367. You must also serve a copy of your objection or response to the Application and request for a hearing upon the Committee and its proposed counsel at Orrick, Herrington & Sutcliffe LLP, 355 South Grand Avenue, Suite 2700, Los Angeles, California 90071-1596, Attention: Jeffery Hermann (jhermann@orrick.com); and Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New York, New York 10019-6142, Attention: Raniero D'Aversa, Jr. (rdaversa@orrick.com); Mark Franke (mfranke@orrick.com); and Brandon Batzel (bbatzel@orrick.com); and Katherine Bunker of the Office of the United States

1    Trustee for Region 16, 915 Wilshire Blvd., Ste 1850, Los Angeles, California 90017

2    (kate.bunker@usdoj.gov). Upon receipt of any written objection and request for a hearing, the

3    applicant will obtain a hearing date on the Application and give appropriate notice thereof.

4         **PLEASE TAKE FURTHER NOTICE** that under Local Rule 9013-1(h), the Court may

5    deem the failure to file and serve a timely objection to the Application to be consent to the relief

6    requested through the Application.

7

8    Dated: April 8, 2024

9                                          By: _/s/ Jeffery Hermann_

10                                         **ORRICK, HERRINGTON &**
                                           **SUTCLIFFE LLP**

11                                         Jeffery D. Hermann, State Bar No. 90445
                                           355 South Grand Avenue

12                                         Suite 2700
                                           Los Angeles, CA 90071-1596

13                                         Telephone: (213) 629-2020
                                           Facsimile:  (213) 612-2499

14                                         Email:      jhermann@orrick.com

15

16                                         _Proposed Counsel for The Official Committee of_
                                           _Unsecured Creditors_

17

18

19

20

21

22

23

24

25

26

27

28

1

JEFFERY D. HERMANN (STATE BAR NO. 90445)
jhermann@orrick.com

2

ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue

3

Suite 2700
Los Angeles, CA 90071-1596

4

Telephone:     +1 213 629 2020
Facsimile:     +1 213 612 2499

5

6

*Proposed Counsel for The Official Committee of
Unsecured Creditors*

7

8

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

9

| In re | Case No. 1:24-bk-10228-VK |
|---|---|

10

MR. TORTILLA, INC.,

Chapter 11 Case

11

Debtor.

Hon. Victoria S. Kaufman

12

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MR. TORTILLA, INC. FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS COUNSEL EFFECTIVE AS OF MARCH 22, 2024 PURSUANT TO 11 U.S.C. §§ 328 AND 1103 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 AND 5002**

13

14

15

16

17

18

[No Hearing Required Unless Requested Pursuant to Local Bankruptcy Rule 2014-1]

19

20

21

22

23

24

25

26

27

28

The Official Committee of Unsecured Creditors (the "Committee") of Mr. Tortilla, Inc., the debtor and debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"), hereby submits this application (the "Application") for entry of an order, substantially in the form attached thereto as Exhibit A, authorizing the Committee to retain Orrick, Herrington & Sutcliffe LLP ("Orrick") as counsel for the Committee, effective as of March 22, 2024 (the "Retention Date"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Central District of California (the "Local Rules") with compensation determined pursuant to section 330 of the Bankruptcy Code. In support of the Application, the Committee submits the (a) Declaration of Raniero D'Aversa, a partner in Orrick's Restructuring Group, attached hereto as Exhibit B (the "D'Aversa Declaration"), and (b) the Declaration of Alexander Grimwood of Jeeves Inc., a member of the Committee, attached hereto as Exhibit C (the "Grimwood Declaration"), each of which is incorporated herein by reference. In further support of the Application, the Committee respectfully represents as follows:

## I.    **RELIEF REQUESTED**

1.    By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing the Committee to retain and employ Orrick as counsel for the Committee in this Case, effective as of the Retention Date, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1.

## II.    **JURISDICTION**

2.    This Court has jurisdiction of this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.    **BACKGROUND**

4.    On February 14, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the commencement of the Case, the Debtor has been operating its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.    On March 12, 2024, the Office of the United States Trustee for Region 16 (the "U.S. Trustee") appointed the Committee. [Dkt No. 82]. The Committee is comprised of the following creditors: Simpler Postage, Inc. (dba EasyPost) and Jeeves Inc.

### IV.    **RETENTION OF ORRICK**

6.    On the Retention Date, the Committee duly selected Orrick to represent it during the pendency of the Case. The Committee seeks to employ Orrick at the expense of the Debtor's bankruptcy estate and to have the employment of Orrick deemed effective as of the Retention Date.

7.    The Committee requires the services of experienced and competent bankruptcy counsel to carry out its duties in this Case. The Committee seeks to employ Orrick effective as of the Retention Date—the date Orrick was selected as Committee counsel and began substantive work on the Committee's behalf. The Committee believes retention effective as of the Retention Date is appropriate in view of the nature of this Case and the Committee's immediate and urgent need for the provision of legal services upon its formation. Since the Retention Date, Orrick has been fully committed to addressing legal issues facing the Committee, including reviewing schedules, first day pleadings, and other background documents to understand the situation in this Case. Therefore, the Committee submits that these circumstances warrant approval effective as of the Retention Date.

### V.    **PROPOSED EMPLOYMENT OF ORRICK**

8.    As explained in the D'Aversa Declaration, the Committee seeks to employ Orrick as Committee counsel, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, with compensation determined pursuant to section 330 of the Bankruptcy Code, to render, among others, the following types of professional services:

(a) Participate in in-person and telephonic meetings of the Committee and otherwise advise the Committee with respect to its rights, power, and duties in this Case;

(b) Assist and advise the Committee in its consultations with the Debtor relating to the administration of this Case and any potential sale of the Debtor's assets;

(c) Assist the Committee in analyzing the claims of the Debtor's creditors and in negotiating with the holders of claims and, if appropriate, equity interests;

(d) Assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and other parties involved with the Debtor, and of the operation of the Debtor's business;

(e) Assist and advise the Committee in its analysis of, and negotiations with, the Debtor or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and/or executory contracts, asset dispositions, financing transactions, and the terms of a plan of reorganization or liquidation for the Debtor;

(f) Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this Case;

(g) Represent the Committee at hearings and other proceedings;

(h) Review and analyze, as well as advise the Committee with respect to, applications, orders, statements of financial affairs, and schedules filed with the Court;

(i) Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

(j) Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

9.  Orrick has agreed to act on behalf of, and to render such services to, the Committee.

10.  In addition to Orrick becoming familiar with the Debtor's corporate history, debt structure, schedules, and other relevant background in this Case, Orrick has the necessary

- 4 -

experience and skill required for this representation and is qualified to represent the Committee. Orrick is a full-service law firm with expertise in the areas of bankruptcy law and litigation, specifically has experience representing committees in other bankruptcy cases, and has experience in consumer and online retail bankruptcy cases, which experience will be relevant to this Case. Orrick's experience representing creditors' committees in other chapter 11 cases includes: *In re ActiveCare, Inc.*, Case No. 18-11659 (LSS) (Bankr. D. Del.); *In re Plumbing Holdings Corp.*, Case No. 09-14413 (CSS) (Bankr. D. Del.).

11.    The Committee requires knowledgeable counsel to render it the essential professional services it requires in this Case. As provided herein, Orrick has substantial expertise in all the relevant areas. Accordingly, the Committee respectfully submits that Orrick is well qualified to perform these services and represent the Committee's interests in this Case.

## VI.    <u>COMPENSATION OF ORRICK</u>

12.    Orrick intends to seek authority to be paid for any and all fees incurred and expenses advanced by Orrick in conformity with sections 330 and 331 and Bankruptcy Rule 2016, on both an interim and final basis. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-1. Orrick will maintain detailed records of fees and expenses incurred in connection with rendering the legal services described above, in accordance with applicable rules and guidelines, including but not limited to those set forth by the Department of Justice (i.e., Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 ("<u>UST Guidelines</u>")).

