MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: (310) 271.6223 |
F: (310) 271.9805
E: Michael.Berger@bankruptcypower.com

Counsel for Debtor-in-Possession
Mr. Tortilla, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Mr. Tortilla, Inc.,<br><br>     Debtor-in-Possession. | CASE NO.:  1:24-bk-10228-VK<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY ALCAZAR IN SUPPORT THEREOF**<br><br><br>Date:  May 30, 2024<br>Time:  1:30 p.m.<br>Place:  Courtroom 301<br>   21041 Burbank Blvd. Suite 354<br>   Woodland Hills, CA 91367 |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; SECURED CREDITORS; TWENTY LARGEST UNSECURED CREDITORS, AND PARTIES ENTITLED TO NOTICE:**

1

DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY ALCAZAR IN SUPPORT THEREOF

The Debtor commenced its Chapter 11 bankruptcy case on February 14, 2024 (the "Petition Date").  The Debtor has one prior chapter 11 bankruptcy case filed on August 14, 2018 in the Central District Bankruptcy Court, Case No.: 1:18-bk-12051-VK, in which case the Debtor was able to confirm a reorganization plan on April 14, 2020. In the prior bankruptcy, Debtor was discharged on June 26, 2020.

The Debtor specializes in preparing traditional flour tortillas that are low fat, low calorie, low sodium and are free of cholesterol and trans-fat; the tortillas are unique as they are flexible and do not break or stick. In addition to traditional flour tortillas, Debtor produces low-carbohydrate tortillas for low-carb and keto dieters.

In order to effectively reorganize, Debtor must be able to continue to use the cash collateral of its Secured Creditors in order to pay the reasonable expenses it incurs during the ordinary course of its business.  The Debtor requests authority from this Court to approve continued use of cash collateral to pay the ordinary and necessary expenses as set forth in the attached cash collateral budget, and incorporated herein as **Exhibit "1"** to continue its business without any interruption.  Use of the cash collateral as proposed by the Debtor will allow the Debtor to continue doing business, and preserve the Debtor's assets for the benefit of the estate and the creditors, specifically the Secured Creditors. The Debtor has a reasonable prospect of reorganization through Chapter 11. The continued use of cash collateral to ensure no interruption of Debtor's business will further allow Debtor to emerge as a reorganized Debtor.

The relief sought in the Motion is based upon the Motion, the attached Memorandum of Points and Authorities, and declaration of Anthony Alcazar. The relief sought in the Motion is also based on the statements, arguments, and representations of counsel to be made at the hearing on the Motion, and any other evidence properly presented to the Court at or prior to the hearing on the Motion.

**FOR THESE REASONS**, the Debtor respectfully requests that the Court enter an order:

1.  Granting the Motion;

2.  Authorizing the Debtor to have continued use of cash collateral for the period of May 31, 2024 through August 30, 2024 pursuant to 11 U.S.C. § 363(c)(2)(B) and (c)(3) and Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure;

3.  Setting a final hearing date on the Debtor's use of cash collateral; and

4.  Granting such other relief as the Court deems just and proper.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: 5/9/2024          By:    /s/ Michael Jay Berger
                               Michael Jay Berger
                               Counsel for Debtor-in-Possession
                               Mr. Tortilla, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Debtor seeks this Court's authority for continued use of cash collateral of the Secured Creditors for the period of May 31, 2024 to August 30, 2024 in order to pay the necessary and ordinary expenses of the Debtor's business operations as described in full detail and attached to the Declaration of Anthony Alcazar as **Exhibit-1**.

### II.    JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this motion (the "Motion") pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtor consents to the entry by the Court of a final order with respect to this Motion.

### III.    INTRODUCTORY STATEMENT

A. General Background

On February 14, 2024 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition under chapter 11 of the Bankruptcy Code. The Debtor operates its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Debtor is a California corporation which is wholly owned by brothers Anthony and Ronald Alcazar. The Debtor owns and operates a tortilla manufacturing and food processing business located in San Fernando -- Mr. Tortilla -- which was started in 2012. Anthony owns 81% of the shares and is the President and CEO. Ronald owns 19% of the shares and is the CFO.

The Debtor specializes in preparing traditional flour tortillas that are low fat, low calorie, low sodium and are free of cholesterol and trans-fat; the tortillas are unique as they are flexible and do not break or stick. Popular flavors include: Gourmet White; Whole Wheat; Honey Wheat; Tomato & Basil; Savory Spinach; Chipotle; Jalapeño. In

addition to traditional flour tortillas, Debtor produces low-carbohydrate tortillas for low-carb and keto dieters.

The Alcazar Brothers decided to start Mr. Tortilla as one of their fondest childhood memories is that of their mother preparing flour tortillas on a flat griddle called a comal. The Debtor sells its tortillas to distributors and wrap manufacturers, and through online retailers such as Amazon.com and others. Debtor's product is the top selling tortilla on Amazon.com.

The events precipitating the Debtor's current Chapter 11 bankruptcy include Debtor's affiliated vendors, such as 8Fig, Inc., intercepting the Debtor's receivables.

