| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert L. Rentto                SBN: 42655<br>Rentto & Rentto Prof. Law Corp.<br>3517 Camino del Rio South, Suite 412<br>San Diego, CA 92108<br>(619)238-1002           Fax: (619)238-1052<br>E-mail: rentto@sbcglobal.net<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Lyneer Staffing Solutions, LLC | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - San Fernando Division

| In re: MR. TORTILLA, INC., | CASE NO.: 1:24-bk-10228-VK<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** |
| Debtor(s). | DATE: July 31, 2024<br>TIME: 9:30 a.m.<br>COURTROOM: 301 |
| Movant: LYNEER STAFFING SOLUTIONS, LLC | |

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay, as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the hearing and appear at the hearing of this motion.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice and remains pending. After the court has ruled on that application, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: <u>June 26, 2024</u>

                                    <u>Rentto & Rentto Prof. Law Corp.</u>
                                        Printed name of law firm (if applicable)

                                      <u>Robert L. Rentto</u>
                                      Printed name of individual Movant or attorney for Movant

                                      Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                              **F 4001-1.RFS.PP.MOTION**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY

1. Movant has a perfected security interest in the Property.

2. **The Property at Issue (Property):**

   a. ☐     Vehicle (*year, manufacturer, type, and model*):

          *Vehicle Identification Number:*
          *Location of vehicle (if known):*

   b. ☐     Equipment (*manufacturer, type, and characteristics*):

          *Serial number(s):*

          *Location (if known):*

   c. ☒     Other Personal Property (*type, identifying information, and location*): To terminate the employment of 34 Assigned Employees under that Staffing Agreement dated November 3, 2023 between the debtor and Lyneer Staffing Solutions, LLC.

3. **Bankruptcy Case History:**

   a. ☒    A voluntary bankruptcy petition ☐ An involuntary bankruptcy petition
          under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed on (*date*) <u>Feb. 14, 2024</u> .

   b. ☐    An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) _____.

   c. ☐    Plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒    Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1) ☒ Movant's interest in the Property is not adequately protected.

            (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

            (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

            (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

            (D) ☒ Other (*see attached continuation page*).   Movant is paying the wages of the Assigned Employees which it shares with the Debtor but the Debtor has failed to reimburse Movant for said wages. Movant requests that it terminate said Employment.
        (2) ☐ The bankruptcy case was filed in bad faith.

            (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014             Page 3             **F 4001-1.RFS.PP.MOTION**

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

(D) ☐ Other bankruptcy cases were filed in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(3) ☐ *(Chapter 12 or 13 cases only)* All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due ☐ postpetition preconfirmation    ☐ postpetition postconfirmation.

(4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

(5) ☐ The Debtor filed a statement of intention that indicates the Debtor intends to surrender the Property.

(6) ☐ Movant regained possession of the Property on *(date)* _____, which is ☐ prepetition ☐ postpetition.

(7) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew that the bankruptcy petition had been filed and Movant would have been entitled to relief from stay to proceed with those actions,

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions,

c. ☐ Other *(specify)*:

6. ☒ **Evidence in Support of Motion:** *(Declaration(s) must be signed under penalty of perjury and attached to this motion)*

a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by the Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in the Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) _____.

d. ☐ Other:

7. **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                          F 4001-1.RFS.PP.MOTION

**Movant requests the following relief:**

1. Relief from the stay is granted under:   ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)

2. ☐ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

8. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☒ If relief from stay is not granted, the court orders adequate protection.   If Movant has to keep paying the Assigned Employees, please Order the Debtor to reimburse Movant in accordance with our Agreement.

12. ☐ See continuation page for other relief requested

Date: June 26, 2024

Rentto & Rentto Prof. Law Corp.
Print name of law firm

Robert L. Rentto
Print name of individual Movant or attorney for Movant

_Signature of individual Movant or attorney for Movant_

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 5                          F 4001-1.RFS.PP.MOTION

## PERSONAL PROPERTY DECLARATION

I, (name of declarant) Todd McNulty _____, declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property (specify):

    a. ☐ I am the Movant.

    b. ☒ I am employed by Movant as (title and capacity):
       CEO

    c. ☐ Other (specify):

2.  a. ☐ I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐ Other (see attached):

3.  The Property is:

    a. ☐ Vehicle (year, manufacturer, type, model and year):

       Vehicle Identification Number:
       Location of vehicle (if known):

    b. ☐ Equipment (manufacturer, type, and characteristics):

       Serial number(s):
       Location (if known):

    c. ☒ Other personal property (type, identifying information, and location): The employment of 34
       Assigned Employees under that Staffing Agreement dated November 3, 2023 between the Debtor and Lyneer Staffing Solutions, LLC, since Movant has paid their administrative wages of $344,988.72 (Claim 39) for which debtor has not reimbursed Movant. A true copy of said Agreement is attached hereto as Exhibit A and incorporated herein by reference.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 6                          F 4001-1.RFS.PP.MOTION

4. The nature of Debtor's interest in the Property is:

   a. ☐ Sole owner

   b. ☐ Co-owner (*specify*):

   c. ☐ Lessee

   d. ☒ Other (*specify*): Joint Employer

   e. ☐ Debtor ☐ did ☐ did not  list the Property in the schedules filed in this case.

5. ☐ The lease matured or was rejected on (*date*) _____:

   a. ☐ rejected

      (1) ☐ by operation of law.

      (2) ☐ by order of the court.

   b. ☐ matured.

6. Movant has a perfected security interest in the Property.

   a. ☐ A true and correct copy of the promissory note or other document that evidences the debt owed by the Debtor to Movant is attached as Exhibit _____.

   b. ☐ The Property is a motor vehicle, boat, or other personal property for which a certificate of title is provided for by state law. True and correct copies of the following items are attached to this motion:

      (1) ☐ Certificate of title ("pink slip") (Exhibit _____).

      (2) ☐ Vehicle or other lease agreement (Exhibit _____).

      (3) ☐ Security agreement (Exhibit _____).

      (4) ☐ Other evidence of a security interest (Exhibit _____).

   c. ☐ The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law.  True and correct copies of the following items are attached to this motion:

      (1) ☐ Security agreement (Exhibit _____).

      (2) ☐ UCC-1 financing statement (Exhibit _____).

      (3) ☐ UCC financing statement search results (Exhibit _____).

      (4) ☐ Recorded or filed leases (Exhibit _____).

      (5) ☐ Other evidence of perfection of a security interest (Exhibit _____).

   d. ☐ The Property is consumer goods.  True and correct copies of the following items are attached to this motion:

      (1) ☐ Credit application (Exhibit _____).

      (2) ☐ Purchase agreement (Exhibit _____).

      (3) ☐ Account statement showing payments made and balance due (Exhibit _____).

      (4) ☐ Other evidence of perfection of a security interest (*if necessary under state law*) (Exhibit _____).

   e. ☐ Other liens against the Property are attached as Exhibit _____.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 7                                    **F 4001-1.RFS.PP.MOTION**

7.  Status of Movant's debt: See Claim 38 and 39 filed with the Court.

   a.  The amount of the monthly payment: $ _____.

   b.  Number of payments that became due and were not tendered: ☐ prepetition ☐ postpetition.

   c.  Total amount in arrears: $ _____.

   d.  Last payment received on (*date*): _____.

   e.  Future payments due by the anticipated hearing date (*if applicable*): _____
       An additional payment of $ _____ will come due on (*date*) _____, and on
       the _____ day of each month thereafter.  If the payment is not received by the _____
       day of the month, a late charge of $ _____ will be charged under the terms of the loan.

8.  ☐  Attached as Exhibit _____ is a true and correct copy of a POSTPETITION payment history that accurately
       reflects the dates and amounts of all payments made by the Debtor since the petition date.

