MICHAEL JAY BERGER (State Bar # 100291)
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:     (310) 271-9805
E-mail: Michael.Berger@bankruptcypower.com
E-mail: Sofya.Davtyan@bankruptcypower.com

Counsel for Debtor and Debtor-in-Possession
Mr. Tortilla, Inc.

**FILED & ENTERED**

JUL 09 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fisherl    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

In re:

Mr. Tortilla, Inc.,

        Debtor and Debtor-in-Possession.

CASE NO.: 1:24-bk-10228-VK

Chapter 11

***INTERIM* ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL**

<u>Continued Hearing</u>:
Date:    June 27, 2024
Time:    1:00 p.m.
Place:   Courtroom 301 [ZoomGov and in-person]
21041 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367

1

A continued hearing took place at the above time and place to consider the Motion for Order Authorizing Continued Use of Cash Collateral (the "Cash Collateral Motion") [docket nos: 166, 168, 177] filed by Mr. Tortilla, Inc., the Debtor and Debtor-in-Possession herein (the "Debtor"). Appearances are noted on the record. The Court having considered the Cash Collateral Motion, the Official Committee of Unsecured Creditors' Limited Objection to Cash Collateral Motion [docket no.: 185], Partial Objection to Debtor's Cash Collateral Motion filed by Creditor Sand Park Capital, LLC [docket no.: 188], Committee's Limited Statement in Support of Sand Park Capital, LLC's Partial Objection [docket no.: 190], Debtor's Reply to Committee's and Sand Park's Objections [docket no.: 203], and good causing appearing:

**HEREBY ORDERED** that:

1. Subject to the provisions of this Order, the Debtor's Cash Collateral Motion is granted on an interim basis through August 1, 2024.

2. Debtor is authorized to use cash collateral, as that term is defined by 11 U.S.C. § 363(a) ("Cash Collateral"), in accordance with the budget attached to Debtor's Cash Collateral Motion, as supplemented by the budget filed on May 13, 2024 [docket no.: 177], as further amended in accordance with an order from this Court resolving the *Statement of Objection of Official Committee of Unsecured Creditors to Debtors Notice of Setting/Increasing Insider Compensation and Request for Hearing* [Dkt. No. 209].

3. To satisfy the right of the U.S. Small Business Administration (the "SBA") to adequate protection of its interest in the Debtor's Cash Collateral, the SBA is hereby granted, pursuant to Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interest and lien in and against all post-petition assets of the Debtor of the same character and type, to the same

nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of SBA's collateral caused by the Debtor's use of Cash Collateral. Debtor shall, as further adequate protection of the SBA's interest in Cash Collateral, continue to pay SBA monthly adequate protection payments in the amount of $1,237.00, due by the 1st day of every month until further order of this Court.

4. To satisfy the right of Amazon Capital Services, Inc. ("ACS") to adequate protection of its interest in the Debtor's Cash Collateral, ACS is hereby granted, pursuant Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interest and lien in and against all post-petition assets of the Debtor of the same character and type, to the same nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of ACS's collateral caused by the Debtor's use of Cash Collateral. Debtor shall, as further adequate protection of ACS's interest in Cash Collateral, continue to pay ACS monthly adequate protection payments in the amount of $5,000.00, which payment will be deducted by ACS from Debtor's seller account and applied toward ACS's loan balance.

5. To satisfy the right of Sand Park Capital, LLC (the "Sand Park") to adequate protection of its interest in the Debtor's Cash Collateral, Sand Park is hereby granted, pursuant to Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interest and lien in and against all post-petition assets of the Debtor of the same character and type, to the same nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of Sand Park's collateral caused by the Debtor's use of Cash Collateral.

6. In addition, ACS, the SBA, and Sand Park shall hold allowed administrative claims under Section 507(b) of the Bankruptcy Code with respect to the adequate protection obligations of the Debtor to the extent that the replacement liens and post-petition collateral do not adequately protect the diminution in value of the interests

of the SBA, ACS, and Sand Park in their prepetition collateral. Such administrative claims shall be junior and subordinate only to any superpriority claim of the kind ordered by the Court and specified in Section 364 of the Bankruptcy Code. The administrative claims shall be payable from and have recourse to all prepetition and post-petition property of the Debtor and all proceeds thereof. The liens on post-petition collateral shall be in addition to any prepetition liens held by the SBA, ACS, and Sand Park and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case.

