```
1   ROBERT L. RENTTO (42655)
    DAVID A. RENTTO (198030)
2   Rentto & Rentto Prof. Law Corp.
    3517 Camino del Rio South, Suite 412
3   San Diego, CA  92108
    Telephone:(619) 238-1002
4
    Attorneys for LYNEER STAFFING
5   SOLUTIONS, LLC
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO DIVISION

| | |
|---|---|
| In re:<br><br>MR. TORTILLA, INC.,<br><br>    Debtor and Debtor-in-Possession. | No. 1:24-bk-10228-VK<br><br>Chapter 11<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY TO TERMINATE ASSIGNED EMPLOYEES<br><br>Hearing Date: July 31, 2024<br>Time: 9:30 a.m.<br>Place: Courtroom 301<br>[ZoomGov and in-person]<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

Movant LYNEER STAFFING SOLUTIONS, LLC (hereafter "Movant" or "LYNEER") respectfully submits the following Reply Memorandum of Points and Authorities in Support of its Motion for Relief from the Automatic Stay.

## STATEMENT OF THE CASE

LYNEER provides 34 of the Debtor's 36 employees (the other 2 presumably being the two Alcazar brothers) under the subject Staffing Agreement which it by this motion is seeking relief from the Automatic Stay to terminate because of the Debtor's failure to pay for said employees "in the amount of approximately $500,000." (See Debtor's Updated Status Conference Report (Docket No. 258) Page 3, Lines 11-12). Declaration of Anthony Alcazar (Page 5, Lines 11-12)). For purposes of this Motion, LYNEER uses the amount of $344,988.72 which it calculated for

1 this Motion. That increases at roughly $30,000.00 per week.

2     The Staffing Agreement requires LYNEER to invoice the Debtor weekly and the Debtor to pay those invoices "in full, within sixty (60) days upon receipt of such invoices." The amount also increases as more invoices pass the 60 days.

    LYNEER has other clients in this area with whom it can place these 34 employees immediately upon release from the Automatic Stay to mitigate its damages.

    The Debtor suggests that it should be able to hire these employees away from LYNEER and pay them itself rather than paying LYNEER. While the Debtor does not seek this relief from the Court by this motion, such behavior violates Article 6 of the Staffing Agreement and is prohibited by law when the Debtor is in default under the Staffing Agreement.

## I

### LYNEER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY IS UNOPPOSED AND SHOULD BE GRANTED

    LYNEER did not receive any opposition to its present Motion for Relief from the Automatic Stay. The motion should be granted. Debtor MR. TORTILLA, INC. (hereinafter, the "Debtor") admits to its failure to perform under the subject staffing agreement causing substantial post petition damages to LYNEER in the principal amount of $344,988.72. The Debtor admits to communicating its assurance that LYNEER would be paid for its post petition services. LYNEER continued to perform under the subject staffing agreement in good faith reasonably relying upon the promise of the Debtor to pay LYNEER under the staffing agreement. The Debtor admittedly failed to keep that promise and unreasonably induced LYNEER to continue to perform under the staffing agreement. LYNEER respectfully requests this Court grant its present Motion for Relief from the Automatic Stay.

## II

### THE DEBTOR'S RESPONSE TO THE PRESENT MOTION AND THE OFFICIAL CREDITOR'S LIMITED OBJECTION TO SAME SEEK RELIEF BEYOND THE SCOPE OF THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY

    The Official Committee of Unsecured Creditors' (hereinafter, the "COMMITTEE") in its limited objection and the Debtor in its limited response to the motion seek an affirmative

determination by this Court that the Debtor be permitted to hire away LYNEER's employees. Such request is beyond the scope of the present Motion for Relief from the Automatic Stay and is irrelevant. LYNEER respectfully requests that this Court refuse to make any such determination as requested by the COMMITTEE and the Debtor.