13.    Orrick will provide a 20% discount for all attorneys and paraprofessionals involved in this representation. Orrick has also offered the Committee a one-time credit of $30,000 calculated using Orrick's discounted rates, provided that the Case is not dismissed or converted to chapter 7 within three months of the Petition Date, with such credit to be applied to Orrick's final fee application. Orrick anticipates that the following attorneys will be the primary persons who will

render services to the Committee in connection with this Case. These principal professionals' and paraprofessionals' rates—reflecting the discount—are reflected below:

> (a) Raniero D'Aversa (Partner): $1,680

> (b) Jeffery Hermann (Of Counsel): $1,076

> (c) Mark Franke (Of Counsel): $1,068

> (d) Brandon Batzel (Senior Associate): $1,024

> (e) Nick Sabatino (Managing Associate): $940

> (f) Dan Carnie (Associate): $620

14.      From time to time, other attorneys at Orrick may provide services to the Committee. All attorneys who are expected to appear before this Court are admitted to practice law in the United States District Court and Bankruptcy Court for the Central District of California or have applied or will apply for such admission *pro hac vice*. All attorneys who are expected to appear before this Court are familiar with the Bankruptcy Code, the Local Rules, and the UST Guidelines and will comply with them.

15.      Orrick will endeavor to staff as efficiently as possible, only engaging professionals beyond a limited core team of attorneys for specific, discrete issues as warranted an in consultation with the Committee.

16.      The Committee understands that Orrick intends to seek compensation for professional services rendered in connection with this Case, subject to this Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the UST Guidelines, and the Court's orders. The Committee also understands that Orrick intends to seek reimbursement of actual necessary expenses and other charges that Orrick incurs.

17.      Orrick agrees to accept appointment as counsel for the Committee under such terms as are authorized by this Court. Orrick agrees to accept compensation for its services, such sums as may be allowed by this Court, in accordance with applicable law, based upon the time spent, the services rendered, the costs incurred, the results achieved, the difficulties encountered, the

complexities involved, and any other appropriate factors. Orrick recognizes that the payment of fees and expenses is subject to approval of the Court.

18.     It is Orrick's policy to be reimbursed by clients for all out-of-pocket expenses incurred in connection with out-of-town travel and certain expenses of local travel, as well as out-of-pocket expenses for, among other things, long distance telephone calls, duplicating, large mailings, messenger services, and similar items. All such expenses shall be billed in accordance with the normal practice of Orrick, subject to any limitations or modifications prescribed by the Application, the UST Guidelines, and the Local Rules, and subject to review and approval of the Court, pursuant to sections 330 and 331 of the Bankruptcy Code.

19.     Orrick will provide monthly billing statements to the Committee that will set forth the amount of fees incurred and expenses advanced by Orrick during the previous month.

20.     Orrick understands the provisions of sections 1103(a), 330, and 331 of the Bankruptcy Code, which require, among other things, Court approval of the Committee's employment of Orrick as counsel and of all legal fees and reimbursement of expenses that Orrick will receive from the Committee. At the conclusion of this Case, Orrick will file an appropriate application seeking allowance of all fees and costs, regardless of whether interim compensation has been paid.

## VII.    REQUIRED REPRESENTATIONS AND DISCLOSURES

21.     Pursuant to Bankruptcy Rule 2014(a), Orrick must disclose in this Application the connections between it, the Debtor, the Committee, and any potential conflicts of interest. Those connections are disclosed in Schedule 2 to the D'Aversa Declaration.

22.     Orrick is a limited liability law partnership. To the best of the Committee's knowledge, none of the partners, associates, or paraprofessionals of Orrick have any connection with the Committee, other than disclosed in the D'Aversa Declaration. To the best of its knowledge, Orrick does not presently represent any interest adverse to the Committee in regard to the matters with which it is to be employed in these proceedings.

23.    Orrick has not received any lien or other interest in property to secure payment of Orrick's fees and expenses in this Case.

24.    Orrick has no prepetition claim in this Case.

25.    Orrick has neither shared nor agreed to share any of the compensation it receives from this Case with any person other than to share this compensation among its partners, associates, and employees.

26.    Orrick is not a creditor, an equity security holder, or an insider of the Debtor.

27.    Orrick is not and was not an investment banker for any outstanding security of the Debtor. Orrick has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale, or issuance of any security of the Debtor.

28.    Neither Orrick nor any member of Orrick has ever been a director, officer, or employee of the Debtor or of any investment banker for any security of the Debtor.

29.    To the best of the Committee's knowledge, except as set forth in the D'Aversa Declaration, Orrick, its partners, counsel, and associates (i) are not creditors, equity security holders, or insiders of the Debtor, (ii) are not and were not, within two years of the Petition Date, directors, officers, or employees of the Debtor, (iii) do not represent any other entity having an adverse interest in connection with the Case, (iv) do not have an interest materially adverse to the interests of the Debtor's estate or of any class of the Debtor's creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, and (v) are not related to any judge of this Court, the U.S. Trustee, or any employee of the U.S. Trustee in this District.

30.    Orrick has undertaken an extensive review of its conflicts database of existing and former clients to determine whether it had or has any connections with the parties-in-interest in this Case. Attached to the D'Aversa Declaration as Schedule 1 is a list of the parties-in-interest in the Case (the "Parties-in-Interest-List") that Orrick has run through its conflicts database for the purpose of making these disclosures. The Parties-in-Interest List consists of (i) each of the names

set forth in the list of parties-in-interest provided by the Debtor (the "Debtor's Interested Party List")[1] and (ii) the names of entities and persons identified in other filings made by the Debtor in this Case, including their list of creditors and "first-day" pleadings.

31.     Pursuant to Bankruptcy Rule 2014(a), Orrick must disclose the connections between it and the Committee, the Debtor, and any potential conflicts of interest. Those connections are disclosed in Schedule 2 to the D'Aversa Declaration. Individual attorneys with Orrick may have previously represented Committee members or other creditors of the Debtor in matters wholly unrelated to the present Case. Orrick will not be representing any affiliates or insiders in this Case. Other than as set forth in the D'Aversa Declaration, and to the best of the Committee's knowledge, Orrick does not have connections with the Debtor, the bankruptcy estate, any insider of the Debtor, any creditors of the Debtor, any other party-in-interest in the Case, or their respective attorneys or accountants, the U.S. Trustee, or any person employed by the U.S. Trustee. Orrick avers that none of the connections are disqualifying.

32.     Orrick has represented other committees and debtors in cases before the United States Bankruptcy Court for the Central District of California. Such prior representation in no way affects the proposed representation as provided for herein.

33.     At this time, only the disclosures in the D'Aversa Declaration (including Schedule 2 attached thereto) have been identified. The Committee shall, to the extent necessary, obtain outside separate conflicts counsel.

34.     As set forth in the D'Aversa Declaration, to the best of Orrick's knowledge, Orrick does not hold or represent any interest adverse to the Committee, the creditors herein, or the bankruptcy estate, and Orrick, its partners, counsel, and associates do not "represent any other entity having an adverse interest in connection with the [Case]" pursuant to section 1103(b) of the Bankruptcy Code, and are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Committee submits

---

[1] Orrick did not perform any independent diligence with respect to the accuracy of the Debtor's Interested Party List.

that Orrick's representation of the Committee is permissible under section 1103(a) of the Bankruptcy Code.