B. <u>Debtor's Need for the Continued Use of Cash Collateral and Affected Parties</u>

The Debtor has determined that absent the use of cash collateral, it will be unable to operate its business, irreparably harming the Debtor's estate and creditors. If the Debtor is unable to maintain its business and produce and supply tortillas for its customers, the Debtor will not be able to run its business, will lose existing employees, vendors, and customers, and will ultimately be forced to cease operations. This will cause harm to the Debtor. Furthermore, lack of use of cash collateral will harm the creditors of the estate because, if the business ceases its operation, no revenue will come in to support the plan payments.  Therefore, Debtor's continued access to cash collateral is necessary to preserve and maximize the value of its assets for the benefit of all parties in interest.

<u>The Secured Creditors affected by Debtor's continued use of cash collateral are as follows in the order of priority of UCC filings</u>:

1. U.S. Small Business Administration, UCC no. 20-7779943462, filed May 20, 2020.

2. Amazon Capital Services, Inc., UCC no. U210083315624, filed September 8, 2021. Amazon has the priority claim against Debtor's cash collateral generated

through Amazon's seller accounts, notwithstanding the seniority of the U.S. Small Business Administration's UCC filing.

3. Corporation Service Company (as representative), UCC no. U220179776030, filed March 30, 2022

4. Corporation Service Company (as representative), UCC no. U220213901220, filed July 27, 2022.

5. Sand Park Capital LLC, UCC no. U220219238027, filed August 16, 2022.

6. Fasanara Securitisation S.A., UCC no. U220228375230, filed September 20, 2022.

7. 8Fig, Inc., UCC no. U220251441725, filed December 14, 2022.

8. Huntington Valley Bank, UCC no. U220255076422, filed December 28, 2022.

9. First Corporate Solutions (as representative), UCC no. U230007398433, filed January 31, 2023.

10. Partners Personnel Management Services, LLC, UCC no. U230017096122, filed March 13, 2023.

11. Metropolitan Capital Bank & Trust, UCC no. U230024532824, filed April 7, 2023.

12. Stor RB One Limited, UCC no. U230077163329, filed October 27, 2023.

13. Parkside Funding Group LLC, UCC no. U230017096122, filed January 16, 2024.

14. CT Corporation Service Company (as representative), UCC no. U240005322926, filed January 23, 2024.

15. Cedar Advance

16. Shopify Capital

17. Sellers Funding

(Collectively the "Secured Creditors").

The Debtor seeks permission for the continued use cash collateral, in accordance with the attached budget ("Budget") attached as **Exhibit-1**, to pay various necessary

items in the ordinary course of business and as authorized by the Court, including payroll,

Amazon, the SBA, insiders,[1] raw materials, utilities, taxes, and other expenses necessary

for the business operation.

 To satisfy the right of the U.S. Small Business Administration (the "SBA")

to adequate protection of its interest in the Debtor's Cash Collateral, the Debtor grants to

the SBA pursuant to Section 361, 363, and 552(b) of the Bankruptcy Code, a valid,

attached, choate, enforceable, perfected, post-petition security interest and lien in and

against all post-petition assets of the Debtor of the same character and type, to the same

nature, extent, validity, and priority that existed prepetition, and to the extent of

diminution in value of SBA's collateral caused by the Debtor's use of Cash Collateral.

Debtor shall, as further adequate protection of the SBA's interest in Cash Collateral, pay

SBA monthly adequate protection payments in the amount of $1,237.00, with the

payment to be made by June 1, 2024 and by the 1st day of every month thereafter until

further order of this Court.

 To satisfy the right of Amazon Capital Services, Inc. ("ACS") to adequate

protection of its interest in the Debtor's Cash Collateral, Debtor proposes to ACS

pursuant Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate,

enforceable, perfected, post-petition security interest and lien in and against all post-

petition assets of the Debtor of the same character and type, to the same nature, extent,

---

[1] Notices of Insider Compensation for Anthony Alcazar, Ronald Alcazar, and Tony Alcazar were served on the parties required to be noticed on February 23, 2024 and no oppositions were received to the Notices of Insider Compensation.

validity, and priority that existed prepetition, and to the extent of diminution in value of ACS's collateral caused by the Debtor's use of Cash Collateral. Debtor shall, as further adequate protection of ACS's interest in Cash Collateral, pay ACS monthly adequate protection payments in the amount of $5,000.00, which payment will be deducted by ACS from Debtor's seller account and applied toward ACS's loan balance.

To satisfy the right of Sand Park Capital, LLC (the "Sand Park") to adequate protection of its interest in the Debtor's Cash Collateral, the Debtor proposes to Sand Park pursuant to Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interest and lien in and against all post-petition assets of the Debtor of the same character and type, to the same nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of Sand Park's collateral caused by the Debtor's use of Cash Collateral.

Continued access to cash collateral will provide the Debtor with the liquidity necessary to ensure that the Debtor has sufficient working capital to continue operating its business and preserve and maintain the value of the Debtor's estate. Without access to such liquidity, the Debtor and its estate will face irreparable harm.

## IV.    THE DEBTOR SHOULD BE PERMITTED TO USE CASH COLLATERAL

### a.    <u>The Relief Requested Is Authorized by 11 U.S.C. § 363</u>

Section 363 of the Bankruptcy Code, made pertinent to this case by 11 U.S.C. § 1107, governs a debtor-in-possessions' use of property of an estate. Section 363(c)(1) provides in pertinent part that:

> If the business of the debtor is authorized to be operated under section 721, …of this title and unless the court orders otherwise, the [debtor-in- possession] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1).

Section 363(c)(2) stablishes a special requirement with respect to "cash collateral", by providing that a debtor-in-possession may not use, sell or lease "cash collateral" under subsection (c)(1) unless (i) such entity that has an interest in such collateral consents or (ii) the court, after notice and a hearing, authorizes such use, sale or lease.