9.  Amount of Movant's debt:

   a.  Principal:.......................................................................................... $ _____
   b.  Accrued interest: ................................................................................ $ _____
   c.  Costs (attorney's fees, late charges, other costs):................................ $ _____
   d.  Advances (property taxes, insurance): ................................................ $ _____
   e.  TOTAL CLAIM as of _____:.................................................. $ _____

10. ☐  (*Chapter 7 and 11 cases only*) Valuation: The fair market value of the Property is: $ _____.
       This valuation is based upon the following supporting evidence:

   a.  ☐  This is the value stated for property of this year, make, model, and general features in the reference guide
          most commonly used source for valuation data used by Movant in the ordinary course of its business for
          determining the value of this type of property.  True and correct copies of the relevant excerpts of the most
          recent edition of the reference guide are attached as Exhibit _____.

   b.  ☐  This is the value determined by an appraisal or other expert evaluation.  True and correct copies of the
          expert's report and/or declaration are attached as Exhibit _____.

   c.  ☐  The Debtor's admissions in the Debtor's schedules filed in the case.  True and correct copies of the relevant
          portions of the Debtor's schedules are attached as Exhibit _____.

   d.  ☐  Other basis for valuation (*specify*):

   ┌─────────────────────────────────────────────────────────────────────────────────────────┐
   │ **NOTE:**  If valuation is contested, supplemental declarations providing additional foundation for the │
   │            opinions of value should be submitted.                                                         │
   └─────────────────────────────────────────────────────────────────────────────────────────┘

11. Calculation of equity in Property:

   a.  ☐  **11 U.S.C. § 362(d)(1) - Equity Cushion:**

          I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s)
          senior to Movant's debt is $ _____ and is _____% of the fair market value of the
          Property.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 8                          F 4001-1.RFS.PP.MOTION

b. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**

By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate that the Debtor's equity in the Property is $ _____.

12. ☐ The fair market value of the Property is declining because:

13. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

14. ☐ Movant regained possession of the Property on (*date*) _____, which is: ☐ prepetition ☐ postpetition.

15. ☐ (*Chapter 12 or 13 cases only*) Status of Movant's debt and other bankruptcy case information:

a. The 341(a) meeting of creditors is currently scheduled for (or concluded on) (*date*) _____
A plan confirmation hearing is currently scheduled for (or concluded on) (*date*) _____
The plan was confirmed on (*if applicable*) (*date*) _____

b. Postpetition <u>preconfirmation</u> payments due BUT REMAINING UNPAID after the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. <u>Postconfirmation</u> payments due BUT REMAINING UNPAID after the plan confirmation date (*if applicable*):

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:         $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:        $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:        $ [-           ]

       TOTAL POSTPETITION DELINQUENCY:        $

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                    Page 9                    F 4001-1.RFS.PP.MOTION

g. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. The plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

  a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

  b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

  c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

  d. ☐ Other (*specify*):


18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

  a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

  b. ☐ Multiple bankruptcy cases affecting the Property:

    (1) Case name: _____
        Chapter: _____    Case number: _____
        Date filed: _____    Date discharged: _____    Date dismissed: _____
        Relief from stay regarding the Property ☐ was  ☐ was not  granted.

    (2) Case name: _____
        Chapter: _____    Case number: _____
        Date filed: _____    Date discharged: _____    Date dismissed: _____
        Relief from stay regarding the Property ☐ was  ☐ was not  granted.

    (3) Case name: _____
        Chapter: _____    Case number: _____
        Date filed: _____    Date discharged: _____    Date dismissed: _____
        Relief from stay regarding the Property ☐ was  ☐ was not  granted.

    ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 10                                    F 4001-1.RFS.PP.MOTION

b.  ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c.  ☐  For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Jun 26 2024   Todd McNulty                                    _Todd McNulty_
Date                  Printed Name                                    Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 11                        F 4001-1.RFS.PP.MOTION

EXHIBIT A

Zoho Sign Document ID: 2A658E43-JJWR_KBAB4T-...MLMZZYDUTL7L2FE8TSLB0W8C460NK

## STAFFING AGREEMENT

This STAFFING AGREEMENT is entered into and made effective as of the 3rd day of November, 2023, by and between the following parties (collectively, the "Parties" and each individually, a "Party"): Lyneer Staffing Solutions, LLC ("LYNEER") located at 133 Franklin Corner Road, Lawrenceville, NJ 08648 and Mr. Tortilla, Inc. ("CLIENT"), located at 1112 Arroyo St., San Fernando, CA, 91340; and Anthony Alcazar, having an address at 6258 Peach Ave., Van Nuys, CA 91411 ("GUARANTOR").

WHEREAS, CLIENT desires to engage LYNEER to provide temporary and/or temporary-to-hire staffing services from time to time; and

WHEREAS, LYNEER desires to provide such services to CLIENT on the terms and for the compensation set forth herein.

NOW THEREFORE, in exchange for the promises, representations, and consideration set forth herein, and intending to be legally bound, the Parties agree as follows:

1. **SCOPE OF ENGAGEMENT:**

   a. In exchange for payment of the fees as set forth in section 4 of this Staffing Agreement, and CLIENT's agreement to all of the terms and conditions of this Staffing Agreement, LYNEER shall provide for the staffing needs of the CLIENT as set forth on the Specified Positions and Other Services Form which is attached as Exhibit A hereto, in the manner and to the extent provided for in this Staffing Agreement.

   b. At any time after execution of this Staffing Agreement, if CLIENT desires LYNEER to provide additional or different staffing services other than as set forth on Exhibit A hereto, it may submit a signed Amendment to the Staffing Agreement with an amended Exhibit A; and if LYNEER accepts same in writing, same shall be subject to and governed by the terms of this Staffing Agreement.

2. **LYNEER'S DUTIES AND RESPONSIBILITIES:** For each employee of LYNEER or any entity affiliated with or serving as a subcontractor to LYNEER ("Assigned Employee"), LYNEER will provide for:

   a. Recruitment, screening, interviewing, and assigning the Assigned Employee to perform the type of work described for the Specified Position, under CLIENT's supervision, at the locations specified on Exhibit A;

   b. Payment, withholding, and transmittal of payroll taxes; payment of the Assigned Employee's wages, and provision to the Assigned Employee of the following benefits: unemployment insurance; workers' compensation benefits; and, if applicable, limited medical benefits; and handling of unemployment and worker's compensation claims; and

   c. Review with the Assigned Employee of all of CLIENT's policies and procedures that the CLIENT provides to LYNEER.

3. **CLIENT'S DUTIES AND RESPONSIBILITIES:** For each Assigned Employee of LYNEER, CLIENT will:

   a. Properly supervise, control, and safeguard its premises, processes, or systems, and be responsible for its business operations, products, services, and intellectual property. CLIENT shall not permit the Assigned Employee to operate any vehicle or mobile equipment, without LYNEER's prior written consent and the Assigned Employees are not authorized to drive CLIENT's vehicles as part of their assignment with CLIENT unless such written consent is first obtained, nor are they permitted to use their personal vehicles for errands, deliveries, etc. while on assignment with CLIENT. CLIENT shall not entrust the Assigned Employee with unattended premises, cash, checks, keys, credit cards, merchandise, confidential or trade secret information, negotiable instruments, or other valuables. CLIENT shall not change the job description or duties of any Assigned Employee without LYNEER's express prior written approval, or as strictly required by the job description provided to LYNEER. CLIENT shall conduct OSHA-compliant safety training for the Assigned Employees pertaining to CLIENT work areas at which the Assigned Employees will perform services as well as job-specific training (e.g., machinery and equipment) for all roles assigned to Assigned Employees, both prior to the Assigned Employees performing work, and on an ongoing basis, as necessary. To the extent applicable to the job duties to be performed by the Assigned Employees, this job safety training includes blood borne pathogen and hazardous communication training as well. CLIENT shall provide LYNEER with written documentation confirming completion of such safety training. CLIENT shall also ensure that all Assigned Employees will wear all appropriate personal protective equipment ("PPE") and CLIENT will

1

Zoho Sign Document ID: 2A658E43-JJWR_KBAB41   .MLMZZYDUTL7L2FE8TSLB0W8C460NK

immediately notify LYNEER if any Assigned Employees fail to wear such PPE and follow PPE rules and regulations. CLIENT shall fully comply with OSHA injury and illness recordkeeping requirements for accidents or incidents involving the Assigned Employees which occur on CLIENT premises.