7.  This Interim Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect, and the adequate protection liens granted by this Interim Order on post-petition collateral shall be valid, perfected, and enforceable security interests and liens on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent that ACS, the SBA, and Sand Park respectively, have valid and perfected security interests prior to the Debtor's petition date. Such adequate protections liens shall be enforceable against the Debtor and all other persons and parties, including without limitation any subsequent Trustee (if appointed under Chapter 7 or Chapter 11 of the Bankruptcy Code), by operation of law and immediately upon entry of this Interim Order. The adequate protection liens granted by this Interim Order on post-petition collateral shall not extend to the proceeds of any avoidance actions by the Debtor or the estate pursuant to section 544, 547, 548, 549, or 550 of the Bankruptcy Code.

8.  The Debtor will provide the Official Committee of Unsecured Creditors, ACS, SBA, and Sand Park with an accounting, on a monthly basis, of all revenue, expenditures, and collections with description of any variances from the budget by way of filing monthly operating reports with the Court and providing a variance report to the

Official Committee of Unsecured Creditors, the ACS, SBA, and Sand Park, within seven days thereafter.

9. Nothing contained herein shall be deemed a waiver by ACS, the SBA, or Sand Park from seeking further or additional adequate protection of their collateral, asserting objections to the Debtor's further use of Cash Collateral, or pursuing any other rights or remedies available to them under law or equity.

10. Nothing contained herein shall prevent a creditor or other party in interest from contesting the validity, perfection and enforceability, or priority of a secured party's liens, or from raising any defenses, offsets, deductions or counterclaims thereto.

11. If any or all of the provisions of this Interim Order are hereafter modified, vacated or stayed by any subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the validity or enforceability of any lien or priority authorized or created hereby prior to the effective date of such modification, stay, vacation or final order to the extent that said lien or priority is valid, perfected, enforceable and otherwise non-avoidable as of the Petition Date. The validity and enforceability of all liens and priorities authorized or created in this Interim Order shall survive the conversion of this case to a proceeding under Chapter 7 of the Bankruptcy Code or the dismissal of this proceeding.

12. Payment of the insider compensation and any related benefits is to be made in compliance with the Order Resolving the Objection of the Official Committee of Unsecured Creditors to the Debtor's Notices of Setting/Increasing Insider Compensation [docket no.: 209].

13. Payment of professional fees are subject to application and approval by this Court. All secured creditors reserve their rights to object to the use of cash collateral for the payment of professional fees.

///

14. A continued hearing on the Cash Collateral Motion will take place on August 1, 2024 at 1:00 p.m. in Courtroom 301 of the above-captioned court.

15. July 15, 2024 is the deadline for the Debtor to file and serve a revised cash collateral budget that covers the period through September 30, 2024.

APPROVED AS TO FORM:

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

By:_____
ELAN S. LEVEY
Assistant United States Attorney
Attorneys for U.S. Small Business Administration

K&L GATES LLP

_____
Brandy A. Sargent
Counsel for Amazon Capital Services, Inc.
And Amazon.com Services LLC

CORRIGAN & MORRIS LLP

_____
Brian T. Corrigan
Counsel for Secured Creditors

Case 1:24-bk-10228-VK    Doc 242    Filed 07/09/24    Entered 07/09/24 11:23:01    Desc
Main Document    Page 7 of 16

Sand Park Capital, LLC and
Cedar Advance, LLC


ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Mark Franke
Brandon Batzel
Counsel for The Official Committee of
Unsecured Creditors




###

Date: July 9, 2024

*Victoria S. Kaufman*
United States Bankruptcy Judge

MICHAEL JAY BERGER (State Bar # 100291)
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:   (310) 271-6223
Facsimile:    (310) 271-9805
E-mail: Michael.Berger@bankruptcypower.com
E-mail: Sofya.Davtyan@bankruptcypower.com

Counsel for Debtor and Debtor-in-Possession
Mr. Tortilla, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | CASE NO.: 1:24-bk-10228-VK |
| | Chapter 11 |
| Mr. Tortilla, Inc., | **ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL** |
| Debtor and Debtor-in-Possession. | |
| | Continued Hearing: |
| | Date:    June 27, 2024 |
| | Time:   1:00 p.m. |
| | Place:  Courtroom 301 [ZoomGov and in-person] |
| | 21041 Burbank Blvd., 3rd Floor |
| | Woodland Hills, CA 91367 |