## III

### THE DEBTOR HAS ADMITTEDLY BREACHED AND FAILED TO PERFORM UNDER THE TERMS OF STAFFING AGREEMENT CAUSING POST PETITION DAMAGES TO LYNEER IN THE PRINCIPAL AMOUNT OF $344,988.72 AND IS ACCORDINGLY PROHIBITED FROM SEEKING ENFORCEMENT OF THE AGREEMENT UNTIL IT HAS CURED THE DEFAULT

The Debtor and the COMMITTEE both concede that the Debtor has failed to perform under the terms of the staffing agreement. The Debtor and the COMMITTEE both concede that the Debtor's breach has caused post petition damages to LYNEER in the principal amount of $344,988.72 as of the date of the filing of the present motion. Despite, these concessions the Debtor and COMMITTEE both seek to enforce provisions contained in Exhibit "A" to the staffing agreement. However, the Debtor must cure its default before it can seek to enforce the terms of the staffing agreement.

California Civil Code section 1439 provides,

> Before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself; and must be able and offer to fulfill all conditions concurrent so imposed upon him on the like fulfillment by the other party, except as provided by the next section.

Similarly, the United States District Court for the Eastern District similarly provides,

> It is axiomatic that a plaintiff who has himself materially breached or failed to perform a contract may not pursue a breach of contract action against the other party to the agreement." *Oracle America, Inc. v. Innovative Tech. Distribs. LLC*, 2012 U.S. Dist. LEXIS 134343, 2012 WL 4122813, at *20 (N.D. Cal. 2012) (citations omitted). Indeed, it is "[a] bedrock principle of California contract law . . . that '[h]e who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed.'" *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) (quoting *Pry Corp. of Am. v. Leach*, 177 Cal. App. 2d 632, 639, 2 Cal. Rptr. 425 (1960)). *Biegler v. Nat'l Gen. Ins. Co.*, 2023 U.S. Dist. LEXIS 221937, 10-11.

In the present instance, the Debtor has admittedly failed to comply with the conditions and agreements of the subject staffing agreement and cannot now attempt to enforce provisions of the staffing agreement purporting to allow it to hire away LYNEER's employees.

In the event the Debtor is able to cure the default, neither the Debtor nor the COMMITTEE have offered admissible evidence demonstrating that the subject employees have triggered the necessary requirements that would permit the Debtor to hire away LYNEER's employees. As such, the Debtors and the COMMITTEE's request that this Court permit the Debtor to hire away LYNEER's employees should be denied.

## IV

## CONCLUSION

LYNEER has patiently worked with the Debtor relying upon its promises to pay LYNEER for its employees. The Debtor has admittedly failed to pay LYNEER causing substantial post petition damages to LYNEER. There is no legal or factual opposition to the present motion which should accordingly be granted. The Debtor's and the COMMITTEE's suggestion that the Debtor should be permitted to enforce a provision of the staffing agreement to allow it to hire away LYNEER's employees after the Debtor has admittedly breached the staffing agreement is without legal merit and should be denied.

Respectfully Submitted:

RENTTO & RENTTO
Professional Law Corporation

By: _____
Robert L. Rentto
David A. Rentto
Attorneys for Creditor LYNEER STAFFING SOLUTIONS, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3517 Camino del Rio South, Suite 412, San Diego, CA 92108

A true and correct copy of the foregoing document entitled (*specify*): _____
Reply Memorandum of Points and Authorities in Support of Motion for Relief from Stay to Terminate Assigned
Employees
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/24/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHMENT A - ELECTRONIC SERVICE LIST

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 07/24/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Victoria Kaufman
United States Bankruptcy Court, Central District of California
21041 Burbank Blvd., Suite 354/Courtroom 301
Woodland Hills, CA 91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/24/2024 | Jennifer DuPont | *Jennifer DuPont* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

## ATTACHMENT A
## ELECTRONIC MAIL NOTICE LIST
## MR. TORTILLA CASE NO. 1:24-bk-10228-VK

Counsel for Debtor: Michael Jay Berger
michael.berger@bankruptcypower.com; yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com

U.S. Trustee: Katherine Bunker
kate.bunker@usdoj.gov

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Official Committee of Unsecured Creditors Jeffery D. Hermann
jhermann@orrick.com; casestream@ecf.courtdrive.com