35.    Orrick will periodically review its files during the pendency of this Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Orrick will use reasonable efforts to identify such further developments and will file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

36.    The Committee believes that its employment of Orrick upon the terms and conditions set forth above is in the best interests of the Committee and the creditors of the Debtor's estate.

**VIII.    REPRESENTATIONS AND DISCLOSURES PURSUANT TO UST GUIDELINES**

37.    Notwithstanding the above as to Orrick's fee arrangements, the following is intended to clarify for, and address, the UST Guidelines:

(a) Orrick has agreed to variations from, or alternatives to, its standard or customary billing arrangements for this engagement, as provided for herein.

(b) No Orrick professionals included in this engagement will vary their rate based on the geographic location of the bankruptcy case.

(c) Orrick did not represent the Committee prior to the Petition Date.

(d) Orrick prepared a preliminary budget proposal, which the Committee reviewed and approved. The Committee is working with Orrick to develop a more refined prospective budget and staffing plan, which the Committee will review on an ongoing basis, as necessary. Furthermore, Orrick understands that the Committee, along with the Debtor and the U.S. Trustee will maintain active oversight of Orrick's billing practices.

**IX.    BASIS FOR RELIEF**

38.    The Committee seeks retention of Orrick as its attorneys pursuant to section 1103 of the Bankruptcy Code, which provides that a committee of unsecured creditors, subject to Court approval:

1    may select and authorize the employment by such committee of one

2    or more attorneys, accountants, or other agents, to represent or

3    perform services for such committee.

4   11 U.S.C. § 1103(a).

5        39.    Bankruptcy Rule 2014(a) requires that an application for retention include:

6    specific facts showing the necessity for the employment, the name of

7    the [firm] to be employed, the reasons for the selection, the

8    professional services to be rendered, any proposed arrangement for

9    compensation, and, to the best of the applicant's knowledge, all of

10    the [firm's] connections with the debtor, creditors, any other party in

11    interest, their respective attorneys and accountants, the United States

12    trustee, or any person employed in the office of the United States

13    trustee.

14   Fed. Bankr. P. 2014(a).

15        40.    The Committee submits that for all the reasons stated above, in the D'Aversa

16   Declaration, and in the Grimwood Declaration, the retention and employment of Orrick as counsel

17   to the Committee is warranted. Further, to the best of the Committee's knowledge, Orrick is a

18   "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not

19   hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, its

20   creditors, or other parties in interest except as disclosed in the D'Aversa Declaration. Accordingly,

21   the retention of Orrick as counsel to the Committee should be approved.

22                    **X.    NOTICE**

23        41.    Notice of this Application has been given to counsel to the Debtor, the U.S. Trustee,

24   and all other parties that have requested receipt of notice in this Case. In light of the relief requested,

25   the Committee submits that no other or further notice need be provided.

26

27

28

## XI.    NO PRIOR REQUEST

42.        No previous request for the relief sought herein has been made to this or any other court.

## XII.    CONCLUSION

**WHEREFORE**, the Committee respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A: (i) approving this Application; (ii) approving the Committee's employment of Orrick as its counsel, at the expense of the Debtor's estate, upon the conditions set forth above, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, with compensation determined pursuant to section 330 of the Bankruptcy Code, effective as of the Retention Date; and (iii) affording such further relief as is warranted under the circumstances.

*[Remainder of page intentionally left blank]*

1

Dated: April 8, 2024

2

3                                              By: */s/ Jeffery Hermann*

**ORRICK, HERRINGTON &**
4                                                  **SUTCLIFFE LLP**
Jeffery D. Hermann, State Bar No. 90445
5                                                  355 South Grand Avenue
Suite 2700
6                                                  Los Angeles, CA 90071-1596
Telephone: (213) 629-2020
7                                                  Facsimile:  (213) 612-2499
Email:      jhermann@orrick.com
8

9                                              *Proposed Counsel for The Official Committee of
Unsecured Creditors*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>EXHIBIT A</u>**

2

**Proposed Order**

JEFFERY D. HERMANN (STATE BAR NO. 90445)
jhermann@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue
Suite 2700
Los Angeles, CA 90071-1596
Telephone:    +1 213 629 2020
Facsimile:    +1 213 612 2499

*Proposed Counsel for The Official Committee of*
*Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:24-bk-10228-VK |
| MR. TORTILLA, INC., | Chapter 11 Case |
| Debtor. | Hon. Victoria S. Kaufman |

**ORDER GRANTING APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MR. TORTILLA, INC. FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS COUNSEL EFFECTIVE AS OF MARCH 22, 2024 PURSUANT TO 11 U.S.C. §§ 328 AND 1103 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 AND 5002**

[No Hearing Required Unless Requested Pursuant to Local Bankruptcy Rule 2014-1]

The Court, having read and considered the *Application of The Official Committee of Unsecured Creditors of Mr. Tortilla, Inc. for an Order Authorizing Retention and Employment of Orrick, Herrington & Sutcliffe LLP as Counsel Effective as of March 22, 2024 Pursuant to 11 U.S.C. §§ 328 and 1103 and Federal Rules of Bankruptcy Procedure 2014 and 5002* (the "Application"),[1] the D'Aversa Declaration, and the other papers in support thereof and in relation thereto, and it further appearing that proper notice of the Application has been provided, and good cause having been shown,

IT IS HEREBY ORDERED:

1.     The Application is granted.

2.     Pursuant to sections 328(a) and 1103(a) of the Bankruptcy, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1, the Official Committee of Unsecured Creditors is hereby authorized to employ Orrick, Herrington & Sutcliffe LLP as its counsel, effective as of March 22, 2024, on the terms set forth in the Application and the D'Aversa Declaration, with any compensation or cost reimbursement to be paid in such amounts as may be allowed by the Court upon proper application or applications filed pursuant to sections 330 and 331 of the Bankruptcy Code.

3.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4.     This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

###

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Application.

- 2 -

1

## **<u>EXHIBIT B</u>**

2

**D'Aversa Declaration**

JEFFERY D. HERMANN (STATE BAR NO. 90445)
jhermann@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue
Suite 2700
Los Angeles, CA 90071-1596
Telephone:    +1 213 629 2020
Facsimile:    +1 213 612 2499

*Proposed Counsel for The Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | Case No. 1:24-bk-10228-VK |
| MR. TORTILLA, INC., | Chapter 11 Case |
| Debtor. | Hon. Victoria S. Kaufman |
| | **DECLARATION OF RANIERO D'AVERSA IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MR. TORTILLA, INC. FOR AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS COUNSEL EFFECTIVE AS OF MARCH 22, 2024 PURSUANT TO 11 U.S.C. §§ 328 AND 1103 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 AND 5002** |
| | [No Hearing Required Unless Requested Pursuant to Local Bankruptcy Rule 2014-1] |

4123-2685-9599.5

I, Raniero D'Aversa, submit this declaration in support of the *Application of the Official Committee of Unsecured Creditors of Mr. Tortilla, Inc. for an Order Authorizing Retention and Employment of Orrick, Herrington & Sutcliffe LLP as Counsel Effective as of March 22, 2024 Pursuant to 11 U.S.C. §§ 328 and 1103 and Federal Rules of Bankruptcy Procedure 2014 and 5002* (the "Application"),[1] and hereby state and declare as follows:

1.      I am an individual over the age of majority and am competent to testify as to the facts in this declaration. If called upon to testify, I could and would testify to the facts set forth herein. I am authorized by the Official Committee of Unsecured Creditors (the "Committee") in this chapter 11 case (the "Case") to submit this declaration.

2.      I am a partner in the firm of Orrick, Herrington & Sutcliffe LLP, 51 West 52nd Street, New York, New York, 10019-6142, and have been duly admitted to practice in the State of New York, the United States District Court for the Southern District of New York, and the United States District Court for the Eastern District of New York. I have applied for admission to practice law in the Bankruptcy Court for the Central District of California *pro hac vice*. I am authorized to make this declaration on behalf of Orrick.