> "Cash collateral" is defined by the Code as follows:
> [C]ash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

11 U.S.C. § 363(a).

The definition of "cash collateral" set forth in Section 363(a) refers to Section 552(b) of the Code, which provides:

> Except as provided in sections 363, 506(c), 522, 544, 545, 547 and 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, products, offspring, rents, or profits of such property, then such security interest extends to such proceeds, products, offspring, rents or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable non-bankruptcy law, except to the extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

11 U.S.C. § 552(b)(1).

It is universally acknowledged that the debtor's cash "is the life blood of the business" and the bankruptcy court must ensure that such life's blood "is available for use even if to a limited extent." *In re Mickler*, 9 B.R. 121, 123 (Bankr. M.D. Fla. 1981). Courts typically authorize a debtor-in-possession to use cash collateral to continue its business operations so long as the interests asserted by affected creditors in such cash are adequately protected.

As this Motion and the declaration in support of this Motion demonstrate, the standards for authorizing the Debtor to utilize cash collateral are satisfied in this case because the continuing operations will preserve the value of the Debtor's business as a going concern.

For the present, the Debtor is offering to make monthly adequate protection payments to the U.S. Small Business Administration in the amount of $1,237.00, and adequate protection payments to Amazon in the amount of $5,000.00 per month, as well as the additional protection proposed to SBA, Amazon, and Sand Park. Debtor believes the Secured Creditors are adequately protected by the ongoing business operations and the income to be generated throughout the pendency of Debtor's bankruptcy case, and by granting a replacement lien to the extent of any diminution in value of collateral as a result of the Debtor's continued use of cash collateral.  The replacement lien would be on all post-petition assets in the same priority and to the same extent and validity as the Secured Creditors asserted pre-petition.

In the case at bar, the Court should allow the continued use of cash collateral because the interests of the Secured Creditors are adequately protected. Section 361 of the Bankruptcy Code provides a non-exclusive list of ways to provide adequate protection, including periodic cash payments, the grant of liens on new collateral, and replacement liens. 11 U.S.C. §361. What constitutes adequate protection must be decided on a case-by- case basis. *In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987). The

10

focus of the adequate protection requirement is to protect a secured creditor from diminution in the value of its interest in the collateral during the period of use. *In re Swedeland Dev. Group, Inc*., 16 F.3d 552, 564 (3rd Cir. 1994).

The Debtor submits that the proposed adequate protection is appropriate and sufficient to protect the Secured Creditors from any diminution in value of their collateral until a later hearing by the Court. The cash collateral, based on the attached budget, will be used for funding necessary business operations. Access to this cash collateral will permit the Debtor to fund payroll, purchase raw materials, pay vendors, utilities, and otherwise continue business in the ordinary course. If Cash Collateral is not available, the Debtor's business will dissipate value to the detriment of the Secured Creditors and other stakeholders. Thus, the continued use of cash collateral will protect the Secured Creditors' security interests by preserving the value of the collateral. See *In re Salem Plaza Assocs.*, 135 B.R. 753, 758 (Bankr. S.D.N.Y. 1992) (holding that a debtor's use of cash collateral to pay operating expenses, thereby "preserv[ing] the base that generates the income stream," provided adequate protection to the secured creditor). See also *Save Power Ltd. v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.)*, 193 B.R. 713, 716 (Bankr. D. Del. 1996*); In re 499 W. Warren St. Assocs., Ltd. P'ship*, 142 B.R. 53, 56 (Bankr. N.D.N.Y. 1992).

A debtor-in-possession's authority to use cash collateral is typically conditioned on providing "adequate protection" to entities that assert an interest in such cash. 11 U.S.C. § 361. Although the term "adequate protection" is not defined in the Bankruptcy Code, Section 361 provides the following three non-exclusive examples of what may constitute adequate protection:

(1) requiring the [debtor-in-possession] to make a cash payment or periodic cash payments to such entity, to the extent that the …use…under section 363 of this title …results in a decrease in the value of such entity's interest in such property.

(2) providing to such entity an additional or replacement lien to the extent that such
…use …results in a decrease in the value of such entity's interest in such property;
or

(3) granting such other relief …as will result in the realization by such entity of the
indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361

Neither Section 361 nor any other provision of the Code defines the nature and
extent of "interest in property" of which a secured creditor is entitled to adequate
protection under Section 363. However, the statute plainly provides that a qualifying
interest demands protection only to the extent that the use of the creditor's collateral will
result in a decrease in "the value of such entity's interest in such property". *United
Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 108 S.
Ct. 626, 98 L. Ed. 2d 740 (1988).