b.  Except in the event that the Assigned Employee is permanently hired by CLIENT, exclude the Assigned Employee from CLIENT's benefit plans, policies, and practices, and not make any offer or promise relating to Assigned Employees' compensation or benefits.

c.  Immediately notify LYNEER of any accident and or/injury sustained by an Assigned Employee, provide LYNEER with written notice of the accident/injury, including (1) the date and time of the accident/injury; (2) the known circumstances giving rise to the accident/injury; (3) the damages, if any, sustained by the Assigned Employee, the CLIENT, or any other persons or entities, and (4) the actions, if any, taken in response to the accident/injury; and (5) assist LYNEER in coordinating any medical treatment at one of LYNEER's preferred provider networks, if such medical treatment is necessary.  Further, CLIENT shall immediately allow LYNEER, or any person or entity on LYNEER's behalf, to fully investigate the accident and/or injury, and shall fully cooperate with any such investigation;  CLIENT shall provide LYNEER reasonable access to CLIENT's worksite pursuant to LYNEER's requests for safety reviews/walk-throughs conducted by LYNEER personnel or personnel of LYNEER's authorized subcontractors and CLIENT shall release to LYNEER OSHA log summaries and other related safety records (e.g. experience modification ratings, safety training manuals/SOPS, safety training, compliance documentation, etc.) upon LYNEER's reasonable request for same.  Should CLIENT have reasonable suspicion that an Assigned Employee appears intoxicated or impaired, CLIENT shall immediately notify LYNEER of same.

d.  Provide a work environment for the Assigned Employee that is free from any harassment or discriminatory conduct ("Conduct").  Further, in the event of any such Conduct, CLIENT will: (1) promptly take corrective action; (2) within 24 hours, provide LYNEER with written notice of the Conduct including (i) the date, and time of the Conduct; (ii) the nature of and known circumstances related to the Conduct; and (iii) the actions, if any, taken in response to the Conduct; (3) allow LYNEER, or any person or entity on LYNEER's behalf,  to investigate the Conduct and take corrective action; and (4) cooperate with any investigation of or corrective action taken by LYNEER.

e.  Provide LYNEER with Time Records for the Assigned Employee, approved by an authorized representative of CLIENT, on a weekly basis, by the Monday following the preceding workweek.  Any Time Records not received by LYNEER by 9:00 am EST on the Wednesday following the preceding workweek shall be deemed approved.

f.  Failure by CLIENT to perform its obligations under Sections 3a-e above shall be considered an event of default hereunder, entitling LYNEER to immediately terminate this Staffing Agreement should it choose to do so in its sole discretion.

## 4.  PAYMENT TERMS:

a.  **General Payment Obligation:**  CLIENT shall, for each Assigned Employee, pay LYNEER the full "Bill Rate of Position" (as set forth in Exhibit A), plus, if applicable, a mark-up percentage of the hourly pay rate, for any position not specifically listed on Exhibit A.  All Paid Sick Leave required to be paid to the Assigned Employees, if applicable by law, will be included in the mark-up percentage set forth on Exhibit A.  GUARANTOR, as set forth more specifically in Section 14 hereof, hereby agrees to personally guarantee all payment obligations of CLIENT hereunder.

b.  **Payment Due Dates:**  CLIENT will be invoiced weekly based on approved time records of the Assigned Employee(s) for the preceding workweek (plus any other amounts outstanding).  CLIENT's payment on such invoices is due in full within sixty (60) days upon receipt of such invoices.

c.  **Delinquent Payments:**  CLIENT understands that invoices represent wages and taxes already paid to Assigned Employees by LYNEER on behalf of CLIENT.  Thus, if CLIENT fails to pay LYNEER when due, and the invoice is not properly disputed, CLIENT agrees to be charged and shall be obligated to pay a finance charge of 1 ½% per month on all past-due balances.

d.  **Payment Terms Subject To Change:**  CLIENT understands that the fees payable to LYNEER under this Staffing Agreement are based upon LYNEER's labor costs, which are subject to change.  Thus, if those labor costs increase due to any changes in state or federal law, including, but not limited to minimum wage, state unemployment insurance,

2

Zoho Sign Document ID: 2A658E43-JJWR_KBAB41  .MLMZZYDUTL7L2FE8TSLB0W8C460NK

worker's compensation insurance or mandatory benefits and/or PTO/sick time requirements, CLIENT agrees that the fees payable to LYNEER may, and are subject to, increase.

e. **LYNEER May Pursue All Available Remedies:** In the event of a default of this Staffing Agreement, LYNEER, or any person or entity on LYNEER's behalf, may seek any and all remedies allowed under the law, including but not limited to charging of service fees for delinquent invoices, and filing of collection actions as appropriate. All charges directly attributable to collection efforts, including but not limited to attorney's fees, will be charged back to CLIENT, and will become part of the total amount due to LYNEER.

5. **INDEMNIFICATION:**

   a. **LYNEER's Indemnification Of CLIENT:** To the extent permitted by law, LYNEER will defend, indemnify, and hold CLIENT and its past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, parent corporations, affiliates, predecessors, heirs, executors, assigns, and insurers (the "CLIENT Parties") harmless from all claims, losses, and liabilities (including but not limited to reasonable attorneys' fees) to the extent caused by LYNEER's breach of this Staffing Agreement; its failure to discharge its duties and responsibilities as set forth in this Staffing Agreement; or the gross negligence, or willful misconduct of LYNEER or LYNEER's officers, employees, or authorized agents in the discharge of those duties and responsibilities.

   b. **CLIENT's Indemnification Of The LYNEER Parties:** To the extent permitted by law, CLIENT will defend, indemnify, and hold LYNEER and its past, present and future officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, parent corporations, affiliates, predecessors, heirs, executors, assigns, and insurers (the "LYNEER Parties") harmless from all claims, losses, and liabilities (including but not limited to reasonable attorneys' fees) to the extent caused by CLIENT's breach of this Staffing Agreement; its failure to discharge its duties and responsibilities as set forth in this Staffing Agreement; or the gross negligence, or willful misconduct of CLIENT or CLIENT's officers, employees, or authorized agents in the discharge of those duties and responsibilities. CLIENT specifically agrees that, should LYNEER receive any OSHA or other citations resulting in a fine being imposed upon LYNEER due to CLIENT's actions or inactions, whether pursuant to CLIENT's obligations under Section 3 of this Staffing Agreement or otherwise, CLIENT shall indemnify LYNEER for all costs and expenses related to same.

   c. **Limits Of Indemnification:** Notwithstanding anything to the contrary set forth in section 5b above, neither Party shall be liable for or be required to indemnify or hold the other Party harmless for any exemplary, special, punitive, or lost-profit damages that arise in connection with this Staffing Agreement, regardless of the form of action (whether in contract, tort, negligence, strict liability, or otherwise) and regardless of how characterized, even if the Parties have been advised of the possibility of such damages.

   d. **Conditions Of Indemnification:** As a condition precedent to indemnification, the Party seeking indemnification will inform the other Party within ten (10) business days after it receives notice of any claim, loss, liability, or demand for which it seeks indemnification from the other Party; and the Party seeking indemnification will cooperate in the investigation and defense of any such matter.

   e. Prior to any obligation to indemnify hereunder, LYNEER and CLIENT shall enter into an undertaking agreement acceptable to both Parties in their reasonable discretion providing for reimbursement in the event indemnification (or such portion thereof) is found not to have been required or permitted under this Staffing Agreement.

6. **NO PIRATING OF LYNEER EMPLOYEES:** Unless otherwise agreed to on Exhibit A hereto or subsequently hereto by both Parties in writing, CLIENT may not hire or transfer to another company or temporary agency any Assigned Employee without the written consent of LYNEER, in which case, LYNEER shall retain all rights under this Staffing Agreement with respect to the employee in question. In the event of such an improper hire or transfer to another company or temporary agency, CLIENT agrees that in addition to all fees otherwise due to LYNEER under this Staffing Agreement for the employee in question, it shall also pay LYNEER a placement fee equal to 20% of the employee's annual salary.