A continued hearing took place at the above time and place to consider the Motion for Order Authorizing Continued Use of Cash Collateral (the "<u>Cash Collateral Motion</u>") [docket nos: 166, 168, 177] filed by Mr. Tortilla, Inc., the Debtor and Debtor-in-Possession herein (the "<u>Debtor</u>"). Appearances are noted on the record. The Court having considered the Cash Collateral Motion, the Official Committee of Unsecured Creditors' Limited Objection to Cash Collateral Motion [docket no.: 185], Partial Objection to Debtor's Cash Collateral Motion filed by Creditor Sand Park Capital, LLC [docket no.: 188], Committee's Limited Statement in Support of Sand Park Capital, LLC's Partial Objection [docket no.: 190], Debtor's Reply to Committee's and Sand Park's Objections [docket no.: 203], and good causing appearing:

**HEREBY ORDERED** that:

1. Subject to the provisions of this Order, the Debtor's Cash Collateral Motion is granted on an interim basis through August 1, 2024.

2. Debtor is authorized to use cash collateral, as that term is defined by 11 U.S.C. § 363(a) ("<u>Cash Collateral</u>"), in accordance with the budget attached to Debtor's Cash Collateral Motion, as supplemented by the budget filed on May 13, 2024 [docket no.: 177], as further amended in accordance with an order from this Court resolving the *Statement of Objection of Official Committee of Unsecured Creditors to Debtors Notice of Setting/Increasing Insider Compensation and Request for Hearing* [Dkt. No. 209].

3. To satisfy the right of the U.S. Small Business Administration (the "<u>SBA</u>") to adequate protection of its interest in the Debtor's Cash Collateral, the SBA is hereby granted, pursuant to Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interest and lien in and against all post-petition assets of the Debtor of the same character and type, to the same

nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of SBA's collateral caused by the Debtor's use of Cash Collateral. Debtor shall, as further adequate protection of the SBA's interest in Cash Collateral, continue to pay SBA monthly adequate protection payments in the amount of $1,237.00, due by the 1st day of every month until further order of this Court.

4. To satisfy the right of Amazon Capital Services, Inc. ("ACS") to adequate protection of its interest in the Debtor's Cash Collateral, ACS is hereby granted, pursuant Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interest and lien in and against all post-petition assets of the Debtor of the same character and type, to the same nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of ACS's collateral caused by the Debtor's use of Cash Collateral. Debtor shall, as further adequate protection of ACS's interest in Cash Collateral, continue to pay ACS monthly adequate protection payments in the amount of $5,000.00, which payment will be deducted by ACS from Debtor's seller account and applied toward ACS's loan balance.

5. To satisfy the right of Sand Park Capital, LLC (the "Sand Park") to adequate protection of its interest in the Debtor's Cash Collateral, Sand Park is hereby granted, pursuant to Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interest and lien in and against all post-petition assets of the Debtor of the same character and type, to the same nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of Sand Park's collateral caused by the Debtor's use of Cash Collateral.

6. In addition, ACS, the SBA, and Sand Park shall hold allowed administrative claims under Section 507(b) of the Bankruptcy Code with respect to the adequate protection obligations of the Debtor to the extent that the replacement liens and post-petition collateral do not adequately protect the diminution in value of the interests

of the SBA, ACS, and Sand Park in their prepetition collateral. Such administrative claims shall be junior and subordinate only to any superpriority claim of the kind ordered by the Court and specified in Section 364 of the Bankruptcy Code. The administrative claims shall be payable from and have recourse to all prepetition and post-petition property of the Debtor and all proceeds thereof. The liens on post-petition collateral shall be in addition to any prepetition liens held by the SBA, ACS, and Sand Park and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case.

7. This Interim Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect, and the adequate protection liens granted by this Interim Order on post-petition collateral shall be valid, perfected, and enforceable security interests and liens on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent that ACS, the SBA, and Sand Park respectively, have valid and perfected security interests prior to the Debtor's petition date. Such adequate protections liens shall be enforceable against the Debtor and all other persons and parties, including without limitation any subsequent Trustee (if appointed under Chapter 7 or Chapter 11 of the Bankruptcy Code), by operation of law and immediately upon entry of this Interim Order. The adequate protection liens granted by this Interim Order on post-petition collateral shall not extend to the proceeds of any avoidance actions by the Debtor or the estate pursuant to section 544, 547, 548, 549, or 550 of the Bankruptcy Code.