3.      On February 14, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the commencement of the Case, the Debtor has been operating its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.      On March 12, 2024, the Office of the United States Trustee for Region 16 (the "U.S. Trustee") appointed the Committee. [Dkt No. 82]. The Committee is comprised of the following creditors: Simpler Postage, Inc. (dba EasyPost) ("EasyPost") and Jeeves Inc. ("Jeeves").

5.      The mailing address for Jeeves is 2035 Sunset Lake Road, Ste. B-2, Newark, DE 19702. As of the Petition Date, Jeeves holds a general unsecured claim against the Debtor in the amount of $190,411.00 for obligations incurred with respect to credit cards issued to the Debtor and does not hold any other disclosable economic interest, as defined in Bankruptcy Rule 2019, in

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Application.

4123-2685-9599.5

the Debtor. The information in this paragraph was provided by Jeeves as of the date hereof. Counsel reserves the right to amend or supplement this information.

6.      The mailing address for EasyPost is 2889 Ashton Boulevard, Ste. 325, Lehi, UT 84043. As of the Petition Date, EasyPost holds a general unsecured claim against the Debtor in the amount of $571,894.85 for obligations incurred as a vendor to the Debtor and does not hold any other disclosable economic interest, as defined in Bankruptcy Rule 2019, in the Debtor. The information in this paragraph was provided by EasyPost as of the date hereof. Counsel reserves the right to amend or supplement this information.

7.      Upon information and belief formed after due inquiry, Orrick does not hold any disclosable economic interest, as defined in Bankruptcy Rule 2019, in the Debtor.

8.      On March 22, 2024 (the "Retention Date"), the Committee duly selected Orrick to represent it during the pendency of the Case. The Committee seeks to employ Orrick at the expense of the Debtor's bankruptcy estate and to have the employment of Orrick deemed effective as of the Retention Date.

9.      The Committee requires the services of experienced and competent bankruptcy counsel to carry out its duties in this Case. The Committee seeks to employ Orrick effective as of the Retention Date—the date Orrick was selected as Committee counsel and began substantive work on the Committee's behalf. Since the Retention Date, Orrick has been fully committed to addressing legal issues facing the Committee, including reviewing schedules, first day pleadings, and other background documents to understand the situation in this Case.

10.     The Committee seeks to employ Orrick as Committee counsel, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, with compensation determined pursuant to section 330 of the Bankruptcy Code, to render, among others, the following types of professional services:

(a) Participate in in-person and telephonic meetings of the Committee and otherwise advise the Committee with respect to its rights, power, and duties in this Case;

(b) Assist and advise the Committee in its consultations with the Debtor relating to the administration of this Case and any potential sale of the Debtor's assets;

- 3 -

(c) Assist the Committee in analyzing the claims of the Debtor's creditors and in negotiating with the holders of claims and, if appropriate, equity interests;

(d) Assist the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor and other parties involved with the Debtor, and of the operation of the Debtor's business;

(e) Assist and advise the Committee in its analysis of, and negotiations with, the Debtor or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and/or executory contracts, asset dispositions, financing transactions, and the terms of a plan of reorganization or liquidation for the Debtor;

(f) Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this Case;

(g) Represent the Committee at hearings and other proceedings;

(h) Review and analyze, as well as advise the Committee with respect to, applications, orders, statements of financial affairs, and schedules filed with the Court;

(i) Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

(j) Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

11.     Orrick has agreed to act on behalf of, and to render such services to, the Committee.

12.     In addition to Orrick becoming familiar with the Debtor's corporate history, debt structure, schedules, and other relevant background in this Case, Orrick has the necessary experience and skill required for this representation and is qualified to represent the Committee. Orrick is a full-service law firm with expertise in the areas of bankruptcy law and litigation, specifically has experience representing committees in other bankruptcy cases, and has experience in consumer and online retail bankruptcy cases, which experience will be relevant to this Case.

- 4 -

4123-2685-9599.5

13.     The Committee requires knowledgeable counsel to render it the essential professional services it requires in this Case. As provided herein, Orrick has substantial expertise in all the relevant areas. Accordingly, Orrick is well qualified to perform these services and represent the Committee's interests in this Case.

14.     Orrick intends to seek authority to be paid for any and all fees incurred and expenses advanced by Orrick in conformity with sections 330 and 331 and Bankruptcy Rule 2016, on both an interim and final basis. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331, Bankruptcy Rule 2016, and Local Rule 2016-1. Orrick will maintain detailed records of fees and expenses incurred in connection with rendering the legal services described above, in accordance with applicable rules and guidelines, including but not limited to those set forth by the Department of Justice (i.e., Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 ("UST Guidelines")).

15.     Orrick will provide a 20% discount for all attorneys and paraprofessionals involved in this representation. Orrick has also offered the Committee a one-time credit of $30,000 calculated using Orrick's discounted rates, provided that the Case is not dismissed or converted to chapter 7 within three months of the Petition Date, with such credit to be applied to Orrick's final fee application. Orrick anticipates that the following attorneys will be the primary persons who will render services to the Committee in connection with this Case. These principal professionals' and paraprofessionals' rates—reflecting the discount—are reflected below:

  (a) Raniero D'Aversa (Partner): $1,680

  (b) Jeffery Hermann (Of Counsel): $1,076

  (c) Mark Franke (Of Counsel): $1,068

  (d) Brandon Batzel (Senior Associate): $1,024

  (e) Nick Sabatino (Managing Associate): $940

  (f) Dan Carnie (Associate): $620

16.     From time to time, other attorneys at Orrick may provide services to the Committee. All attorneys who are expected to appear before this Court are admitted to practice law in the United States District Court and Bankruptcy Court for the Central District of California or have applied or will apply for such admission *pro hac vice*. All attorneys who are expected to appear before this Court are familiar with the Bankruptcy Code, the Local Rules, and the UST Guidelines and will comply with them.

17.     Orrick will endeavor to staff as efficiently as possible, only engaging professionals beyond a limited core team of attorneys for specific, discrete issues as warranted an in consultation with the Committee.

18.     Orrick intends to seek compensation for professional services rendered in connection with this Case, subject to this Court's approval, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the UST Guidelines, and the Court's orders. Orrick intends to seek reimbursement of actual necessary expenses and other charges that Orrick incurs.

19.     Orrick agrees to accept appointment as counsel for the Committee under such terms as are authorized by this Court. Orrick agrees to accept compensation for its services, such sums as may be allowed by this Court, in accordance with applicable law, based upon the time spent, the services rendered, the costs incurred, the results achieved, the difficulties encountered, the complexities involved, and any other appropriate factors. Orrick recognizes that the payment of fees and expenses is subject to approval of the Court.

20.     It is Orrick's policy to be reimbursed by clients for all out-of-pocket expenses incurred in connection with out-of-town travel and certain expenses of local travel, as well as out-of-pocket expenses for, among other things, long distance telephone calls, duplicating, large mailings, messenger services, and similar items. All such expenses shall be billed in accordance with the normal practice of Orrick, subject to any limitations or modifications prescribed by the Application, the UST Guidelines, and the Local Rules, and subject to review and approval of the Court, pursuant to sections 330 and 331 of the Bankruptcy Code.

4123-2685-9599.5

21.     Orrick will provide monthly billing statements to the Committee that will set forth the amount of fees incurred and expenses advanced by Orrick during the previous month.