Timbers teaches that secured creditors are entitled to "adequate protection" only
against the diminution in their interest in asserted collateral by reason of the use of cash
collateral. Where the value of the Secured Creditors collateral is not diminishing by the
Debtor's use, sale, or lease, it follows that Lenders' interests in cash collateral is
adequately protected.[2] In *In re McCombs Props. VI, Ltd.*, 88 B.R. 261 (Bankr. C.D. Cal.
1988), the court applied the foregoing straightforward interpretation of Timbers in ruling
that a secured creditor's interest in the cash and proceeds derived from a debtor's
operations was adequately protected where the value of the collateral was not declining
during the pendency of the bankruptcy case. On the nature of the protection required, the
court noted:

---

[2] In *In re Alyucan Interstate Corp.*, 12 B.R. 803 (Bankr. D. Utah 1981), the court ruled that an equity
cushion is not a requirement of adequate protection because a secured creditor is only entitled to
protection against a decline in the value of its lien. The court reasoned that Section 361 speaks not in
terms of preserving equity, but in terms of compensating for any "decrease in the value of [an] interest in
property". *Id.*, at 803. The Supreme Court's decision in *Timbers* confirms the interpretation of Section

> The analysis of the Supreme Court in Timbers is instructive here. The phrase "interest in property" in § 363 means the value of the collateral. That is the interest that I am required to protect. If that value is likely to diminish during the time of the use, adequate protection must be provided by the debtor. As the Supreme Court stated in Timbers, thus, it is agreed if the apartment project in this case had been declining in value petitioner would have been entitled, under § 362(d)(1) to cash payments or additional security in the amount of the decline, as § 361 describes.

Id., at 266 (quotations omitted).

Similarly, in *In re Forest Ridge, II, Ltd. Partnership,* 116 B.R. 937 (Bankr. W.D.N.C. 1990), the court ordered that no adequate protection payments were required, because the property in question was not decreasing in value. See also *In re Megan-Racine Assocs.,* Inc., 202 B.R. 660 (Bankr. N.D.N.Y. 1996) (stating that adequate protection is intended to compensate a creditor for any decrease in the value of its security interest in collateral during the pendency of a debtor's reorganization); *In re Gallegos Research Corp.*, 193 B.R. 577 (Bankr. D. Colo. 1995).

Applying the foregoing authorities to the instant case, the Secured Creditors are entitled to protection only against the decline in value of their interests in the collateral which secures their claims. The Debtor's sales are projected to increase over the next several years and thus the continuing operation of the Debtor is adequate protection of the Secured Creditors.

In light of the foregoing, the Debtor submits that the proposed adequate protection to be provided is appropriate and necessary to protect the Secured Creditors against any diminution in value and is also fair and appropriate under the circumstances of this case and to ensure that the Debtor is able to use cash collateral in the near term, for the benefit of all parties in interest and its estate. In order to avoid immediate and irreparable harm and prejudice to the Debtor, its estate, and all parties in interest, the Debtor requests that the Court authorize the Debtor to have continued use of cash collateral.

## V.   CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court grant the relief herein requested, authorizing continued use of cash collateral on the terms and conditions described in the Motion and the budget thereto and granting such other and further relief as is just and proper under the circumstances.

LAW OFFICES OF MICHAEL JAY BERGER

Dated: 5/9/2024                    By: /s/ Michael Jay Berger
                                   Michael Jay Berger
                                   Counsel for Debtor-in-Possession
                                   Mr. Tortilla, Inc.

14

## DECLARATION OF ANTHONY ALCAZAR

I, Anthony Alcazar, declare and state as follows:

1.      I am the Chief Executive Officer of Mr. Tortilla, Inc. (the "Debtor") herein. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.      The Debtor is a California corporation which is wholly owned by myself and my brother Ronald Alcazar. The Debtor owns and operates a tortilla manufacturing and food processing business located in San Fernando -- Mr. Tortilla -- which was started in 2012. I own 81% of the shares and I am the President and CEO. Ronald owns 19% of the shares and is the CFO.

3.      The Debtor specializes in preparing traditional flour tortillas that are low fat, low calorie, low sodium and are free of cholesterol and trans-fat; the tortillas are unique as they are flexible and do not break or stick. Popular flavors include: Gourmet White; Whole Wheat; Honey Wheat; Tomato & Basil; Savory Spinach; Chipotle; Jalapeño. In addition to traditional flour tortillas, Debtor produces low-carbohydrate tortillas for low-carb and keto dieters.

4.      My brother and I decided to start Mr. Tortilla as one of our fondest childhood memories is that of our mother preparing flour tortillas on a flat griddle called a comal. The Debtor sells its tortillas to distributors and wrap manufacturers, and through online retailers such as Amazon.com and others. Debtor's product is the top selling tortilla on Amazon.com.

5.      The events precipitating the Debtor's current Chapter 11 bankruptcy include Debtor's affiliated vendors, such as 8Fig, Inc., intercepting the Debtor's receivables.

6.      The Debtor has determined that absent the use of cash collateral, it will be unable to operate its business, irreparably harming the Debtor's estate and creditors. If

DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY ALCAZAR IN SUPPORT THEREOF

the Debtor is unable to maintain its business and produce and supply tortillas for its customers, the Debtor will not be able to run its business, will lose existing employees, vendors, and customers, and will ultimately be forced to cease operations. This will cause harm to the Debtor. Furthermore, lack of use of cash collateral will harm the creditors of the estate because, if the business ceases its operation, no revenue will come in to support the plan payments.  Therefore, Debtor's continued  access to cash collateral is necessary to preserve and maximize the value of its assets for the benefit of all parties in interest.