3

Zoho Sign Document ID: 2A658E43-JJWR_KBAB4;    .MLMZZYDUTL7L2FE8TSLB0W8C460NK

7. **TERMINATION OF STAFFING AGREEMENT:** Other than in the event of a default by CLIENT, this Staffing Agreement may be terminated, by either LYNEER or CLIENT, upon thirty (30) days written notice of intent to terminate provided to the other Party, in which case this Staffing Agreement shall terminate as of the 31st day following the notice of termination.  In the event of a default by CLIENT, LYNEER shall, at its option, terminate this Staffing Agreement immediately by providing written notice to CLIENT, in which case this Staffing Agreement shall be deemed terminated as of the date that LYNEER first became aware of the default.  In the event of termination as a result of a default by CLIENT, however, CLIENT's payment obligation hereunder shall continue.

8. **CONFIDENTIAL INFORMATION:**
   In providing the services called for under this Staffing Agreement, and while that agreement is in place, both LYNEER and CLIENT may receive information that is proprietary to or confidential to the other Party or its affiliated companies and their clients. Both Parties agree to hold such information in strict confidence and not to disclose such information to third parties or to use such information for any purpose whatsoever, other than performing under this Staffing Agreement or as required by law.

9. **RESPONSIBILITY FOR ADA ACCOMMODATIONS:**
   In the event that accommodations are required for an Assigned Employee in order to comply with Americans With Disabilities Act, or the regulations related thereto, CLIENT shall bear the costs of such accommodations, unless doing so would cause CLIENT unreasonable and undue hardship (such as, for example, having to make a permanent improvement to building facilities to accommodate a temporary employee), in which case, the Assigned Employee shall be removed from the non-accommodating position with CLIENT.

10. **COMPLIANCE WITH LAWS:**
    LYNEER and CLIENT represent that they are in compliance with all applicable laws which govern or may relate to each of the Parties' roles under this Staffing Agreement, and their duties and obligations thereunder, and agree that they will continue to be in compliance with all such laws. LYNEER and CLIENT further agree that the terms and conditions of this Staffing Agreement may be subject to change in the event of any change in such laws.

11. **SEVERABILITY CLAUSE:**
    It is the intention of the Parties that each provision of this Staffing Agreement is and shall be considered severable. Thus, in the event that any provision of this Staffing Agreement is determined to be invalid or unenforceable, all other provisions shall continue in full force and effect.

12. **CHOICE OF LAW CLAUSE:**
    This Staffing Agreement, and all matters arising directly or indirectly from this Staffing Agreement or the Parties' obligations thereunder, including but not limited to claims to enforce this Staffing Agreement, as well as tort or statutory claims arising out of or related to the Parties' association as a result of this Staffing Agreement, shall be determined by the laws of the State of New Jersey, without regard to its conflict of laws rules.   The Parties irrevocably submit to the exclusive jurisdiction of the state or federal courts of the State of New Jersey, and hereby waive any jurisdictional, venue, or inconvenient-forum objections to such courts.

13. **TRANSFERABILITY OF STAFFING AGREEMENT:**
    CLIENT will not transfer or assign this Staffing Agreement, or its duties or obligations thereunder, without LYNEER's written consent. LYNEER, however, may transfer or assign this Staffing Agreement or its duties or obligations thereunder.

14. **PERSONAL GUARANTY:**

    a. GUARANTOR acknowledges it is in his best interest and advantage that the Parties enter into this Agreement because, among other things, he is a majority shareholder of CLIENT and the provision of services hereunder by LYNEER will be of direct and substantial benefit to him. Accordingly, GUARANTOR hereby unconditionally and absolutely guaranties to LYNEER the full, faithful, and prompt performance, payment and discharge by CLIENT of all the terms and conditions of this Agreement.  In the Event of any Default by CLIENT, GUARANTOR shall pay, perform and discharge CLIENT's payment obligations in the same manner as provided in this Agreement.

4

Zoho Sign Document ID: 2A658E43-JJWR_KBAB41    .MLMZZYDUTL7L2FE8TSLB0W8C460NK

b.  The obligations of GUARANTOR hereunder following an Event of Default are independent of the obligations of CLIENT and actions may be prosecuted against GUARANTOR whether or not an action is brought against CLIENT or CLIENT is joined in any such action or actions.  GUARANTOR agrees that his obligations shall be irrevocable and, shall not be released, discharged or otherwise affected by: (i) Any defense based upon any legal disability or other defense of CLIENT to payment of the CLIENT's obligations under this Agreement; (ii) Any defense based upon LYNEER's failure to provide GUARANTOR any information concerning CLIENT's financial condition; (iii) Any defense based upon any statute or rule of law which provides that the obligation of a surety must be neither larger in amount nor in any other respects more burdensome than that of a principal; (iv) Any defense based upon CLIENT's election, in any proceeding instituted under the Federal Bankruptcy Code, of the application of Section 1111(b)(2) of the Federal Bankruptcy Code or any successor statute; (v) Any defense based upon any borrowing or any grant of a security interest under Section 364 of the Federal Bankruptcy Code; (vi) Any right of subrogation, any right to enforce any remedy which CLIENT or GUARANTOR may have against LYNEER; (vii) Presentment, demand, protest and notice of default; (viii) The benefit of any statute of limitations affecting the liability of GUARANTOR hereunder or the enforcement hereof; (ix) Any obligation of LYNEER to exhaust its remedies, or pursue its remedies, against CLIENT prior to proceeding against GUARANTOR;  (x) Any right to assert against LYNEER as a defense, counterclaim, set-off or cross-claim, any defense (legal or equitable) and/or claim which GUARANTOR may now or at any time hereafter have against LYNEER in any way or manner; and (xi) Any defenses, counterclaims, and set-offs of any kind of nature, arising directly or indirectly from the present or future lack of validity and/or enforceability of the CLIENT's obligations under this Agreement.

c.  GUARANTOR expressly waives to the extent permitted by law any and all rights and defenses which might otherwise be available to such GUARANTOR.

IN WITNESS WHEREOF, authorized representatives of the Parties have executed this Staffing Agreement below, intending to be legally bound, and to express the Parties' agreement to its terms as of the date first written above.

| MR. TORTILLA, INC. (CLIENT) | LYNEER STAFFING SOLUTIONS, LLC |
|---|---|
| BY: _____ (Signature) | BY: _Todd McNulty_ (Signature) |
| NAME: _Anthony Alcazar_ | NAME: Todd McNulty |
| TITLE: _CEO_ | TITLE: CEO |

**[SIGNATURES BY GUARANTOR TO FOLLOW ON PAGE 6 OF THIS AGREEMENT]**

5

Zoho Sign Document ID: 2A658E43-JJWR_KBAB4i   .MLMZZYDUTL7L2FE8TSLB0W8C460NK

## SIGNATURE BY GUARANTOR TO STAFFING AGREEMENT

GUARANTOR:

Dated:  _11 - 6 - 23_          By: _____
                                          Signature

Printed Name:  Anthony Alcazar

## NOTARY ATTESTATION AS TO GUARANTOR, ANTHONY ALCAZAR

Sworn to and subscribed before me this _6th_ day of _Nov_____, 2023 by Anthony Alcazar.

Notary Signature: _____
Printed Name: _Lesly A. Chavez_
Notary Public of the State of: _California_
Notary Commission Expires on: _04 - 06 - 2024_

LESLY A. CHAVEZ
Notary Public - California
Los Angeles County
Commission # 2323861
My Comm. Expires Apr 6, 2024

6

Zoho Sign Document ID: 2A658E43-JJWR_KBAB41   .MLMZZYDUTL7L2FE8TSLB0W8C460NK

## EXHIBIT A - SPECIFIED POSITIONS AND OTHER SERVICES

In accordance with the terms of the Staffing Agreement dated November 3, 2023 between Lyneer Staffing Solutions, LLC ("LYNEER") and Mr. Tortilla, Inc. ("CLIENT"), CLIENT requests and LYNEER agrees to provide CLIENT with staffing services related to the following positions:

| Job Title And Description of Position | Shift | Location (City and State of Service Location) | Mark-up Percentage | Hourly Pay Rate of Position | Bill Rate of Position |
|---|---|---|---|---|---|
| Production Worker | 1st | 1112 Arroyo St. San Fernando, CA 91340 | 30% | Varies | Varies (Hourly Pay Rate + 30% Mark-up) |
| Fulfillment Associate | 1st | 1104 Arroyo St. San Fernando, CA 91340 | 30% | Varies | Varies (Hourly Pay Rate + 30% Mark-up) |
| Office Assistant | 1st | 1110 Arroyo St. San Fernando, CA 91340 | 30% | Varies | Varies (Hourly Pay Rate + 30% Mark-up) |

CONVERSION FEE (if applicable):
Upon completion of 520 hours, Assigned Employees may be hired by CLIENT at no additional cost or liquidation fees. Rate information for other temporary or permanent positions is available upon request.