8. The Debtor will provide the Official Committee of Unsecured Creditors, ACS, SBA, and Sand Park with an accounting, on a monthly basis, of all revenue, expenditures, and collections with description of any variances from the budget by way of filing monthly operating reports with the Court and providing a variance report to the

Official Committee of Unsecured Creditors, the ACS, SBA, and Sand Park, within seven days thereafter.

9. Nothing contained herein shall be deemed a waiver by ACS, the SBA, or Sand Park from seeking further or additional adequate protection of their collateral, asserting objections to the Debtor's further use of Cash Collateral, or pursuing any other rights or remedies available to them under law or equity.

10. Nothing contained herein shall prevent a creditor or other party in interest from contesting the validity, perfection and enforceability, or priority of a secured party's liens, or from raising any defenses, offsets, deductions or counterclaims thereto.

11. If any or all of the provisions of this Interim Order are hereafter modified, vacated or stayed by any subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the validity or enforceability of any lien or priority authorized or created hereby prior to the effective date of such modification, stay, vacation or final order to the extent that said lien or priority is valid, perfected, enforceable and otherwise non-avoidable as of the Petition Date. The validity and enforceability of all liens and priorities authorized or created in this Interim Order shall survive the conversion of this case to a proceeding under Chapter 7 of the Bankruptcy Code or the dismissal of this proceeding.

12. Payment of the insider compensation and any related benefits is to be made in compliance with the Order Resolving the Objection of the Official Committee of Unsecured Creditors to the Debtor's Notices of Setting/Increasing Insider Compensation [docket no.: 209].

13. Payment of professional fees are subject to application and approval by this Court. All secured creditors reserve their rights to object to the use of cash collateral for the payment of professional fees.

///

14. A continued hearing on the Cash Collateral Motion will take place on August 1, 2024 at 1:00 p.m. in Courtroom 301 of the above-captioned court.

15. July 15, 2024 is the deadline for the Debtor to file and serve a revised cash collateral budget that cover the period through September 30, 2024.

APPROVED AS TO FORM:

                       E. MARTIN ESTRADA
                       United States Attorney
                       DAVID M. HARRIS
                       Assistant United States Attorney
                       Chief, Civil Division
                       JOANNE S. OSINOFF
                       Assistant United States Attorney
                       Chief, Complex and Defensive Litigation
                       Section

By: /s/ Elan S. Levey
                       ELAN S. LEVEY
                       Assistant United States Attorney
                       Attorneys for U.S. Small Business
                       Administration

K&L GATES LLP

Brandy A. Sargent
Counsel for Amazon Capital Services, Inc.
And Amazon.com Services LLC

14. A continued hearing on the Cash Collateral Motion will take place on August 1, 2024 at 1:00 p.m. in Courtroom 301 of the above-captioned court.

15. July 15, 2024 is the deadline for the Debtor to file and serve a revised cash collateral budget that cover the period through September 30, 2024.

APPROVED AS TO FORM:

        E. MARTIN ESTRADA
        United States Attorney
        DAVID M. HARRIS
        Assistant United States Attorney
        Chief, Civil Division
        JOANNE S. OSINOFF
        Assistant United States Attorney
        Chief, Complex and Defensive Litigation Section

By: _____
        ELAN S. LEVEY
        Assistant United States Attorney
        Attorneys for U.S. Small Business Administration

K&L GATES LLP

_____
Brandy A. Sargent
Counsel for Amazon Capital Services, Inc.
And Amazon.com Services LLC

6

CORRIGAN & MORRIS LLP

*[signature]*

Brian T. Corrigan
Counsel for Secured Creditors
Sand Park Capital, LLC and
Cedar Advance, LLC


ORRICK, HERRINGTON & SUTCLIFFE LLP


Mark Franke
Brandon Batzel
Counsel for The Official Committee of
Unsecured Creditors


### ###

CORRIGAN & MORRIS LLP

_____
Brian T. Corrigan
Counsel for Secured Creditors
Sand Park Capital, LLC and
Cedar Advance, LLC


ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
Mark Franke
Brandon Batzel
Counsel for The Official Committee of
Unsecured Creditors


###