22.     Orrick understands the provisions of sections 1103(a), 330, and 331 of the Bankruptcy Code, which require, among other things, Court approval of the Committee's employment of Orrick as counsel and of all legal fees and reimbursement of expenses that Orrick will receive from the Committee. At the conclusion of this Case, Orrick will file an appropriate application seeking allowance of all fees and costs, regardless of whether interim compensation has been paid.

23.     Pursuant to Bankruptcy Rule 2014(a), Orrick must disclose in this Application the connections between it, the Debtor, the Committee, and any potential conflicts of interest. Those connections are disclosed in Schedule 2 attached hereto.

24.     Orrick is a limited liability law partnership. To the best of my knowledge, none of the partners, associates, or paraprofessionals of Orrick have any connection with the Committee, other than disclosed herein. To the best of my knowledge, Orrick does not presently represent any interest adverse to the Committee in regard to the matters with which it is to be employed in these proceedings.

25.     Orrick has not received any lien or other interest in property to secure payment of Orrick's fees and expenses in this Case.

26.     Orrick has no prepetition claim in this Case.

27.     Orrick has neither shared nor agreed to share any of the compensation it receives from this Case with any person other than to share this compensation among its partners, associates, and employees.

28.     Orrick is not a creditor, an equity security holder, or an insider of the Debtor.

29.     Orrick is not and was not an investment banker for any outstanding security of the Debtor. Orrick has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale, or issuance of any security of the Debtor.

- 7 -

4123-2685-9599.5

30.     Neither Orrick nor any member of Orrick has ever been a director, officer, or employee of the Debtor or of any investment banker for any security of the Debtor.

31.     Orrick does not represent and will not represent any entity, other than the Committee, in matters related to this Case. Prior to being engaged by the Committee, Orrick was previously engaged by Jeeves to represent it during this Case (the "Jeeves Matter"). In connection with the Jeeves Matter, Orrick incurred $8,356.00 in unpaid fees and expenses on account of services rendered to Jeeves in matters related to this Case, but Orrick has subsequently written off such amounts and will not seek to collect the same from either Jeeves or the Debtor. Prior to Orrick's engagement by the Committee, Orrick discussed the Committee assignment with Jeeves and Jeeves consented to Orrick being engaged by the Committee and to Orrick's immediate withdrawal from the Jeeves Matter and any further work for Jeeves individually in connection with this Case. Orrick will not represent any entity, other than the Committee, in matters related to this Case. Based on the foregoing, I do not believe that Orrick's former representation of Jeeves in the Jeeves Matter precludes Orrick from meeting the standard for retention of Committee counsel under the Bankruptcy Code.

32.     In 2021, Orrick represented an unrelated third party in a matter against the Debtor which resulted in a confidential settlement. The matter was unrelated to this Case. Based on the foregoing, I do not believe the former representation referenced in this paragraph precludes Orrick from meeting the standard for retention of Committee counsel under the Bankruptcy Code.

33.     Because of Orrick's relationship with numerous financial institutions, as a general rule, Orrick typically does not represent clients in connection with adversary proceedings to which such financial institutions are a party for damages or other affirmative remedies. As such, to the extent any such adversary proceedings are commenced in this Case, Orrick anticipates that such matters may be handled on behalf of the Committee by conflicts counsel.

34.     In addition to the foregoing, Orrick's partners and employees may have business associations with, professional, social, or familial relationships with, or interests aligned with or adverse to, creditors or parties in interest, or their attorneys, accountants, or advisors. As part of its

- 8 -

4123-2685-9599.5

practice, Orrick appears in cases, proceedings, and transactions throughout the world involving many different parties, and works together with many different parties, which may include creditors or parties in interest, or attorneys, accountants, or other professional firms or advisors who may represent creditors or parties in interest in this Case. To the best of my knowledge, none of these associations, relationships, or interests have any connection with the Debtor, the Committee, or this Case.

35.    To the best of my knowledge, except as set forth herein, Orrick, its partners, counsel, and associates (i) are not creditors, equity security holders, or insiders of the Debtor, (ii) are not and were not, within two years of the Petition Date, directors, officers, or employees of the Debtor, (iii) do not represent any other entity having an adverse interest in connection with the Case, (iv) do not have an interest materially adverse to the interests of the Debtor's estate or of any class of the Debtor's creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, and (v) are not related to any judge of this Court, the U.S. Trustee, or any employee of the U.S. Trustee in this District.

36.    Orrick has undertaken an extensive review of its conflicts database of existing and former clients to determine whether it had or has any connections with the parties-in-interest in this Case. Attached hereto as Schedule 1 is a list of the parties-in-interest in the Case (the "Parties-in-Interest-List") that Orrick has run through its conflicts database for the purpose of making these disclosures. The Parties-in-Interest List consists of (i) each of the names set forth in the list of parties-in-interest provided by the Debtor (the "Debtor's Interested Party List")[2] and (ii) the names of entities and persons identified in other filings made by the Debtor in this Case, including their list of creditors and "first-day" pleadings.

37.    Pursuant to Bankruptcy Rule 2014(a), Orrick must disclose the connections between it and the Committee, the Debtor, and any potential conflicts of interest. Those connections are disclosed in Schedule 2 hereto. Individual attorneys with Orrick may have previously represented Committee members or other creditors of the Debtor in connection with matters wholly unrelated

---

[2] Orrick did not perform any independent diligence with respect to the accuracy of the Debtor's Interested Party List.

4123-2685-9599.5

to the present Case. Orrick will not be representing any affiliates or insiders in this Case. Other than as set forth herein (including Schedule 2 attached hereto), and to the best of my knowledge, Orrick does not have connections with the Debtor, the bankruptcy estate, any insider of the Debtor, any creditors of the Debtor, any other party-in-interest in the Case, or their respective attorneys or accountants, the U.S. Trustee, or any person employed by the U.S. Trustee. Orrick avers that none of the connections are disqualifying.

38.    Orrick has represented other committees and debtors in cases before the United States Bankruptcy Court for the Central District of California. Such prior representation in no way affects the proposed representation as provided for herein.

39.    At this time, only the disclosures herein (including Schedule 2 attached hereto) have been identified. Orrick is informed the Committee shall, to the extent necessary, obtain separate conflicts counsel.

40.    In addition, to the best of my knowledge, information, and belief and in accordance with Bankruptcy Rule 5002, neither I, nor any attorney at Orrick is a relative of any of the United States Bankruptcy Judges for the Central District of California that may be assigned to this Case, and Orrick does not have a connection with any United States Bankruptcy Judge for the Central District of California that would render its retention in this Case improper. Further, in accordance with Bankruptcy Rule 2014, Orrick does not have any connection with the Office of the United States Trustee or any persons employed by the U.S. Trustee.

41.    As set forth herein, to the best of my knowledge, Orrick does not hold or represent any interest adverse to the Committee, the creditors herein, or the bankruptcy estate, and Orrick, its partners, counsel, and associates do not "represent any other entity having an adverse interest in connection with the [Case]" pursuant to section 1103(b) of the Bankruptcy Code, and are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. Orrick submits that Orrick's representation of the Committee is permissible under section 1103(a) of the Bankruptcy Code.

4123-2685-9599.5

42.        The Debtor has numerous relationships and creditors. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any connection or conflict, including the efforts outlined above, Orrick is unable to state with certainty which of its clients or such clients' affiliated entities hold claims or otherwise are parties in interest in this Case. If Orrick discovers any information that is contrary or pertinent to the statements made herein, Orrick will promptly disclose such information to the Court on notice to such creditors and to the U.S. Trustee and such other creditors or other parties in interest as may be required under noticing procedures applicable in this Case. To the extent it ever becomes necessary, the Committee may engage separate conflicts counsel.