7.    <u>The Secured Creditors effected by Debtor's proposed use of cash collateral are as follows in the order of priority of UCC filings</u>:

a.    U.S. Small Business Administration, UCC no. 20-7779943462, filed May 20, 2020.

b.    Amazon Capital Services, Inc., UCC no. U210083315624, filed September 8, 2021. Amazon has the priority claim against Debtor's cash collateral generated through Amazon's seller accounts, notwithstanding the seniority of the U.S. Small Business Administration's UCC filing.

c.    Corporation Service Company (as representative), UCC no. U220179776030, filed March 30, 2022

d.    Corporation Service Company (as representative), UCC no. U220213901220, filed July 27, 2022.

e.    Sand Park Capital LLC, UCC no. U220219238027, filed August 16, 2022.

f.    Fasanara Securitisation S.A., UCC no. U220228375230, filed September 20, 2022.

g.    8Fig, Inc., UCC no. U220251441725, filed December 14, 2022.

h.    Huntington Valley Bank, UCC no. U220255076422, filed December 28, 2022.

i.   First Corporate Solutions (as representative), UCC no. U230007398433, filed January 31, 2023.

j.   Partners Personnel Management Services, LLC, UCC no. U230017096122, filed March 13, 2023.

k.   Metropolitan Capital Bank & Trust, UCC no. U230024532824, filed April 7, 2023.

l.   Stor RB One Limited, UCC no. U230077163329, filed October 27, 2023.

m.   Parkside Funding Group LLC, UCC no. U230017096122, filed January 16, 2024.

n.   CT Corporation Service Company (as representative), UCC no. U240005322926, filed January 23, 2024.

o.   Cedar Advance

p.   Shopify Capital

q.   Sellers Funding

8.    The Debtor seeks permission for the continued use of cash collateral, in accordance with the cash collateral budget ("Budget") attached as **Exhibit-1**, to pay various necessary items in the ordinary course of business and as authorized by the Court, including payroll, Amazon, insiders (Debtor has complied with the Notice of Setting Insider Compensation), raw materials, utilities, taxes, and other expenses necessary for the business operation.

9.    The Debtor at this time is offering to make monthly adequate protection payments to the first position secured creditor, the U.S. Small Business Administration, in the amount of $1,237.00 per month, and adequate protection payments to Amazon in the amount of $5,000.00 per month. Debtor believes that all the Secured Creditors are adequately protected by the ongoing business operations and the income to be generated

throughout the pendency of Debtor's bankruptcy case, and the granting of a replacement lien to the extent of any diminution in value of collateral as a result of the Debtor's continued use of cash collateral.  The replacement lien would be on all post-petition assets in the same priority and to the same extent and validity as the Secured Creditors asserted pre-petition.

10.    Continued access to existing cash collateral will provide the Debtor with the liquidity necessary to ensure that the Debtor has sufficient working capital to continue operating its business and preserve and maintain the value of the Debtor's estate. Without access to such liquidity, the Debtor and its estate will face irreparable harm.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 9, 2024 at San Fernando, California.

Anthony Alcazar

**EXHIBIT-1**

Projected Income and Expenses - Mr. Tortilla, Inc.

| Income | May-24 | Jun-24 | Jul-24 | Aug-24 | Comments |
|---|---|---|---|---|---|
| Amazon FBA Inventory Credit | $4,271.45 | $4,442.31 | $4,620.00 | $4,804.81 | |
| Amazon Gift wrap credits | $3.60 | $3.74 | $3.89 | $4.05 | |
| Amazon Promotional Rebate Refunds | $615.92 | $640.56 | $666.18 | $692.83 | |
| Amazon Sales - CAD | $91,297.92 | $94,949.84 | $98,747.83 | $102,697.75 | |
| Amazon Sales - DE | $0.00 | $0.00 | $0.00 | $0.00 | |
| Amazon Sales - UK | $0.00 | $0.00 | $0.00 | $0.00 | |
| Amazon Sales - US | $4,790.72 | $4,982.35 | $5,181.65 | $5,388.91 | |
| Amazon Sales - Vendor US | $320,457.42 | $333,275.72 | $346,606.75 | $360,471.02 | |
| Amazon Shipping Credits | $60.20 | $62.60 | $65.11 | $67.71 | |
| eBay Sales | $139.24 | $144.81 | $150.61 | $156.63 | |
| Other Sales | $122,708.84 | $132,525.55 | $143,127.59 | $154,577.80 | Adjusted this forecast due to large strides made in the last month |
| Sales Tax | $974.49 | $1,013.47 | $1,054.01 | $1,096.17 | |
| Shopify Promotional Discounts | -$82,012.20 | -$85,292.69 | -$88,704.40 | -$92,252.58 | Placed in the income category as this deduction is taken from Shopify income before it is paid. |
| Shopify Sales | $248,364.41 | $258,298.99 | $268,630.95 | $279,376.19 | |
| Shopify Shipping | $3,059.61 | $3,182.00 | $3,309.28 | $3,441.65 | |
| Walmart Sales | $9,750.21 | $10,140.22 | $10,545.82 | $10,967.66 | |
| | | | | | |
| Gross Income | $724,481.84 | $758,369.47 | $794,005.27 | $831,490.59 | |
| | | | | | |
| Expenses | | | | | |
| | | | | | |
| Amazon Adjustments | $329.66 | $339.55 | $349.74 | $360.23 | |
| Amazon Carrier shipping label adjustments | $326.45 | $336.25 | $346.33 | $356.72 | |
| Amazon Cost of Advertising | $23,645.30 | $24,354.66 | $25,085.30 | $25,837.86 | Marketing Activities inside Amazon Ads Platform. |
| Amazon FBA inventory and inbound services fees | $1,110.81 | $1,144.13 | $1,178.46 | $1,213.81 | |
| Amazon FBA product sale refunds | $614.04 | $632.47 | $651.44 | $670.98 | |
| Amazon FBA selling fees | $5,242.24 | $5,399.51 | $5,561.50 | $5,728.34 | |
| Amazon FBA transaction fees | $10,205.74 | $10,511.91 | $10,827.27 | $11,152.09 | |
| Amazon Promotional Rebates | $27,978.59 | $28,817.95 | $29,682.49 | $30,572.96 | |
| Amazon Refund administration fees | $106.90 | $110.11 | $113.41 | $116.81 | |
| Amazon Seller fulfilled selling fees | $6,948.73 | $7,157.19 | $7,371.91 | $7,593.06 | |
| Amazon Service fees | $3,470.75 | $3,574.87 | $3,682.12 | $3,792.58 | |
| Amazon Shipping credit refunds | $63.17 | $65.06 | $67.01 | $69.03 | |
| Amazon Shipping label purchases | $2,182.84 | $2,248.33 | $2,315.78 | $2,385.25 | |
| Amazon Vendor Base Co-Op | $38,454.89 | $39,993.09 | $41,592.81 | $43,256.52 | Amazon Vendor deducts this from our monthly sales (12%) |
| Amazon Vendor Damage Allowance | $6,409.15 | $6,665.51 | $6,932.13 | $7,209.42 | Amazon Vendor deducts this from our monthly sales (2%) |
| Amazon Vendor Marketing Expense | $12,892.42 | $13,279.19 | $13,677.56 | $14,087.89 | Amazon Marketing Activities outside of Amazon Ads Platform |
| Amazon Vendor Pick Up Allowance | $9,613.72 | $9,998.27 | $10,398.20 | $10,814.13 | Amazon Vendor deducts this from our monthly sales (3%) |
| Raw Materials | $120,240.09 | $123,847.29 | $127,562.71 | $131,389.59 | We will be purchasing a bit heavier than normal to make up for a deficit in raw materials pre-petition |
| Payroll | $172,926.70 | $178,114.50 | $183,457.94 | $188,961.67 | Payroll increases as product orders increase, necessitating more hours of production labor |
| Insider Compensation - Anthony Alcazar | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | |
| Insider Compensation - Ronald Alcazar | $8,800.00 | $8,800.00 | $8,800.00 | $8,800.00 | |
| Insider Compensation - Tony Alcazar | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | |
| Ebay Fees | $87.20 | $89.81 | $92.51 | $95.28 | |
| PayPal Fees | $11.55 | $11.89 | $12.25 | $12.62 | |
| Sales Tax Expense | $1,911.58 | $1,968.93 | $2,028.00 | $2,088.84 | |