Payrolled Assigned Employees (rollovers/referrals by CLIENT) may be hired by CLIENT at any time without the requirement for completion of 520 hours, at no additional cost or liquidation fees.

All Paid Sick Leave required to be paid to the Assigned Employees, if applicable by law, will be included in the agreed upon mark-up percentage set forth above.

As set forth in the Staffing Agreement, CLIENT agrees to pay all invoices within terms. A late fee of 1.5% per month will be charged on all past due invoices. Should CLIENT fail to maintain its account within terms, LYNEER will seek any and all remedies allowed under the law, including, but not limited to, charging of service fees for delinquent invoices and filing collection actions as appropriate.

**MR. TORTILLA, INC. (CLIENT)**

BY: _____
(Signature)

NAME: _Anthony Alcazar_

TITLE: _CEO_

**LYNEER STAFFING SOLUTIONS, LLC**

BY: _Todd McNulty_
(Signature)

NAME: Todd McNulty

TITLE: CEO

7

Zoho Sign Document ID: 2A658E43-ZRTDJDYFNUF. J90TY-VVVC_RVBM9KFMIHNVW4FA8S8

## AMENDMENT ONE TO THE
## STAFFING AGREEMENT

This Amendment One ("Amendment One") to the Staffing Agreement is made and entered into as of the 17th day of January, 2024, by and between Mr. Tortilla, Inc. ("CLIENT"), and Lyneer Staffing Solutions, LLC ("LYNEER") collectively referred to as the ("Parties").

WHEREAS, CLIENT and LYNEER previously entered into a Staffing Agreement dated the 3rd day of November, 2023 (the "Staffing Agreement"); and

WHEREAS, CLIENT and LYNEER wish to amend the Staffing Agreement's terms and conditions as contained herein to add another location to the Exhibit A under the Staffing Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth in the Staffing Agreement and this Amendment One, CLIENT and LYNEER agree as follows:

1.  Effective as of the 17th day of January, 2024, Exhibit A of the Staffing Agreement is amended to be replaced in its entirety with the attached Exhibit A.

All terms of the Staffing Agreement not specifically modified herein remain unchanged.

In Witness Whereof, the Parties have caused this Amendment One to be executed by their duly authorized representatives.

**MR. TORTILLA, INC. (CLIENT)**                 **LYNEER STAFFING SOLUTIONS, LLC**

BY: _____          BY: _____
          (Signature)                                      (Signature)

NAME: _Anthony Alcazar_                    NAME: __Todd McNulty__

TITLE __CEO.__                                     TITLE __CEO__

Zoho Sign Document ID: 2A658E43-ZRTDJDYFNU...D90TY-VVVC_RVBM9KFMIHNVW4FA8S8

## EXHIBIT A - SPECIFIED POSITIONS AND OTHER SERVICES

In accordance with the terms of the Staffing Agreement dated the 3rd day of November, 2023, between Lyneer Staffing Solutions, LLC ("LYNEER") and Mr. Tortilla, Inc. ("CLIENT"), as amended by Amendment One to the Staffing Agreement dated January 17, 2024 (collectively, the "Agreement"). CLIENT requests and LYNEER agrees to provide CLIENT with staffing services related to the following positions:

| Job Title And Description of Position | Shift | Location (City and State of Service Location) | Mark-up Percentage | Hourly Pay Rate of Position | Bill Rate of Position |
|---|---|---|---|---|---|
| Production Worker | 1st | 1112 Arroyo St. San Fernando, CA 91340 | 30% | Varies | Varies (Hourly Pay Rate + 30% Mark-up) |
| Fulfillment Associate | 1st | 1104 Arroyo St. San Fernando, CA 91340 | 30% | Varies | Varies (Hourly Pay Rate + 30% Mark-up) |
| Office Assistant | 1st | 1110 Arroyo St. San Fernando, CA 91340 | 30% | Varies | Varies (Hourly Pay Rate + 30% Mark-up) |
| Production Worker | 2nd | 8134 Lankershim Blvd., North Hollywood, CA 91605 | 30% | Varies | Varies (Hourly Pay Rate + 30% Mark-up) |

### CONVERSION FEE (if applicable):

Upon completion of 520 hours, Assigned Employees may be hired by CLIENT at no additional cost or liquidation fees.
Rate information for other temporary or permanent positions is available upon request.

Payrolled Assigned Employees (rollovers/referrals by CLIENT) may be hired by CLIENT at any time without the requirement for completion of 520 hours, at no additional cost or liquidation fees.

All Paid Sick Leave required to be paid to the Assigned Employees, if applicable by law, will be included in the agreed upon mark-up percentage set forth above.

As set forth in the Staffing Agreement, CLIENT agrees to pay all invoices within terms. A late fee of 1.5% per month will be charged on all past due invoices. Should CLIENT fail to maintain its account within terms, LYNEER will seek any and all remedies allowed under the law, including, but not limited to, charging of service fees for delinquent invoices and filing collection actions as appropriate.

| MR. TORTILLA, INC. (CLIENT) | LYNEER STAFFING SOLUTIONS, LLC |
|---|---|
| BY: _(Signature)_ | BY: Todd McNulty _(Signature)_ |
| NAME: Anthony Alcazar | NAME: Todd McNulty |
| TITLE C.E.O. | TITLE CEO |

2

ROBERT L. RENTTO (42655)
DAVID A. RENTTO (198030)
Rentto & Rentto Prof. Law Corp.
3517 Camino del Rio South, Suite 412
San Diego, CA 92108
Telephone:(619) 238-1002

Attorneys for LYNEER STAFFING
SOLUTIONS, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO DIVISION

| | |
|---|---|
| In re:<br><br>MR. TORTILLA, INC.,<br><br>    Debtor and Debtor-in-Possession. | No. 1:24-bk-10228-VK<br><br>Chapter 11<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY TO TERMINATE ASSIGNED EMPLOYEES<br><br>Hearing Date: July 31, 2024<br>Time: 9:30 a.m.<br>Place: Courtroom 301<br>[ZoomGov and in-person]<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

Movant LYNEER STAFFING SOLUTIONS, LLC (hereafter "Movant") submits:

<u>Statement of the Case</u>

    MR. TORTILLA, INC. (hereafter the "Debtor") and Movant are essentially joint employers of 34 of their 36 employees, identified in that Staffing Agreement dated November 3, 2023 (hereafter the "Agreement") as "Assigned Employees." A true copy of the Agreement is attached as Exhibit A to the Notice of Motion and Motion for Relief from the Automatic Stay under 11 USC §362.

    As such, LYNEER pays the Assigned Employee wages directly, likely as required by state law, and then invoices the Debtor weekly for reimbursement. The Debtor has 60 days after receipt of each invoice from Movant in which to pay Movant. These wages amount to roughly

1    $30,000 per week.

2    <u>Summary of the Argument</u>

3    The Debtor has failed to reimburse Movant for $344,988.72 (Claim 39) for Administrative

4    Wages since this petition was filed on February 14, 2024, which is increasing at roughly $30,000

5    per week.  That is in addition to unpaid pre-petition debt of $315,722.46 (Claim 38).

6    The Debtor in its Monthly Operating Report, for April had cash on hand of $267,809

7    (Page 2, Part 1, Line d) and for March had cash on hand of $420,172.  Debtor has paid Movant

8    only $32,030.06.  That was the invoice for the week including February 14, 2024, which was

9    authorized by the Court by Order (Docket No. 35) entered February 26, 2024.