43.        Orrick will periodically review its files during the pendency of this Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Orrick will use reasonable efforts to identify such further developments and will file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## STATEMENT REGARDING UST GUIDELINES

**Question:** Did you agree to any variation from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Answer:** Yes, Orrick agreed to provide a one-time credit and discount its rates as provided herein.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Answer:** No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the differences and the reasons for the difference.

**Answer:** Orrick did not represent the Committee prior to the Petition Date.

- 11 -

4123-2685-9599.5

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Answer:** Orrick prepared a preliminary budget proposal, which the Committee has reviewed and approved. The Committee is working with Orrick to develop a more refined prospective budget and staffing plan, which the Committee will review on an ongoing basis, as necessary. Furthermore, Orrick understands that the Committee, along with the Debtor and the U.S. Trustee, will maintain active oversight of Orrick's billing practices.

[*Remainder of page intentionally left blank*]

4123-2685-9599.5

1  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United

2  States, that the foregoing statements are true and correct to the best of my knowledge,

3  information, and belief.

4  Dated: April 8, 2024

5                                                    By: _____

6                                                         Raniero D'Aversa

## SCHEDULE 1

### Parties-In-Interest List

| | |
|---|---|
| 2Cube | Charles F. Eick |
| 8Fig, Inc. | Chase |
| Abram S. Feuerstein | Chase Bank USA, N.A. |
| Adela M. Salgado | Christina A. Snyder |
| Agustin Francisco Sanchez | City of San Fernando |
| Alan M. Ahart | Ciuti |
| Alejandra Ortega | Consuelo B. Marshall |
| Alfred Cooper | Cormac J. Carney |
| Ali Matin | Corporation Service Company |
| Alicia Carlos | Corrigan & Morris LLP |
| Alicia G. Rosenberg | County of Los Angeles |
| Alka Sagar | CT Corporation Service Company |
| Allied Blending | CT Corporation System |
| Amazon Capital Services, Inc. | Cynthia Lopez |
| Amazon.com Services LLC | Dale S. Fischer |
| Andre Birotte, Jr. | Damian Carrillo |
| Anthony Alcazar | Dare Law |
| Anthony F. Giuliano | David O. Carter |
| Aramark | David Rosen Bakery Supplies (dba David |
| ArcBest, Inc. | Rosen Company) |
| Arrandas Tortilleria | David S. Shevitz |
| Attentive Mobile | David T. Bristow |
| Aurora Leal Olivo | Davis Wright Tremaine LLP |
| Autumn D. Spaeth | Dean D. Pregerson |
| Avask | Debbie Tyrell |
| Bakers Authority | Deborah J. Saltzman |
| Barbara Celadita | Dekirmendjian Family Trust |
| Barry Russell | Dekirmenjian Family Trust |
| Berkovitch and Bouskila, PLLC | Denisse Chavarry |
| Blue Bridge Financial, Inc. | Divvy |
| Bluevine | Dolly M. Gee |
| Brandy A Sargent | Douglas F. McCormick |
| Bret D Lewis & Associates | Edgar Maldonado |
| Bret D Lewis | Employee Development Department |
| Brex | Ena Gomez |
| Brian Fittipaldi | Erick Centeno |
| Brian T Corrigan | Erika Garcia |
| Brianna Fuller Mircheff | Erithe A. Smith |
| Buchalter, A Professional Corporation | Eryk R. Escobar |
| California Bank and Trust | Everett L. Green |
| California Dept. of Tax & Fee | Facebook |
| Administration | Fasanara Securitisation S.A. |
| Cameron Ridley | Fernando L. Aenlle-Rocha |
| Cassandra Wilde | Fernando M. Olguin |
| Cedar Advance | Financial Pacific Leasing, Inc. |

| | |
|---|---|
| First Corporate Solutions | Joyce Hong |
| Fleetcor Technologies Inc. | JPMorgan Chase Bank, N.A. |
| Frances Yang | JS/JS Properties, Inc. |
| Fred W. Slaughter | Julia W. Brand |
| Frisbi | K&L Gates |
| Gail J. Standish | Karen E. Scott |
| George H. Wu | Karen L. Stevenson |
| Geraldine Mund | Karen Polk |
| Gil Hopenstand | Karla Aleman |
| Giuliano Law, P.C. | Karla Gonzalez |
| Gloria Revolorio Zuniga | Katherine C. Bunker |
| Google | Kelly Morrison |
| Greenberg Traurig | Kenly Kiya Kato |
| Gregg W. Zive | Kenneth Misken |
| Guillermo Martinez | Keynes Digital |
| Hatty Yip | Kristin Mihelic |
| Hector Arellano | Kristina Howard |
| Helen Cruz | KTLA - Nexstar Media Inc. |
| Helen E. Cardoza | La Tanya M. Davis |
| Herman Au | LaSource Group |
| Hernán D. Vera | Law Offices of Gary A Bemis |
| Hugh Powell | Law Offices of Michael Jay Berger |
| Huntington Valley Bank | Loany Mata |
| ICW | Lobasso |
| Intelligent Relations | Lorena Vasquez |
| Internal Revenue Service | Lyneer Staffing |
| Intralox LLC | Maame Ewusi-Mensah Frimpong |
| Jacqueline Chooljian | Magdalena Reyes Bordeaux |
| Jaimee Zayicek | Margo A. Rocconi |
| James V. Selna | Maria A. Audero |
| Jason Russell | Maria A. Ramos |
| Javier Francisco Sanchez | Maria Hernandez |
| Jean P. Rosenbluth | Maria Lopez Gonzalez |
| Jeeves | Maria Maldonado |
| Jeeves, Inc. | Maria Marquez |
| Jeffrey N Brown | Maria Rios |
| Jenna Rose Hunter | Marilyn Sorensen |
| Jesus G. Bernal | Mark C. Scarsi |
| Jieun Kwon | Mark D. Houle |
| Joel Richlin | Marlene Fouche |
| John A. Kronstadt | Martin R. Barash |
| John D. Early | Mary Avalos |
| John E Johnson | Matthew D. Resnik |
| John F. Walter | Matthew Resnik |
| John W. Holcomb | Maura Merino Dominguez |
| Jordania Gaytan Cantillano | Maureen A. Tighe |
| Josephine L. Staton | Mercury Capital |

- 15 -

| | |
|---|---|
| Metropolitan Capital Bank & Trust | Republic Services |
| MGC Supply LLC | Resnik Hayes Moradi LLP |
| Michael Hauser | RHM Law LLP |
| Michael Jay Berger | Robert N. Kwan |
| Michael Jones | Robert Reiser and Company |
| Michael R. Wilner | Robertson, Anschutz, Schneid & Crane LLP |
| Michael W. Fitzgerald | Ron Maroko |
| Michele R. Steele | Ronald A. Clifford III |
| Miguel Campos | Ronald Alcazar |
| Mister Tortilla | Rozella A. Oliver |
| MNTN | Russell Clementson |
| Mónica Ramirez Almadani | Rusty Frazier, Asset Recovery Analyst |
| Mr. Tortilla Consulting Corp. | Saker Shoprites, Inc. |
| Mr. Tortilla, Inc. | San Fernando Valley Division |
| Nancy Goldenberg | Sand Park Capital LLC |
| Natividad Angon | Sanda Cruz |
| Neil W. Bason | Sandra Alanis |
| Nielson IQ | Sandra R. Klein |
| Noreen Madoyan | Scott C. Clarkson |
| Ofelia Escobar | Scott H. Yun |
| Old Dominion Freight Line | Sellers Funding |
| Onetext | SellersFunding International Portfolio Ltd. |
| Open Sponsorship | Sergio Pineda |
| Orkin | Shashi H. Kewalramani |
| Otis D. Wright, II | Sheri Bluebond |
| Padfield & Stout, L.L.P | Sheri Pym |
| Parker Group, Inc. | Sherilyn Peace Garnett |
| Parkside Funding Group LLC | Shopify Capital |
| Partners Personnel Management Services, LLC | SHOPIFY INC |
| | Simple Postage, Inc. (dba EasyPost) |
| Partnership Staffing | Simpler Postage, Inc. |
| Patricia Donahue | Slope Advance |
| Patti Brundige | Sonny Flores |
| Pawnee Leasing | Southern California Edison |
| Pawnee Leasing Corporation | Southern California Gas (trading as SoCalGas) |
| Pedro V. Castillo | |
| Percy Anderson | Spartan Business Solutions, LLC |
| Perpetua | Spartan Capital |
| Peter Anderson | Stanley Blumenfeld |
| Philip S. Gutierrez | Stephanie Christensen |
| Post Script | Stephanie J. Hill |
| Queenie Ng | Stephen V. Wilson |
| Quench USA, Inc. | Steve Kim |
| R. Gary Klausner | Stor RB One Limited |
| Ramiro Guarneros Gomez | Storfund |
| Ramp | Sunshine S. Sykes |
| Rapid Fulfillment LLC | Taboola |