| | | | | |
|---|---|---|---|---|
| Shipping, Freight & Delivery | $70,595.48 | $72,713.34 | $74,894.74 | $77,141.58 | Direct to Customer Shipping Expenses. |
| Shopify Fees | $4,213.21 | $4,381.74 | $4,557.01 | $4,739.29 | |
| Shopify Refunds | $2,276.12 | $2,344.40 | $2,414.73 | $2,487.18 | |
| Walmart Fulfillment Services | $1,244.19 | $1,281.52 | $1,319.96 | $1,359.56 | |
| Walmart Adjustments | $16.71 | $17.21 | $17.73 | $18.26 | |
| Walmart Commission | $865.87 | $891.84 | $918.60 | $946.16 | |
| Walmart Refunds | $78.75 | $81.12 | $83.55 | $86.06 | |
| Auto Expense | $1,273.08 | $1,311.27 | $1,350.61 | $1,391.13 | |
| Car Lease | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 | Company vehicles |
| Insurance | $3,234.58 | $3,234.58 | $3,234.58 | $3,234.58 | |
| Machinery Lease Expense | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | Equipment from Blue Bridge, Financial Pacific, and Pawnee (mercury). We are negaiting adjusted terms with them moving forward |
| Repair & Maintenance | $2,121.80 | $2,185.45 | $2,251.02 | $2,318.55 | |
| Outside Sales | $13,100.00 | $13,100.00 | $13,100.00 | $13,100.00 | Outside Salespeople to Generate "Other Sales" Revenue |
| Bank Charges & Fees | $1,060.90 | $1,092.73 | $1,125.51 | $1,159.27 | Wire Fees, ACH fees, monthly charges, etc. |
| Facebook Advertising | $36,787.16 | $38,994.39 | $41,334.05 | $43,814.09 | |
| Google Advertising | $15,913.50 | $16,390.91 | $16,882.63 | $17,389.11 | |
| Licenses & Fees | $3,362.10 | $3,462.96 | $3,566.85 | $3,673.85 | |
| Marketing Expenses | $7,758.43 | $7,991.19 | $8,230.92 | $8,477.85 | Includes email platform fees, and expenses related to client relationships |
| Moving & Storage | $309.89 | $319.19 | $328.77 | $338.63 | |
| Office Expenses | $3,394.88 | $3,496.73 | $3,601.63 | $3,709.68 | Miscellanious expenses including: office supplies, break room, printer fees |
| Equipment Rental | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | Forklifts and other rented equipment |
| 8134 Lankershim Rent | $17,510.00 | $17,510.00 | $17,510.00 | $17,510.00 | Currently negotiating With landlords for delayed rent payment to April 1st as we do not have access to our funds yet |
| 1112 Arroyo St. Unit A | $7,775.00 | $7,986.00 | $7,986.00 | $7,986.00 | Currently negotiating With landlords for delayed rent payment to April 1st as we do not have access to our funds yet |
| 1112 Arroyo St. Unit B | $4,029.00 | $4,143.00 | $4,143.00 | $4,143.00 | Currently negotiating With landlords for delayed rent payment to April 1st as we do not have access to our funds yet |
| 1110 Arroyo St. Office | $2,287.50 | $2,287.50 | $2,287.50 | $2,287.50 | Currently negotiating With landlords for delayed rent payment to April 1st as we do not have access to our funds yet |
| 1104 Arroyo St. | $7,589.00 | $7,589.00 | $7,589.00 | $7,589.00 | Currently negotiating With landlords for delayed rent payment to April 1st as we do not have access to our funds yet |
| Software Subscription License | $1,558.99 | $1,605.76 | $1,653.93 | $1,703.55 | Monthly applications that make up our tech stack, as our ecommerce revenue grows this expense also scales. |
| Travel | $1,131.59 | $1,165.54 | $1,200.51 | $1,236.52 | meetings, flights with customers and |
| Trade Shows | $10,500.00 | $10,500.00 | $10,500.00 | $10,500.00 | Shows to obtain distribution |
| Utilities | $5,419.40 | $5,581.98 | $5,749.44 | $5,921.93 | Power, Gas, Water, Trash |
| U.S. Small Business Administration (SBA) | $1,237.00 | $1,237.00 | $1,237.00 | $1,237.00 | Adequate protection payments. |
| Adequate Protection Payments to Amazon Capital Services, Inc. | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | Adequate protection payments. |
| Deborah Tyrell (Bookkeeping Services)- For Preparation of MOR | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | She worked with our previous case and understands our business |
| Amazon US Seller Account Payments | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | Estimated payable for pre-petition Amazon Fees. |