10    Movant believes that, at the hearing on March 7, 2024, the Court approved Motions to

11    Designate Movant as a Critical Vendor and to Assume its Executory Contract.

12    Movant approved that Stipulation Between Debtor and Lyneer Staffing Solutions to

13    Assume Executory Contract which was filed with the Debtor's Motion for an Order Authorizing

14    Debtor to Pay Critical Vendor Lyneer Staffing Solutions Necessary for Debtor's Continued

15    Business practices and sent to the Debtor's attorney.

16    We have continued to press the Debtor's attorneys for signed copies of those Orders.  We

17    have not received any such orders.

18    On June 18, 2024, by email from Anthony Alcazar, CEO of the Debtor to Todd McNulty,

19    CEO of Movant, Mr. Alcazar advised Mr. McNulty that the Debtor still would not be able to pay

20    Movant any more cash for a few more weeks.

21    Movant can not afford to pay roughly $30,000 per week for a few more weeks, in addition

22    to the $344,988.72 (Claim 39) which it has already paid without reimbursement and the

23    $315,722.46 (Claim 38) of pre-petition payments without reimbursement. Movant requests relief

24    from the automatic stay to terminate the Assigned Employees.

25

26    1. THE AUTOMATIC STAY PROHIBITS US FROM UNILATERALLY TERMINATING

27    THE STAFFING AGREEMENT.

28    We invite the Court's attention to <u>Computer Communications, Inc. v. Codex Corporation,</u>

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY TO
TERMINATE ASSIGNED EMPLOYEES   (Case No. 1:24-bk-10228-VK) Page 2

1  824 F.2d 725, 731 (9th Circuit 1987) which holds that unilaterally terminating an executory

2  contract violates the automatic stay.

3      Movant has no choice but to terminate the Staffing Agreement.  It seeks by this Motion

4  to have this Court grant it relief from the automatic stay so that it can terminate the Assigned

5  Employees under the Staffing Agreement.

6                                   Respectfully Submitted:

7                                   RENTTO & RENTTO

8                                   Professional Law Corporation

9

10                           By:_____

11                                   Robert L. Rentto
                                 David A. Rentto

12                                   Attorneys for Creditor LYNEER STAFFING
                               SOLUTIONS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBERT L. RENTTO (42655)
DAVID A. RENTTO (198030)
Rentto & Rentto Prof. Law Corp.
3517 Camino del Rio South, Suite 412
San Diego, CA  92108
Telephone:(619) 238-1002

Attorneys for LYNEER STAFFING
SOLUTIONS, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO DIVISION

| | |
|---|---|
| In re:<br><br>MR. TORTILLA, INC.,<br><br>    Debtor and Debtor-in-Possession. | No.  1:24-bk-10228-VK<br><br>Chapter 11<br><br>DECLARATION OF ROBERT L. RENTTO IN SUPPORT OF MOTION FOR RELIEF FROM STAY TO TERMINATE ASSIGNED EMPLOYEES<br><br>Hearing Date: July 31, 2024<br>Time: 9:30 a.m.<br>Place: Courtroom 301<br>[ZoomGov and in-person]<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

I, ROBERT L. RENTTO, declare:

    I am one of the attorneys for LYNEER STAFFING SOLUTIONS, LLC, ("Movant") a creditor herein.  I know the following to be true and correct and could testify competently to the following.

    1. On March 6, 2024, we received an email from Sofya Davtyan, one of the attorneys for MR. TORTILLA, INC., the debtor and debtor in possession herein (the "Debtor"), advising us that:

> "Mr. Tortilla, Inc. wishes to assume the agreement with Lyneer Staffing. I'll circulate the draft assumption agreement next week."

///

1    2. We received the Stipulation to Assume Executory Contract and related documents, and

2    returned them with our proposed charges to her office on April 19, 2024.  We have continued to

3    request the completed documents from her office but have not received them.

4    3. On June 18, 2024, we received that email from Anthony Alcazar, CEO of the Debtor

5    requesting "a few more weeks before we resume payments."

6    4. No payments have been paid by the Debtor to Movant during this Chapter 11 case other

7    than the $32,030.06 authorized by this Court (Docket No. 35).  The Monthly Operating Reports

8    showed cash balances on Part I, Line 1d, of $420,172 at 3/30/24 and $267,809 at 4/31/24.

9    I declare under penalty of perjury that the foregoing is true and correct and that this

10    declaration is signed at San Diego, California on June 26, 2024.

Robert L. Rentto

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert L.  Rentto 42655<br>David A. Rentto 198030<br>Rentto & Rentto Prof. Law Corp.<br>3517 Camino del Rio South, Suite 412<br>San Diego, CA 92108<br>Phone: (619) 238-1002<br>Fax: (619) 238-1052<br>E-mail: rentto@sbcglobal.net<br><br><br>X   *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO DIVISION**

| In re:<br><br>MR. TORTILLA, INC.,<br><br><br><br>Debtor(s) | CASE NO.: 1:24-bk-10228-VK<br><br>CHAPTER: 11 |
|---|---|
| | **SUPPLEMENTAL NOTICE RE:**<br>**AVAILABILITY OF ZOOMGOV AUDIO AND VIDEO**<br>**FOR REMOTE APPEARANCE** |
| | HEARING DATE:  July 31, 2024<br>HEARING TIME:    9:30 a.m.<br>HEARING LOCATION: Courtroom 301<br>                          21041 Burbank Blvd.<br>                          Woodland Hills, CA 91367 |

**Movant:  LYNEER STAFFING SOLUTIONS, LLC**

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time and at the location indicated above, before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number)*:

> **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)**

2. In addition to appearing in person, parties in interest (and their counsel) may appear remotely using ZoomGov audio and video.  Information on how to appear using ZoomGov is provided on the following page of this notice.

3. Parties in interest (and their counsel) may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).

4. The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. **Members of the public and the press may only connect to the zoom audio feed, and only by telephone. Access to the video feed by these individuals is prohibited. In the case of a trial or evidentiary hearing, no audio access will be provided. However, members of the public and the press may observe all proceedings in person.**

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required. The use of ZoomGov is free of charge to participants.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. **All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.**

9. Any party in interest or counsel that elects to appear remotely by ZoomGov bears the risk of malfunction or disconnection from the hearing.

10. The following is the unique ZoomGov connection information for the above-referenced hearing:

| | |
|---|---|
| Meeting URL: | Video/audio web address |
| | https://cacb.zoomgov.com/j/1611655455 |
| Meeting ID: | 161 165 5455 |
| Password: | 595170 |
| Telephone: | 1-669-254-5252 OR 1-646-828-7666 Meeting ID: 161 165 5455 |

11. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants.

Date: June 26, 2024

Rentto & Rentto, PLC
_____
Printed name of law firm (if applicable)

Robert L. Rentto
_____
Printed name of individual Movant or attorney for Movant

---

**NOTE:  Unless otherwise ordered by Judge Kaufman: (i) this form should not be used for a trial or evidentiary hearing and (ii) no party or witness may appear remotely for any trial or evidentiary hearing.**

---

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
3517 Camino del Rio South, Ste. 412
San Diego, CA 92108

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 6/27/2024       , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached Service List

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 6/27/2024        , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Victoria Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Ste. 354/Courtroom 301, Woodland
Hills, CA 91367

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)                  , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 6/27/2024 | Jennifer DuPont | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ELECTRONIC MAIL NOTICE LIST**

Counsel for Debtor: Michael Jay Berger
michael.berger@bankruptcypower.com; yathida.nipha@bankruptcypower.com;
michael.berger@ecf.inforuptcy.com

Counsel for Amazon Capital: Brandy A. Sargent
brandy.sargent@klgates.com; litigation.docketing@klgates.com; janna.leasy@klgates.com

Counsel for Metropolitan Capital Bank & Trust: Jeffrey N. Brown
jbrown@thompsoncoburn.com; cmamayson@thompsoncoburn.com;
smagnus@thompsoncoburn.com; DocketLA@thompsoncoburn.com;

U.S. Trustee: Katherine Bunker
kate.bunker@usdoj.gov

Counsel for Sand Park: Brian T. Corrigan
bcorrgan@cormorllp.com; scm@cormorllp.com