- 16 -

Take 2 Production Services Inc.

Tari King

Teikametrics

Terry B. Norris

Terry J. Hatter, Jr.

Theodor C. Albert

Thompson Coburn LLP

Tiktok

TikTok Inc

Tony Alcazar

Total Quality Logistics

Tracy Norfleet

Tyree M. Rios

U.S. Small Business Administration

Uline

UPS

Valerie Baker Fairbank

Veronica Hernandez

Victoria S. Kaufman

Vincent P. Zurzolo

Violet Thompson

Virginia A. Phillips

Wayne Johnson

We Pack It All

Wesley L. Hsu

William D. Keller

Xiomara Torres Saravia

Yacqueline Pillaca

1102 - 1112 Arroyo Street, LLC

- 17 -

### SCHEDULE 2

### Disclosures[1]

| Party | Connection to Debtors | Connection to Orrick |
|---|---|---|
| Jeeves Inc. | Creditor | Current client. |
| 8Fig, Inc. | Creditor | 8Fig, Inc. is an affiliate of current Orrick client, Koch Companies Public Sector, LLC. |
| Maria Rios | Creditor | Maria R. Rios is a former pro bono client. |
| Facebook | Creditor | Meta Platforms, Inc. is a current Orrick client. |
| Brex | Creditor | Brex Board of Directors is a former Orrick client, and BREX, Inc. is a current Orrick client. |
| Chase, JPMorgan Chase Bank, N.A. s/b/m/t Chase Bank USA, N.A. | Creditor | JP Morgan Securities Inc., JP Morgan Stanley Securities Ltd., JP Morgan AG, Syndicate of Bank Underwriters of Rivian IPO: Morgan Stanley, Goldman Sachs, JP Morgan, JPMORGAN CHASE BANK, N.A. - Philippine Customer Care Center, JPMorgan fka Bear, Stearns & Co. Inc. are current Orrick clients.  JP Morgan Securities PLC is a former Orrick client. |
| County of Los Angeles | Creditor | County of Los Angeles, Los Angeles County Employees Retirement Association, Los Angeles County Sanitation District, Los Angeles Unified School District, and Los Angeles Co Metro Trans Authority are current Orrick clients. |

---

[1] The parties listed herein are parties in interest (or affiliated entities) who are current clients of Orrick or were clients of Orrick within the last two (2) years. The disclosure of affiliate relationships among potentially related entities reflects only information known to Orrick through its conflict reporting system. Orrick has not performed independent research to identify other affiliate relationships with respect to the parties on the interested parties list.

| Party | Connection to Debtors | Connection to Orrick |
|---|---|---|
| | | Los Angeles County Facilities, Inc., Los Angeles County Development Authority are former Orrick clients. |
| Divvy | Creditor | DivvyPay, Inc. is a current Orrick client. Divvy Homes Inc. is a former Orrick client. |
| TikTok | Creditor | TikTok and ByteDance, Inc. are current Orrick clients. An Orrick associate is currently seconded to TikTok/ByteDance, Inc. |
| Shopify | Creditor | Shopify Inc. is a current Orrick client. |
| Postscript | Creditor | Stodge Inc. d/b/a Postscript is a current Orrick client. |
| Taboola | Creditor | Taboola is a current Orrick client. |
| Parker Group, Inc. | Creditor | Parker Group, Inc. is a current Orrick client. |
| *** | | |

- 19 -

4123-2685-9599.5

1

## **EXHIBIT C**

2

**Grimwood Declaration**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    JEFFERY D. HERMANN (STATE BAR NO. 90445)
     jhermann@orrick.com
2    ORRICK, HERRINGTON & SUTCLIFFE LLP
     355 South Grand Avenue
3    Suite 2700
     Los Angeles, CA 90071-1596
4    Telephone:    +1 213 629 2020
     Facsimile:    +1 213 612 2499

5

6    *Proposed Counsel for The Official Committee of*
     *Unsecured Creditors*

7

8          **UNITED STATES BANKRUPTCY COURT**
    **CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

9    In re                       Case No. 1:24-bk-10228-VK

10    MR. TORTILLA, INC.,           Chapter 11 Case

11            Debtor.          Hon. Victoria S. Kaufman

12                          **DECLARATION OF ALEX**
                         **GRIMWOOD IN SUPPORT OF**
13                          **APPLICATION OF THE OFFICIAL**
                         **COMMITTEE OF UNSECURED**
14                          **CREDITORS OF MR. TORTILLA,**
                         **INC. FOR AN ORDER AUTHORIZING**
15                          **RETENTION AND EMPLOYMENT OF**
                         **ORRICK, HERRINGTON &**
16                          **SUTCLIFFE LLP AS COUNSEL**
                         **EFFECTIVE AS OF MARCH 22, 2024**
17                          **PURSUANT TO 11 U.S.C. §§ 328 AND**
                         **1103 AND FEDERAL RULES OF**
18                          **BANKRUPTCY PROCEDURE 2014**
                         **AND 5002**
19

20                          [No Hearing Required Unless Requested
                         Pursuant to Local Bankruptcy Rule 2014-1]

21

22

23

24

25

26

27

28

I, Alex Grimwood, submit this declaration in support of the *Application of the Official Committee of Unsecured Creditors of Mr. Tortilla, Inc. for an Order Authorizing Retention and Employment of Orrick, Herrington & Sutcliffe LLP as Counsel Effective as of March 22, 2024 Pursuant to 11 U.S.C. §§ 328 and 1103 and Federal Rules of Bankruptcy Procedure 2014 and 5002* (the "Application"),[1] and hereby state and declare as follows:

1.      I am the representative of Jeeves Inc. ("Jeeves"), a member of the Committee, and I, along with a representative from the other member of the Committee, Simpler Postage, Inc. (dba EasyPost), have been involved in the process of selecting and engaging counsel for the Committee.

2.      Unless otherwise stated, the facts set forth herein are based on my personal knowledge, my review of relevant documents and information, and my personal opinion based on my experience, knowledge, and information provided to me. I am authorized to submit this declaration on behalf of the Committee, and, if called upon to testify, I would testify competently to the facts set forth herein.

3.      As the designated representative of Jeeves, I was directly involved in the Committee's decision to retain Orrick and participated in the negotiation of Orrick's proposed terms of employment.

4.      The Committee selected Orrick after careful deliberation based on, among other things, its attorneys' significant chapter 11 experience, including with respect to representing debtors, committees, individual creditors, and other parties-in-interest, and their recognized expertise in the field of creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.