| | | | | | |
|---|---|---|---|---|---|
| Amazon Canada Seller Account Payments for pre-petition Amazon Fees | $1,600.00 | $1,600.00 | | | Estimated payable for the pre-petition Amazon Fees. |
| Law Offices of Michael Jay Berger (general bankruptcy counsel) - subject to court approval | | $20,000.00 | | | |
| Office of the U.S. Trustee - Quarterly Fees (estimated) | | | $8,643.71 | | |
| **Total Expenses** | $714,316.66 | $754,456.82 | $761,999.84 | $774,565.02 | |
| **Net Income** | $10,165.19 | $3,912.65 | $32,005.43 | $56,925.56 | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify* ***DEBTOR'S MOTION FOR ORDER
AUTHORIZING CONTINUED USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ANTHONY ALCAZAR IN
SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR
5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_5/9/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 5/9/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will
be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _5/9/2024__, I served the following
persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Honorable Victoria Kaufman
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/9/2024 | Peter Garza | /s/Peter Garza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
**Counsel for Debtor: Michael Jay Berger**    michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
**Counsel for Metropolitan Capital Bank & Trust: Jeffrey N Brown**    jbrown@thompsoncoburn.com,
cmamayson@thompsoncoburn.com, smagnus@thompsoncoburn.com,DocketLA@thompsoncoburn.com
**U.S. Trustee: Katherine Bunker**    kate.bunker@usdoj.gov
**Counsel for Sand Park: Brian T Corrigan**    bcorrigan@cormorllp.com, scm@cormorllp.com
**Counsel for Spartan Business Solutions: Anthony F. Giuliano**    afg@glpcny.com
**Counsel for 8fig Inc.: John E Johnson**    jjohnson@padfieldstout.com
**Counsel for Dekirmenjian Family Trust: Bret D Lewis**    Bretlewis@aol.com, bdlawyager@gmail.com
**Interested Party: Matthew D. Resnik**    Matt@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david
@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
**Counsel for Amazon Capital: Brandy A Sargent**    brandy.sargent@klgates.com,
litigation.docketing@klgates.com;janna.leasy@klgates.com
**United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
**Counsel for SBA: Elan S Levey**    elan.levey@usdoj.gov, manalili47@gmail.com;julie.morales@usdoj.gov
**Official Committee of Unsecured Creditors Jeffery D Hermann**    jhermann@orrick.com,
casestream@ecf.courtdrive.com
**Counsel for Blue Bridge: Jeffrey Garfinkle**    jgarfinkle@buchalter.com,
docket@buchalter.com;lverstegen@buchalter.com


2. **SERVED BY UNITED STATES MAIL**

U.S. Trustee:
Katherine Bunker
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

SECURED CREDITORS:

8Fig, Inc.
11801 Domain Blvd, Third Floor
Austin, TX 78758

8Fig, Inc.
1717 W. 6th Street, Suite 335
Austin, TX 78703

Amazon Capital Services, Inc.
c/o K&L Gates LLP
One SW Columbia St. Ste. 1900
Portland, OR 97204

Amazon Capital Services
PO Box 84837
Seattle, WA 98124-6137

Amazon Capital Services, Inc.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

410 Trry Ave. N.
Seattle, WA 98109


Amazon Capital Services, Inc.
c/o Davis Wright Tremaine LLP
Attn: Lauren Dorsett, Esq.
A 920 5th Avenue, Suite 330
Seattle, WA 98104-1610

Blue Bridge Financial, Inc.
11921 Freedom Drive, Suite 1130
Reston, VA 20190 (Address from POC)

Bluevine
30 Montgomery Street, Ste 1400
Jersey City, NJ 07302

Cedar Advance
2917 Avenue I
Brooklyn, NY 11210

Cedar Advance
c/o Corrigan & Morris LLP
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401