Counsel for Spartan Business Solutions: Anthony F. Giuliano
afg@glpcny.com

Counsel for 8fig Inc.: John E. Johnson
jjohnson@padfieldstout.com

Counsel for Dekirmenjian Fmily Trust: Bred D. Lewis
Bretlewis@aol.com; bdlawyager@gmail.com

Interested Party: Matthew D. Resnik
Matt@rhmfirm.com; roksana@rhmfirm.com; rosario@rhmfirm.com; sloan@rhmfirm.com;
priscilla@rhmfirm.com; rebeca@rhmfirm.com; david @rhmfirm.com; susie@rhmfirm.com;
max@rhmfirm.com; russ@rhmfirm.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Counsel for SBA: Elan S. Levey
elan.levey@usdoj.gov; manalili47@gmail.com; julie.morales@usdoj.gov

Official Committee of Unsecured Creditors Jeffery D. Hermann
jhermann@orrick.com; casestream@ecf.courtdrive.com

Counsel for Blue Bridge : Jeffrey Garfinkle
jgarfinkle@buchalter.com; docket@buchalter.com; iverstegen@buchalter.com

8fig Inc.
1717 W 6th Street
Suite 335
Austin, TX 78703-4787

(p)JS JS PROPERTIES  INC
ATTN AMANDA STOVER
21625 PRAIRIE STREET
CHATSWORTH CA 91311-5833

Mr. Tortilla, Inc.
1112 Arroyo Street, Suite 1
San Fernando, CA 91340-1850

Orrick Herrington & Sutcliffe LLP
355 South Grand Avenue
Suite 2700
Los Angeles, CA 90071-1596

The Dekirmenjian Family Trust, dated Februar
4213 Alonzo Ave
Encino, CA 91316-4305

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

1102 - 1112 Arroyo Street, LLC
c/o JS/JS Properties, Inc.
21625 Prairie Street
Chatsworth, CA 91311-5833

1102-1112 Arroyo Street, LLC
c/o JS/JS Properties, Inc.
Adam Saitman, CEO
21625 Prairie St
Chatsworth, CA 91311-5833

2Cube
200 E Cedar Street
Ontario, CA 91761-5303

8Fig, Inc.
11801 Domain Blvd, Third Floor
Austin, TX 78758-3429

Allied Blending
121 Royal Road
Keokuk, IA 52632-2028

Amazon Capital Services
PO Box 84837
Seattle, WA 98124-6137

Amazon Capital Services, Inc.
410 Trry Ave. N.
Seattle, WA 98109-5210

Amazon Capital Services, Inc.
c/o Davis Wright Tremaine LLP
Attn: Lauren Dorsett, Esq.
A 920 5th Avenue, Suite 330
Seattle, WA 98104-1189

Amazon Capital Services, Inc.
c/o K&L Gates LLP
Attn:  Brian Peterson
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158

Amazon.com Services LLC
c/o K&L Gates LLP
Attn:  Brian Peterson
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Anthony Alcazar
1112 Arroyo Street, Suite 1
San Fernando, CA 91340-1850

Aramark
2400 Market Street
Philadelphia, PA 19103-3041

ArcBest, Inc
3801 Old Greenwood Road
Fort Smith, AR 72903-5937

Arrandas Tortilleria
1318 E. Scotts Avenue
Stockton, CA 95205-6152

Attentive Mobile
221 River Street, Suite 9047
Hoboken, NJ 07030-5990

Bakers Authority
59-21 Queens Midtown Expy
Maspeth, NY 11378-1220

Berkovitch and Bouskila, PLLC
1545 Route 202, Suite 101
Pomona, NY 10970-2951

Blue Bridge Financial, Inc.
11921 Freedom Drive, Suite 1130
Reston, VA 20190-6225

Bluevine
30 Montgomery Street, Ste 1400
Jersey City, NJ 07302-3857

Bluevine Inc.
C/O Weinstein & Riley, P.S.
1415 WESTERN AVE, SUITE 700
SEATTLE, WA 98101-2051

Brex
650 S 500 W
Salt Lake City, UT 84101-2377

CT Corporation Service Company
as Representative
PO Box 2576
Springfield, IL 62708-2576

CT Corporation System
As Representative
330 N. Brand Blvd., Suite 700
Glendale, CA 91203-2336

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Cedar Advance
2917 Avenue I
Brooklyn, NY 11210-2934

Cedar Advance LLC
c/o Corrigan & Morris LLP
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401-3602

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Ciuti
10865 Jersey Blvd.
Rancho Cucamonga, CA 91730-5113

Corpay Technologies Operating Co., LLC
c/o Sean C. Kirk
5301 Maryland Way
Brentwood, TN 37027-5595

Corporation Service Company
As Representative
PO Box 2576
Springfield, IL 62708-2576

David M. Serepca, Esq.
McMahon Serepca LLP
1900 South Norfolk Street, Suite 350
San Mateo, CA 94403-1171

David Rosen Bakery Supplies
DBA David Rosen Company
C/O The Law Office of Gary A Bemis
3870 La Sierra Ave #239
Riverside, CA 92505-3528

Dekermendjian Family Trust
8120 Lankershim Blvd.
North Hollywood, CA 91605-1611

Divvy
13707 S 200 W STE 100
Draper, UT 84020-2443

EasyPost
2889 Ashton Boulevard, Suite 325
Lehi, UT 84043-6441

Employee Development Department
PO Box 826203
Sacramento, CA 94230-0001

Employment Development Department
Bankruptcy Group MIC 92E, PO BOX 826880
Sacramento, CA 95814

Executive Financial Enterprises, Inc
c/o Law Offices of Alan D. Wilner, APC
847 No. Hollywood Way, Suite 201
Burbank, CA 91505-2845

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

(c)FACEBOOK
1 HACKER WAY BLDG 10
MENLO PARK CA  94025-1456

Fasanara Securitisation S.A. Acting
For and On Behalf of Its Compartmen
36-38 Grand-RUE
Grand Duchy of Luxembourg
Grand Duchy of Luxembourt 1660

FedEx Corporate Services, Inc
3965 Airways Blvd, Module G, 3rd Floor
Memphis, TN 38116-5017

Financial Pacific Leasing, Inc.
3455 S 344th Way #300
Auburn, WA 98001-9546

Financial Pacific Leasing, Inc.
PO Box 4568
Auburn, WA 98063-4568

First Citizens Community Bank as successor b
c/o Phillips Lytle LLP attn Catherine N.
One Canalside, 125 Main Street
Buffalo, NY 14203

First Corporate Solutions
as Representative
914 S. Street
Sacramento, CA 95811-7025

Fleetcor Technologies Inc.
3280 Peachtree Road, Ste 2400
Atlanta, GA 30305-2453

Frisbi
1267 57th Street, Ground Floor
Brooklyn, NY 11219-4572

Gil Hopenstand
312 N Spring Street, 5th Fl
Los Angeles, CA 90012-4701

Glenn P, Berger
Jaffe & Asher LLP
445 Hamilton Avenue, Suite 405
445 Hamilton Ave., Suite 405
White Plains, NY 10601-1825

Google
1600 Amphitheatre Pkwy
Mountain View, CA 94043-1351

Greenberg Traurig
1840 Century Park East, Ste 1900
Los Angeles, CA 90067-2121

Huntington Valley Bank
990 Spring Garden Street 700
Philadelphia, PA 19123-2640

Huntington Valley Bank
First Citizen Square
15 South Main Street
Mansfield, PA 16933-1590

ICW
15025 Innovation Drive
San Diego, CA 92128-3456

Intelligent Relations
588a Godfrey Rd. W
Weston, CT 06883

Internal Revenue Service
P O Box 7346
Philadelphia, PA 19101-7346

Intralox LLC
PO Box 730367
Dallas, TX 75373-0367

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o Robertson, Anschutz, Schneid,
& Crane LLP
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487-2853

Jeeves
2035 Sunset Lake Rd. Suite B-2
Newark, DE 19702-2600

KTLA
Nexstar Media Inc.
5000 Riverside Pkwy, Blvd 5 Ste 200
San Fernando, CA 91340

KTLA
c/o Law Offices of Gary A. Bemis
3870 La Sierra Avenue, Ste 239
Riverside, CA 92505-3528