5.      The members of the Committee reviewed Orrick's rates for bankruptcy services as set forth in the Orrick application. Based upon Orrick's representations to the Committee, I understand that those rates are generally comparable to, or less than, Orrick's global rates for bankruptcy and non-bankruptcy engagements and the billing rates and terms of other comparably-skilled firms for providing similar services. Moreover, Orrick has advised the Committee that it

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Application.

will provide a 20% discount for all attorneys and paraprofessionals involved in this representation. Orrick has also advised the Committee that it will give the Committee a one-time credit of $30,000 calculated using Orrick's discounted rates, provided that the Case is not dismissed or converted to chapter 7 within three months of the Petition Date, with such credit to be applied to Orrick's final fee application. Based upon these representations and the Committee members' experience in the bankruptcy field, the Committee believes that these rates are reasonable.

6.      The Committee will supervise the fees and expenses incurred by Orrick to manage the Committee's costs by, among other things, reviewing all invoices and applications for payment of fees and reimbursement of expenses. If the Committee objects to any fees or expenses requested, the Committee will attempt to resolve the objection with Orrick consensually. Orrick has advised the Committee that, if the Committee and Orrick are unable to resolve any such issues with respect to any application for payment of fees and expenses, Orrick will file a notice of objection to the application while reserving all rights to contest the objection. The Committee reserves the right to retain conflicts counsel to prosecute any such objection to any application for payment of fees and reimbursement of expenses if any objection by the Committee cannot be resolved by the Committee and Orrick consensually.

7.      Orrick prepared a preliminary budget proposal, which the Committee has reviewed and approved. The Committee is working with Orrick to develop a more refined prospective budget and staffing plan, which the Committee intends to review on an ongoing basis, as necessary.

8.      Nothing in this declaration is intended to impair (a) Orrick's right to request allowance and payment of fees and expenses under the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, or (b) Orrick's right to defend any objection raised with respect to such allowance and payment.

9.      For the foregoing reasons, I believe Orrick is eligible for retention and employment by the Committee, and that such employment is in the best interest of the estate.

*[Remainder of page intentionally left blank]*

- 3 -

1         Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United

2 States, that the foregoing statements are true and correct to the best of my knowledge, information,

3 and belief.

4

5 Dated: April 8, 2024

6

7                                            By: *Alexander Grimwood*

                                                Alex Grimwood

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
355 S. Grand Avenue, Suite 2700, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF APPLICATION OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF MR. TORTILLA, INC. FOR AN ORDER AUTHORIZING RETENTION
AND EMPLOYMENT OF ORRICK HERRINGTON & SUTCLIFFE LLP AS COUNSEL EFFECTIVE AS OF MARCH 22,
2024 PURSUANT 11 U.S.C. §§ 328 & 1103 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014 & 5002
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
04/08/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
  See attached service list

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/08/2024 | Jeffery Hermann | /s/ Jeffery Hermann |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

## Service List

| Name: | Email Address: |
| --- | --- |
| Anthony F. Giuliano<br>On Behalf of Interested Party<br>Spartan Business Solutions LLC | afg@glpcny.com |
| Brandy A Sargent<br>On behalf of Creditor Amazon.com Services LLC | brandy.sargent@klgates.com<br>litigation.docketing@klgates.com<br>janna.leasy@klgates.com |
| Brandy A Sargent<br>On behalf of Creditor Amazon Capital Services Inc. | brandy.sargent@klgates.com;<br>litigation.docketing@klgates.com<br>janna.leasy@klgates.com |
| Bret D Lewis<br>On behalf of Creditor The Dekirmenjian Family Trust  dated February 22, 2002 Garo Dekirmenjian, Trustee | Bretlewis@aol.com;<br>bdlawyager@gmail.com |
| Brian T Corrigan<br>On behalf of Creditor Sand Park Capital  LLC | bcorrigan@cormorllp.com<br>scm@cormorllp.com |
| Jeffrey Garfinkle<br>On behalf of Creditor Blue Bridge Financial  LLC | jgarfinkle@buchalter.com<br>docket@buchalter.com<br>lverstegen@buchalter.com |
| Jeffrey N Brown<br>On behalf of Creditor Metropolitan Capital Bank & Trust | jbrown@thompsoncoburn.com<br>cmamayson@thompsoncoburn.com<br>smagnus@thompsoncoburn.com<br>DocketLA@thompsoncoburn.com |
| John E Johnson<br>On behalf of Creditor 8fig Inc. | jjohnson@padfieldstout.com |
| Katherine Bunker<br>On behalf of U.S. Trustee United States Trustee (SV) | kate.bunker@usdoj.gov |
| Matthew D. Resnik<br>On behalf of Other Professional Matthew Resnik | Matt@rhmfirm.com<br>roksana@rhmfirm.com<br>rosario@rhmfirm.com<br>sloan@rhmfirm.com<br>priscilla@rhmfirm.com<br>rebeca@rhmfirm.com<br>david@rhmfirm.com<br>susie@rhmfirm.com |

max@rhmfirm.com
russ@rhmfirm.com
Michael Jay Berger                          michael.berger@bankruptcypower.com
On behalf of Debtor Mr. Tortilla  Inc.      yathida.nipha@bankruptcypower.com
                                            michael.berger@ecf.inforuptcy.com

United States Trustee (SV)                  ustpregion16.wh.ecf@usdoj.gov

## Service List

| Name: | Email Address: |
| --- | --- |
| Anthony F. Giuliano<br>On Behalf of Interested Party<br>Spartan Business Solutions LLC | afg@glpcny.com |
| Brandy A Sargent<br>On behalf of Creditor Amazon.com Services LLC | brandy.sargent@klgates.com<br>litigation.docketing@klgates.com<br>janna.leasy@klgates.com |
| Brandy A Sargent<br>On behalf of Creditor Amazon Capital Services Inc. | brandy.sargent@klgates.com;<br>litigation.docketing@klgates.com<br>janna.leasy@klgates.com |
| Bret D Lewis<br>On behalf of Creditor The Dekirmenjian Family Trust  dated February 22, 2002 Garo Dekirmenjian, Trustee | Bretlewis@aol.com;<br>bdlawyager@gmail.com |
| Brian T Corrigan<br>On behalf of Creditor Sand Park Capital  LLC | bcorrigan@cormorllp.com<br>scm@cormorllp.com |
| Jeffrey Garfinkle<br>On behalf of Creditor Blue Bridge Financial  LLC | jgarfinkle@buchalter.com<br>docket@buchalter.com<br>lverstegen@buchalter.com |
| Jeffrey N Brown<br>On behalf of Creditor Metropolitan Capital Bank & Trust | jbrown@thompsoncoburn.com<br>cmamayson@thompsoncoburn.com<br>smagnus@thompsoncoburn.com<br>DocketLA@thompsoncoburn.com |
| John E Johnson<br>On behalf of Creditor 8fig Inc. | jjohnson@padfieldstout.com |
| Katherine Bunker<br>On behalf of U.S. Trustee United States Trustee (SV) | kate.bunker@usdoj.gov |
| Matthew D. Resnik<br>On behalf of Other Professional Matthew Resnik | Matt@rhmfirm.com<br>roksana@rhmfirm.com<br>rosario@rhmfirm.com<br>sloan@rhmfirm.com<br>priscilla@rhmfirm.com<br>rebeca@rhmfirm.com<br>david@rhmfirm.com<br>susie@rhmfirm.com |

max@rhmfirm.com
russ@rhmfirm.com

Michael Jay Berger                        michael.berger@bankruptcypower.com
On behalf of Debtor Mr. Tortilla  Inc.    yathida.nipha@bankruptcypower.com
                                          michael.berger@ecf.inforuptcy.com

United States Trustee (SV)                ustpregion16.wh.ecf@usdoj.gov