Corporation Service Company
As Representative
PO Box 2576
Springfield, IL 62708

CT Corporation Service Company
as Representative
PO Box 2576
Springfield, IL 62708

Fasanara Securitisation S.A. Acting
For and On Behalf of Its Compartmen
36-38 Grand-RUE
Grand Duchy of Luxembourg
Grand Duchy of Luxembourt 1660

Financial Pacific Leasing, Inc.
PO Box 4568
Auburn, WA 98001

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Financial Pacific Leasing, Inc.
3455 S 344th Way #300
Auburn, WA 98001-9546

First Corporate Solutions
as Representative
914 S. Street
Sacramento, CA 95811

Huntington Valley Bank
990 Spring Garden Street 700
Philadelphia, PA 19123

Huntington Valley Bank
First Citizen Square
15 South Main Street
Mansfield, PA 16933-1590

Mercury Capital
27702 Crown Valley Pkwy
Bldg D4 #205
Ladera Ranch, CA 92694

Metropolitan Capital Bank & Trust
9 East Ontario Street
Chicago, IL 60611

Parkside Funding Group LLC
865 Nj-33 Business 3 Unit 192
Freehold, NJ 07728

Partners Personnel
Management Services, LLC
3820 State Street, Ste B
Santa Barbara, CA 93105

Robert Reiser and Company
725 Dedham Street
Canton, MA 02021

Sand Park Capital LLC
c/o Corrigan & Morris LLP
5401 Collins Ave, Ste. Cu-9A
Miami, FL 33140

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

Sand Park Capital LLC
c/o Corrigan & Morris LLP
Attn: Brian T. Corrigan
1425 Foothills Village Dr.
Henderson, NV 89012

Sellers Funding
45 N. Broad Street, Suite 100
Ridgewood, NJ 07450

Shopify Capital
100 Shockoe Slip, 2nd Floor
Richmond, VA 23219

Slope Advance
7 Freelon Street
San Francisco, CA 94107

Spartan Capital
371 E Main St, Suite 2
Middletown, NY 10940

Stor RB One Limited
14 Old Queen Street
London, UK SW1H9HP  GBR

U.S. Small Business Administration
10737 Gateway West, #300
El Paso, TX 79935

U.S. Small Business Administration
c/o Elan S. Levey
300 N. Los Angeles Street
Fed. Bldg. Rm. 7516
Los Angeles, CA 90012

CREDITORS COMMITEE:

Simpler Postage, Inc. (dba EasyPost)
2889 Ashton Boulevard, Ste. 325
Lehi, UT 84043

Jeeves
c/o Alexander Grimwood
2035 S. Sunset Lake Rd., Ste. B-2
Newark, DE 19702

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

Orrick
c/o Herrington & Sutcliffe LLP
Brandon Batzel, Esq.
51 West 52nd
New York, NY 10019-6142

20 LARGEST UNSECURED CREDITORS:

EasyPost
2889 Ashton Boulevard, Suite 325
Lehi, UT 84043

Facebook
1601 Willow Road
Menlo Park, CA 94025

Fleetcor Technologies Inc.
3280 Peachtree Road, Ste 2400
Atlanta, GA 30305

Greenberg Traurig
1840 Century Park East, Ste 1900
Los Angeles, CA 90067

Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101-7346

Lyneer Staffing
1011 Whitehead Rd Ext
Trenton, NJ 08638

Parker Group, Inc.
2261 Market Street, #4106
San Francisco, CA 94114

Ramp
28 West 23rd Street, Floor 2
Washington, DC 20020

Jeeves
2035 Sunset Lake Rd. Suite B-2
Newark, DE 19702

Southern California Edison
2244 Walnut Grove Avenue
Rosemead, CA 91770

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**

UPS
55 Glenlake Parkway NE
Atlanta, GA 30328

We Pack It All
2745 Huntington Drive
Duarte, CA 91010

Rapid Fulfillment LLC
12924 Piernce Street
Pacoima, CA 91331

Frisbi
1267 57th Street, Ground Floor
Brooklyn, NY 11219

Taboola
Hatkoff & Minassian
16 Madison Square West, 7th Floor
New York, NY 10010

MNTN
823 Congress Avenue, #1827
Austin, TX 78768

Perpetua
36 Maplewood Avenue
Portsmouth, NH 03801

Uline
12575 Uline Drive, H1
Pleasant Prairie, WI 53158 (Address from POC)

Bakers Authority
59-21 Queens Midtown Expy
Maspeth, NY 11378

Attentive Mobile
221 River Street, Suite 9047
Hoboken, NJ 07030 (Address from POC)

ADDITIONAL CREDITORS:

ArcBest, Inc.
3801 Old Greenwood Rd.
Fort Smith, AR 72901 (Address from POC)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Old Dominion Freight Line, Inc.
c/o Rusty Frazier, Asset Recovery Analyst
500 Old Dminion Way
Thomasville, NC 27360 (Address from POC)

TikTok Inc
5800 Bristol Pkwy, Ste. 100
Culver City, CA 90230 (Address from POC)

Pawnee Leasing Corp.
3801 Automation Way, Ste. 207
Fort Collins, CA 80525 (Address from POC)

KTLA/KTLA
c/o The Law Offices of Gary A. Bemis
3870 La Sierra Ave., Ste. 239
Riverside, CA 92505 (Address from POC)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**