Keynes Digital
12655 W Jefferson Blvd
Los Angeles, CA 90066-7008

LaSource Group
PO Box 422
North East, PA 16428-0422

Lobasso
18627 Brookhurst St., #515
Fountain Valley, CA 92708-6748

Lyneer Staffing Solutions, LLC
Robert L. Rentto
Rentto & Rentto, PLC
3517 Camino del Rio South, Suite 412
San Diego, CA 92108-4046

MGC Supply LLC
28231 Foxlane Drive
NA
CANYON COUNTRY, CA 91351-1238

MNTN
823 Congress Avenue, #1827
Austin, TX 78768-2437

Mercury Capital
27702 Crown Valley Pkwy
Bldg D4 #205
Ladera Ranch, CA 92694-0613

Meta Platforms, Inc.
c/o David M. Serepca, Esq.
McMahon Serepca LLP
1900 South Norfolk Street, Suite 350
San Mateo, CA 94403-1171

Metropolitan Capital Bank & Trust
9 East Ontario Street
Chicago, IL 60611-2709

Mister Tortilla
1112 Arroyo Street
San Fernando, CA 91340-1850

Mr. Tortilla Consulting Corp.
6485 West 24 Avenue, Apt 605
Hialeah, FL 33016-8905

Nielson IQ
6255 Sunset Blvd
Los Angeles, CA 90028-7403

Old Dominion Freight Line
500 Old Dominion Way
Thomasville, NC 27360-8923

Onetext
236 West Portal Avenue, #166
San Francisco, CA 94127-1423

Open Sponsorship
122 W 26th Street, Fl 2
New York, NY 10001-6804

Orkin
2170 Piedmont Rd NE
Atlanta, GA 30324-4135

(p)PAWNEE LEASING CORPORATION ATTN  SANDI CAR
3801 AUTOMATION WAY
STE 207
FORT COLLINS CO 80525-5735

Parker Group Inc.
Jaffe & Asher LLP
445 Hamilton Avenue, Suite 405
445 Hamilton Ave., Suite 405
White Plains, NY 10601-1825

Parker Group, Inc.
2261 Market Street, #4106
San Francisco, CA 94114-1612

Parkside Funding Group LLC
865 Nj-33 Business 3 Unit 192
Freehold, NJ 07728

Partners Personnel
Management Services, LLC
3820 State Street, Ste B
Santa Barbara, CA 93105-3182


Partnership Staffing
1230 San Fernando Rd. Suite K
San Fernando, CA 91340-3238

Perpetua
36 Maplewood Avenue
Portsmouth, NH 03801-3712

Perpetua Labs, Inc.
c/o Streusand Landon Ozburn & Lemmon LLP
1801 S. Mopac Expwy., Suite 320
Austin, Texas 78746-9817


Post Script
3370 North Hayden Road
Scottsdale, AZ 85251-6632

Quench USA, Inc.
14800 Frye Road, 2nd Floor
Fort Worth, TX 76155-2732

Ramp
28 West 23rd Street, Floor 2
Washington, DC 20020


Rapid Fulfillment LLC
12924 Piernce Street
Pacoima, CA 91331-2526

Resnik Hayes Moradi LLP
17609 Ventura Blvd., Suite 314
Encino, CA 91316-5132

Robert Reiser and Company
725 Dedham Street
Canton, MA 02021-1450


Ronald Alcazar
6258 Peach Avenue
Van Nuys, CA 91411-1106

Rusty Frazier, Asset Recovery Analyst
500 Old Dominion Way
Thomasville, NC 27360-8923

Saker Shoprites, Inc.
10 Centerville Road
Holmdel, NJ 07733-1103


Sand Park Capital LLC
2917 Avenue I
Brooklyn, NY 11210-2934

Sand Park Capital, LLC
c/o Corrigan & Morris LLP
Brian T. Corrigan
100 Wilshire Boulevard, Suite 700
Santa Monica, California 90401-3602

Sellers Funding
45 N. Broad Street, Suite 100
Ridgewood, NJ 07450-3857


SellersFunding International Portfolio Ltd.
1545 Route 202, Suite 101
Pomona, NY 10970-2951

(p)SHOPIFY INC
100 SHOCKOE SLIP 2ND FLOOR
RICHMOND VA 23219-4100

Slope Advance
7 Freelon Street
San Francisco, CA 94107-1705


Slope Tech, Inc.
600 Harrison Street, Suite 250
San Francisco, CA 94107-2899

SoCalGas
PO Box 30337
Los Angeles, CA 90030-0337

(p)SOUTHERN CALIFORNIA EDISON COMPANY
1551 W SAN BERNARDINO ROAD
COVINA CA 91722-3407


Spartan Capital
c/o Giuliano Law PC
445 Broadhollow Rd., Ste 25
Melville, N.Y. 11747-3645

Stor RB One Limited
14 Old Queen Street
London, UK SW1H9HP  GBR

Take 2
1310 Cypress Avenue
Los Angeles, CA 90065-1220


Teikametrics
280 Summer Street
Boston, MA 02210-1131

TikTok Inc
5800 Bristol Pkwy, Suite 100
Culver City, CA 90230-6697

Tiktok
5800 Bristol Parkway C3
Culver City, CA 90230-6696

Total Quality Logistics
4289 Ivy Pointe Blvd
Cincinnati, OH 45245-0002

U.S. Small Business Administration
10737 Gateway West, #300
El Paso, TX 79935-4910

(p)U S SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701

U.S. Small Business Administration
c/o Elan S. Levey
300 N. Los Angeles Street
Fed. Bldg. Rm. 7516
Los Angeles, CA 90012-3308

UPS
55 Glenlake Parkway NE
Atlanta, GA 30328-3474

Uline
12575 Uline Drive
Pleasant Prairie WI 53158-3686

Uline
12575 Uline Drive, #1
Pleasant Prairie, WI 53158-3686

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

We Pack It All
2745 Huntington Drive
Duarte, CA 91010-2302

Matthew Resnik
RHM LAW LLP
17609 Ventura Blvd. Suite 314
Encino, CA 91316-5132

Michael Jay Berger
9454 Wilshire Blvd 6th Fl
Beverly Hills, CA 90212-2980

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

JS/JS Properties, Inc
21625 Prarie Street
Chatsworth, CA 91311

Chase
700 Kansas Lane
Monroe, LA 71203

(d)JS/JS Properties, Inc.
21625 Prairie Street
Chatsworth, CA 91311

PAWNEE LEASING CORPORATION
3801 AUTOMATION WAY, STE 207
FORT COLLINS, CA 80525

(d)Pawnee Leasing
3801 Automation Way, Ste 207
Fort Collins, CO 80525

Shopify Capital
100 Shockoe Slip, 2nd Floor
Richmond, VA 23219

(d)Shopify Capital Inc
100 Shockoe Slip 2nd Floor
Richmond, VA 23219-0000

Southern California Edison
2244 Walnut Grove Avenue
Rosemead, CA 91770

U.S. Small Business Administration
312 N Spring Street, 5th Fl
Los Angeles, CA 90012

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Facebook
1601 Willow Road
Menlo Park, CA 94025

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Amazon Capital Services, Inc.

(u)Amazon.com Services LLC

(u)Blue Bridge Financial, LLC

(u)Genesis Credit Partners LLC

(u)Law Offices of Michael J Berger

(u)Metropolitan Capital Bank & Trust

(u)Official Committee of Unsecured Creditors

(u)Sand Park Capital, LLC
Corrigan & Morris LLP
100 Wilshire Boulevard
Suite 700
Santa Monica90401

(u)Spartan Business Solutions, LLC
c/o Giuliano Law PC

(u)U.S. Small Business Administration

(d)8Pig, Inc.
1717 W. 6th Street, Suite 335
Austin, TX 78703-4787

(u)Avask
First Floor, Oceana House
39-49 Commercial Road
Southampton, Hampshire, SO15 1GA

(u)Taboola
16 Madison Square West, 7th Floor

(u)The Dekirmenjian Family Trust, dated Febru

(u)United Parcel Service, Inc.

End of Label Matrix
Mailable recipients   130
Bypassed recipients    15
Total                 145